| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | |
|---|---|
| SHOLEM WEISNER,<br>                               Plaintiff,<br>-against-<br>GOOGLE LLC,<br>                              Defendant. | Case No.: 20-cv-02862<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Sholem Weisner ("Weisner") for his Complaint against Defendant Google LLC for Patent Infringement and Demand for Jury Trial alleges as follows:

## THE PARTIES

1. Weisner is an individual having his residence at 227 Hewes Street, Brooklyn, New York 11211.

2. Google LLC ("Google") is a Delaware Limited Liability Company with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA 94043. Google has registered with the New York State Department of State as a Foreign Limited Liability Company and has identified the Corporation Service Company, 80 State Street, Albany, New York, 12207-2543 as its Agent for Service of Process.

3. Upon information and belief, Google LLC. maintains large offices in this District at 111 Eighth Avenue, New York, New York and/or other New York City locations.

## JURISDICTION AND VENUE

4. This action arises under the Patent Act, 35 U.S.C. § 101 *et seq*. This Court has original and exclusive subject matter jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1338.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b).

6. This Court has personal jurisdiction over Google. Google has committed acts of infringement in this District and has a regular and established place of business in this District. For example, Google regularly and continuously does business in this District and has infringed or induced infringement or contributorily infringed, and continues to do so, in this District. Upon information and belief, Google maintains an office within this District (New York, New York). Defendants' office in New York, New York is a

regular and established place of business. In addition, the Court has personal jurisdiction over Google because minimum contacts have been established with the forum and the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

## GOOGLE'S PATENT INFRINGEMENT

7. On August 13, 2019, the United States Patent and Trademark Office ("the USPTO") issued United States Patent No. 10,380,202, entitled Physical Location History With URL and Positioning System (the '202 Patent). A true and correct copy of the '202 patent is attached to this Complaint as **Exhibit A**.

8. Independent claims 1 and 14 are exemplary claims of the '202 Patent. Claim 1 states:

A method of creating and/or using physical location histories, comprising:

maintaining a processing system that is connected to a telecommunications network and configured to provide an account to an individual member and to a stationary vendor member of a member network;

providing an application that configures a handheld mobile communication device of each individual member of a member network to, upon instances of a physical encounter between the individual member and the stationary vendor member of a plurality of stationary vendor members of the member network at a physical premises of the stationary vendor member, a location of the physical encounter determined by a positioning system in communication with either the handheld mobile communication device or a communication device of the stationary vendor member, and upon acceptance by the handheld mobile communication device of the individual member of an automatic proposal from the stationary vendor member, transmit a URL of the stationary vendor member and a URL of the individual member to the processing system automatically, thereby generating a location history entry, in at least the account of the individual member, that includes (i) the URL of, and a location of, the stationary vendor member, (ii) a time and date of the physical encounter, and (iii) an identity or the account of the individual member and of the stationary vendor member,

the URL of the individual member associated with the individual member before the physical encounter between the individual member and the stationary vendor member;

the application maintaining a viewable physical encounter history on the handheld mobile communication device that includes URLs from multiple stationary vendor members and is searchable from the handheld mobile communication device (i) by URL of the individual member and of the stationary vendor member, (ii) by geographic location, and (iii) by time of the physical encounter,

maintaining, using the processing system, a database of physical encounter histories of members of the member network whose accounts received the location history entry that was generated during the physical encounters, the individual member's account having data transfer privileges that allow the physical encounter history to be accumulated through transmission of location history entries from multiple handheld mobile communication devices of the individual member over time; and

wherein the physical encounter history of a particular individual member includes at least one visual timeline of physical encounters of the particular individual member.

9. Independent Claim 14 states: A system for creating and/or using physical location histories, comprising:

a processing system connected to a telecommunications network and to a positioning system and configured to provide an account to an individual member and to a stationary vendor member of a member network;

an application that configures a handheld mobile communication device of each individual member of the member network to, upon instances of a physical encounter between the individual member and the stationary vendor member of a plurality of stationary vendor members of the member network at a physical premises of the stationary vendor member, the physical encounter recognized by the handheld mobile communication device upon receiving a short range communication from a transmitting device of the stationary member, transmit a URL of the stationary vendor member and a URL of the individual member to the processing system automatically as a result of the physical encounter at the physical premises, thereby generating a location history entry, in at least the account of the individual member, that includes (i) the URL of, and a location of, the stationary vendor member, (ii) a time and date of the physical encounter, and (iii) an identity or the account of the individual member and of the stationary vendor member,

the URL of the individual member associated with the individual member before the physical encounter between the individual member and the stationary vendor member, a location of the individual member at the physical premises determined by a positioning system or by the key data of the stationary vendor member;

each application configured to maintain a viewable physical encounter history on the handheld mobile communication device that includes URLs from multiple stationary vendor members and is searchable from the handheld mobile communication device (i) by URL of the individual member and of the stationary vendor member, (ii) by geographic location, and (iii) by time of the physical encounter, the individual member's account having data transfer privileges that allow the physical encounter history to be accumulated through transmission of location history entries from multiple handheld mobile communication devices of the individual member over time;

the processing system including a database of physical encounter histories of members of the member network whose accounts received the location history entry that was generated,

wherein the physical encounter history of a particular individual member includes at least one visual timeline of physical encounters of the particular individual member.

10. The '202 Patent is generally directed to a method and a system of creating and/or using physical location histories. One of the ways this is accomplished is by combining physical encounters between individual members and stationary vendor members of a network at the physical premises of the stationary vendor member in the 'brick and mortar' world with mobile web identifiers of the cyber world.

11. The '202 Patent was issued to Weisner and to Shmuel Nemanov ("Nemanov"). On or about July 9, 2019 Weisner and Nemanov executed an "Agreement Between Owners of Undivided Interests in the Patent" ("Agreement Between Owners"), under which Weisner, as the majority owner of the undivided interest in certain patents and patent applications including the application that matured into the '202 Patent, has exclusive rights to sue for patent infringement of the '202 Patent. A copy of the "Agreement Between Owners" was recorded on or about September 4, 2019 in the U.S. Patent & Trademark Office Assignment Records under Reel/Frame 050259/0564 and is attached herein to the Complaint as **Exhibit B**.

12. The '202 Patent is currently in full force and effect and has not expired or been abandoned, and there are no known prior adjudications of invalidity of any of the claims of the '202 Patent.

**Defendant Google's Infringement of the '202 Patent**

13. Google is making, using and/or selling a copycat method and/or system of creating and/or using physical location histories as claimed in the '202 Patent.

14. Google literally infringes at least claims 1-7 and 14-18 of the '202 Patent. Google's infringement of the '202 Patent occurs through its Google Maps feature. Google Maps contains a "Your Timeline" and "Your Places" feature(s) that infringe the '202 Patent.

**Weisner's Notice of Infringement to Google**

15. Google is well aware of the '202 Patent and has continued its unauthorized infringing activity despite this knowledge. Weisner gave written notice to Google of its infringement of the '202 Patent on or about July 1, 2019. Weisner attempted, albeit

unsuccessfully, to actively engage in good faith negotiations for approximately half a year with Google regarding the '202 Patent, including signing a Nondisclosure Agreement and having a number of telephonic meetings and including sending Google a claim chart outlining in detail its infringement of claims 1-7 and 14-18 on an element-by-element basis. Google did not provide a detailed refutation of infringement as to any claims of the claim chart that Weisner sent Google. As such, Google has continued to willfully, wantonly, and deliberately engage in acts of infringement of the '202 Patent permitting increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

16. As a result of Google's infringement, Weisner has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.

17. Weisner has produced a module for a software product that exploits the '202 Patent and as such Google and Weisner both compete in respect to software and/or other products that exploit the '202 Patent.

18. Google's infringement of the '202 Patent causes harm to Weisner in the form of price erosion, loss of goodwill, damage to reputation, loss of business opportunities, inadequacy of money damages, and direct and indirect competition.

19. Monetary damages alone are likely to be shown as insufficient to compensate Weisner for these harms. Accordingly, Weisner is entitled to injunctive relief against Google's future acts of infringement, including manufacture, sale, and importation.

20. Google's infringement of the '202 Patent also has injured and continues to injure Weisner in an amount to be proven at trial, but not less than a reasonable royalty.

**Google's Knowledge of the '202 Patent and Willful Patent Infringement**

21. Google has actual knowledge of and about the '202 Patent and had such knowledge before the filing of this Complaint.

22. In a Cease and Desist Letter dated July 1, 2019, Weisner informed Google that Google would infringe the then-allowed claims of the '202 Patent once said claims issue several weeks later if Google continues to make, use, offer to sell and/or sell its "Your Timeline" and "Your Places" feature(s) under Google Maps that literally infringe each

and every one of the claim elements of independent method claim 1 and of independent system claim 14 as well as of at least several dependent claims.

23. In his July 1, 2019 Cease and Desist Letter Weisner informed Google that "once a U.S. patent issues on the attached allowed claims", it had "to cease and desist from making, using, selling, offering to sell in the United States, or importing into the United States, any features, methods, systems or devices that infringe any of the claims of the patent including ceasing and desisting from any further making, using, selling or offering to sell in the U.S., or importing into the U.S., of Google's "Your Timeline" feature under Google Maps or Google's "Your Places" feature under Google Maps" and that "failure to comply with the above would result in Google infringing the Patent Act at 35 U.S. Code § 271(a), a statute that provides for damages for infringement in no event less than a reasonable royalty, including, where appropriate, increased damages up to three times the amount found or assessed, as well as injunctive relief, preliminary and permanent."

24. Google acknowledged receiving the July 1, 2019 Cease and Desist Letter on or about July 13, 2019.

25. On information and belief, Google also had knowledge of the '202 patent prior to the July 1, 2019 Cease and Desist Letter.

26. In sum, Google was aware of the '202 Patent but intentionally embarked upon and continued its unauthorized infringing activity despite this knowledge.

27. Google has been making, using, offering for sale, and/or selling products that infringe the '202 Patent, and, despite Weisner's Cease and Desist Letter and additional pre-suit communications, Google continues to do so in blatant and reckless disregard of Weisner's patent rights.

28. Google has acted recklessly and continues to willfully, wantonly, and deliberately engage in acts of infringement of the '202 Patent, justifying an award to Weisner of increased damages under 35 U.S.C. § 284, attorneys' fees and costs incurred under 35 U.S.C. § 285, and other remedies that the Court may impose.

## Count I

## Patent Infringement Pursuant to 35 U.S.C. § 271(a)

29. Weisner repeats, realleges, and incorporates by reference, as if fully set forth

herein, the allegations of the preceding Complaint Paragraphs 1 through 28, as set forth above.

30. Google has infringed and continues to infringe at least claims 1-7 and 14-18 of the '202 Patent in violation of 35 U.S.C. § 271(a).

31. Google's infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

## Count II

### Patent Infringement Pursuant to 35 U.S.C. § 271(b)

32. Weisner repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs 1 through 31, as set forth above.

33. Upon information and belief, Google has induced infringement and continues to induce infringement of at least claims 1-7 of the '202 Patent in violation of 35 U.S.C. § 271(b).

34. In addition to directly infringing the '202 Patent, Google has indirectly infringed the '202 Patent pursuant to 35 U.S.C. § 271(b) by instructing, directing and/or requiring others, including customers, purchasers, users and developers, to perform one or more of the steps of the method claims 1-7 either literally or under the doctrine of equivalents, of the '202 Patent, where all of the steps of the method claims 1-7 are performed by either Google, its customers, purchasers, users, and developers, or some combination thereof. Google knew or was willfully blind to the fact that they were inducing others, including customers, purchasers, users, and developers, to infringe by practicing, either themselves or in conjunction with Google, one or more of method claims 1-7 of the '202 Patent.

35. Google's inducement to infringe is based upon literal infringement or infringement under the doctrine of equivalents, or both.

### Patent Infringement Pursuant to 35 U.S.C. § 271(c)

36. Weisner repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the Complaint Paragraphs 1 through 35, as set forth above.

37. Upon information and belief, Google has contributorily infringed and continues to contributorily infringe at least claims 14-18 of the '202 Patent in violation of 35 U.S.C. § 271(c).

38. In addition to directly infringing the '202 Patent, Google has indirectly infringed the '202 Patent pursuant to 35 U.S.C. § 271(c) by selling to its customers, purchasers, users, and developers, their applications and/or other products, the applications and/or other products being a component or components of the patented system of claims 14-18, knowing the application and/or other products to be especially made or especially adapted for use in an infringement of such '202 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

39. Google's contributory infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, Weisner requests judgment in his favor and relief as follows:

A. An entry of judgment that Google has infringed and is infringing the '202 Patent; and has induced infringement and is inducing infringement the '202 Patent; and has contributorily infringed and continues to contributorily infringe the '202 Patent;

B. A preliminary and permanent injunction against Google and its officers, employees, agents, servants, attorneys, instrumentalities, and/or those in privity with them, from infringing the '202 Patent, and for all further and proper injunctive relief pursuant to 35 U.S.C. § 283;

C. An award to Weisner of such past damages through the date of judgment, not less than a reasonable royalty, as it shall prove at trial or otherwise against Google in an amount adequate to fully compensate Weisner for Google's infringement of the '202 Patent;

D. A determination that Google's infringement has been willful, wanton, and deliberate and that the damages against Google be increased up to treble on this basis or for any other basis in accordance with the law;

E. A finding that this case is "exceptional" and an award to Weisner of his costs and reasonable attorneys' fees, as provided by 35 U.S.C. § 285;

F. An accounting of all infringing sales and revenues, together with post judgment interest and prejudgment interest and costs from the first date of infringement of the '202 Patent; and

G. Such further and other relief as the Court may deem proper and just.

## DEMAND FOR JURY TRIAL

Weisner demands a trial by jury of all issues so triable by right under Rule 38 of the Federal Rules of Civil Procedure.

Dated: April 6, 2020                            Respectfully submitted

                                                     <u>/s/ Jacob Ginsburg</u>
                                                     Jacob Ginsburg, Esq.
                                                     Jacob Ginsburg, Esq. PLLC
                                                     One Concord Drive
                                                     Monsey, NY 10952
                                                     (845) 371-1914
                                                     jg@jacobginsburglaw.com
                                                     Attorney for Plaintiff  Sholem Weisner