## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SHOLEM WEISNER,**<br><br>        **Plaintiff,**<br><br>   **v.**<br><br>**GOOGLE LLC and SHMUEL NEMANOV,**<br><br>       **Defendant and Involuntary Party.** | **Civil Action No. 20-cv-02862-AKH**<br><br>**ECF CASE** |

### SHMUEL NEMANOV'S MEMORANDUM OF LAW
### <u>IN SUPPORT OF MOTION TO REALIGN THE PARTIES</u>

**STERN & SCHURIN LLP**
Richard S. Schurin
Steven Stern
Penina Green

Dated:  August 14, 2020
       Garden City, New York

## INTRODUCTION

Involuntary Party, Shmuel Nemanov ("Nemanov") submits this Memorandum of Law and the accompanying Declaration of Penina Green and exhibits attached thereto in Support of his Motion to Realign the Parties, seeking an Order to realign Nemanov as a co-plaintiff in this litigation.  Nemanov is (at least) a co-owner of the asserted patents, namely, United States Patent 10380202 ("the '202 patent"), United States Patent 10394905 ("the '905 patent"), United States Patent 10642911 ("the '911 patent"), and United States Patent 10642910 ("the '910 patent") (collectively "the Asserted Patents").  Since Nemanov has an ownership interest in all of the Asserted Patents, he must be joined to this suit as a co-plaintiff in order for this patent infringement case against Google to proceed.

## STATEMENT OF FACTS

Plaintiff Sholem Weisner ("Weisner") and Nemanov are alleged co-owners of the Asserted Patents that are being asserted against Google in this litigation. *See Green Decl.*, **Exhibit A, Exhibit D, Exhibit E and Exhibit F**.  On or about June 11, 2020, counsel for Weisner contacted counsel for Nemanov, requesting confirmation that Nemanov will "participate" and "cooperate" in this litigation. *See Green Decl.*, **Exhibit B**, Email dated June 11, 2020 from Jacob Ginsburg to Steven Stern.  Steven Stern, counsel for Nemanov, confirmed that Nemanov will "participate and cooperate" in the litigation against Google to assert the '202 patent, which was the only asserted patent at the time. *Id.*

Despite counsel's explicit assent confirming that Nemanov will participate and cooperate as a co-plaintiff in this litigation, Weisner filed a First Amended Complaint on June 18, 2020, naming Nemanov as an Involuntary Party.  In particular, the First Amended Complaint alleges that Nemanov has been joined as an involuntary party under Rule 19(a) of the Federal Rules for Civil

Procedure due to Nemanov's refusal to join the suit pursuant to the terms of a July 9, 2019 agreement between Weisner and Nemanov concerning ownership of United States Patent Application No. 11/811,165, now issued as United States Patent 10146871 ("the '871 patent"), and all continuation applications relating thereto. *See Green Decl.*, **Exhibit C**, July 9, 2019 Agreement (hereinafter "the Agreement").  As is apparent from counsels' email exchanges, Nemanov disputes the validity of the Agreement and refuses to concede that its terms are binding. However, in a misguided effort to strongarm Nemanov's assent to the terms of the Agreement, Weisner named Nemanov to this suit as an "Involuntary Party" instead of as a "Plaintiff," hoping that doing so would resolve the dispute regarding the Agreement in favor of Weisner.  The validity of the alleged Agreement is currently the subject of a concurrently pending action in New York State Supreme Court, Kings County, entitled *Weisner v. Nemanov, et al.*, Index No. 502269/2020.

Although Nemanov has disputed the validity of the Agreement, Nemanov has indeed consented to be joined as a co-plaintiff in this patent infringement suit against Google.  In other words, notwithstanding the pending dispute in state court pertaining to invalidity of the purported Agreement between Weisner and Nemonov, Nemanov has agreed to "participate and cooperate" in this litigation as a co-owner of  the '202 patent.  And, since the First Amended Complaint also asserts claims of infringement against Google of the '905 patent, the '911 patent, and the '910 patent, Nemanov agrees to join this lawsuit in asserting these patents against Google as well.

## ARGUMENT

Realignment is necessary in this litigation in order to align the parties according to their true interests. In this particular case, Weisner and Nemanov have not asserted claims against one another. Rather, Weisner and Nemanov are the co-owners of record of the Asserted Patents, and together they have infringement claims to assert against Google. Nemanov has previously agreed

to participate and cooperate in this infringement action as a co-owner of the '202 patent, and Nemanov likewise agrees to participate and cooperate in this litigation as a co-owner of the other Asserted Patents as well.  Thus, the interests in this case are quite clear, Weisner and Nemanov are patent co-owners seeking to enforce their patent rights against Google.

Realignment of the parties is governed by the "collision of interests" test adopted by the Second Circuit in *Maryland Casualty Co. v. W.R. Grace & Co*., 23 F.3d 617, 622 (2d Cir. 1993). Under this test, there must exist "an actual, substantial controversy, or a collision of interests" for parties to be aligned as adversaries in a litigation. *Id.*  In making a determination on how to align the parties, the Court must look beyond the pleadings and realign the parties "according to their real interests so as to produce an actual collision of interests." *Id.,* (quoting *Lewis v. Odell*, 503 F.2d 445, 447 (2d Cir. 1974)); *see also, Indianapolis v. Chase National Bank,* 314 U.S. 63, 69, 86 L. Ed. 47, 62 S. Ct. 15 (1941); *Viropro, Inc. v. PricewaterhouseCoopers Advisory Servs. Sdn Bhd,* 2015 U.S. Dist. LEXIS 133748, *2 (S.D.N.Y. September 30, 2015). Realignment is "a practical not a mechanical determination and is resolved by the pleadings and the nature of the dispute." *Lewis*, 503 F.2d at 446-47 (citation omitted).  In applying the test, a court examines "the realities of the record to discover the real interests of the parties." *Maryland Cas. Co.*, 23 F.3d at 623 (citation omitted); *Indianapolis*, 314 U.S. at 69.

Here, Weisner has alleged that Nemanov is an involuntary party despite Nemanov's prior consent to join in this infringement action voluntarily as a co-plaintiff.  As co-owners of the Asserted Patents, the real interests of Weisner and Nemanov in this case appear to be fully aligned against Google.  Weisner's and Nemanov's interests in pursing their claims of infringement against Google and in defending against any charges of invalidity by Google are aligned, notwithstanding other disputes that exist between Weisner and Nemanov, which are being address in state court.

Since there are no substantive claims asserted against Nemanov in this patent infringement case, there is no "actual, substantial controversy, or a collision of interests" between Weisner and Nemanov in this litigation. *Maryland Cas. Co.*, 23 F.3d at 622. Indeed, in the First Amended Complaint, Weisner confirms this to be true. *See, First Amended Complaint,* ¶¶ 10-13, D.E. 15. Therefore, realignment of Nemanov as a co-plaintiff with Weisner is appropriate.

In view of the foregoing,  it is abundantly clear that Nemanov never should have been named as an Involuntary Party to begin with in this case.  As is apparent from the First Amended Complaint, no claims have been made against Nemanov in this litigation and the sole claims in this litigation constitute direct and indirect patent infringement claims against Google.  Moreover, based on the allegations in the First Amended Complaint, Weisner has essentially conceded that realignment of Nemanov as a co-plaintiff would be appropriate due to his co-ownership of certain patents with Weisner. *See First Amended Complaint,* ¶¶ 8, 14, D.E. 15.  In view of the foregoing, Nemanov seeks realignment so that he may be named as a co-plaintiff in this litigation.

## CONCLUSION

For the foregoing reasons, Nemanov respectfully requests that this Court enter an Order realigning Nemanov as a co-plaintiff and for such other and further relief as the Court deems proper.

                                                            STERN & SCHURIN LLP

                                                            By: *Steven Stern*
                                                            Steven Stern (SS 5203)
                                                                 sstern@sternschurin.com
                                                            Richard Schurin (RS 0199)
                                                                 rschurin@sternschurin.com
                                                            *Attorneys for Shmuel Nemanov*
                                                            595 Stewart Avenue
                                                            Suite 510
                                                            Garden City, New York 11530

4

Telephone: (516) 248-0300
Facsimile: (516) 283-0277

Dated: August 14, 2020
        Garden City, New York