| **UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK** | |
|---|---|
| SHOLEM WEISNER,<br><br>             Plaintiff,<br>-against-<br><br>GOOGLE LLC and SHMUEL NEMANOV,<br><br>             Defendant and Involuntary Party. | Case No.:  20-cv-02862- AKH |

# MEMORANDUM OF LAW
## IN SUPPORT OF PLAINTIFF'S OPPOSITION AND CROSS-MOTION

JACOB GINSBURG, ESQ. PLLC
Attorney for Plaintiff
One Concord Drive
Monsey, NY 10952
(845) 371-1914

**Of Counsel:**
JACOB GINSBURG, ESQ.

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ i

TABLE OF AUTHORITIES ........................................................................................ ii

PRELIMINARY STATEMENT .................................................................................. 1

**Plaintiff's First Amended Patent Infringement Complaint** .............................. 3

**Weisner v. Nemanov Verified State Court Complaint** ...................................... 4

**Nemanov's post State Court Hearing recalcitrance** ......................................... 6

**Under State Law Nemanov's  default of answer has admitted the  validity of Agreement** ....... 7

**The Parties' Agreement is governed purely by state law** ................................. 8

**Nemanov only has a right to be paid under the Agreement** ............................. 9

**Because of the Agreement  Nemanov is not a 35 U.S.C. 262 Patent Owner** ........................ 10

**Plaintiff's Counsel's email puts the lie to Nemanov's "co-owner/co-plaintiff" argument** ....... 10

**Nemanov has no right to participate in the lawsuit and should not be realigned or joined** 13

**Arugendo, Nemanov may be joined as an Involuntary Plaintiff  at any time** ...................... 14

**Nemanov's Memo of Law misses the mark** .......................................................... 15

**Judicial Notice Requested of State Court Docket and Submissions between the Parties** .... 19

**CONCLUSION** .................................................................................................... 20

## TABLE OF AUTHORITIES

**Cases**

425 E. 26th St. Owners Corp. v Beaton, 128 A.D.3d 766, 769, 10 N.Y.S.3d 127, 130, 2015 N.Y. App. Div. LEXIS 4023, *5-6, 2015 NY Slip Op 04092, 1 ...................................................... 8

Agilent Techs., Inc. v. Micromuse, Inc., 2004 U.S. Dist. LEXIS 20723, *21, 2004 WL 2346152 ...................................................................................................................................................... 11

Becher v. Contoure Labs., Inc., 279 U.S. 388, 73 L. Ed. 752, 49 S. Ct. 356 (1929)..................... 9

Beghin-Say Int'l, Inc. v. Ole-Bendt Rasmussen, 733 F.2d 1568, 221 U.S.P.Q. (BNA) 1121 (Fed. Cir. 1984)................................................................................................................................... 9

Christianson v. Colt Indus. Operating Corp., 822 F.2d 1544, 1552, 3 U.S.P.Q.2D (BNA) 1241, 1246-47 (Fed. Cir. 1987), vacated on jurisdictional grounds and remanded, 486 U.S. 800, 7 U.S.P.Q.2D (BNA) 1109, 100 L. Ed. 2d 811, 108 S. Ct. 2166 (1988)....................................... 9

Cilco, Inc. v. Copeland Intralenses, Inc., 614 F. Supp. 431, 434, 1985 U.S. Dist. LEXIS 17415, *7, 227 U.S.P.Q. (BNA) 168, 170 ....................................................................................... 13

Crude Co. v. U.S. Dept. of Energy, 189 F.R.D. 1 (D.D.C. 1999) ................................................ 14

Erie R.R. v. Tompkins, 304 U.S. 64, 78, 82 L. Ed. 1188, 58 S. Ct. 817 (1938)............................ 8

Fed. R. Civ. Pro. 19(a)................................................................................................................... 1

Geneva Furniture Mfg. Co. v. S. Karpen Bros., 238 U.S. 254, 59 L. Ed. 1295, 35 S. Ct. 788 (1915) ....................................................................................................................................... 9

Glenwood Mason Supply Co., Inc. v. Frantellizzi, 138 AD3d 925, 926 (2d Dept. 2016) ............. 8

Hotel Employees & Rest. Employees Local 2 v. Vista Inn Mgmt. Co., 393 F. Supp. 2d 972, 977 (N.D. Cal. 2005)...................................................................................................................... 20

Independent Wireless Tel. Co. v. Radio Corp. of America, 269 U.S. 459, 460, 46 S. Ct. 166, 167, 70 L. Ed. 357, 359, 1926 U.S. LEXIS 360, *1 ........................................................................ 8

Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 68, 62 S. Ct. 15, 16, 86 L. Ed. 47, 49, 1941 U.S. LEXIS 1087, *1 ....................................................................................................................... 17

Jim Arnold Corp. v. Hydrotech Sys., 109 F.3d 1567, 1572, 1997 U.S. App. LEXIS 5467, *11-12, 42 U.S.P.Q.2D (BNA) 1119, 1123 ......................................................................................... 9

Leider v. Ralfe, 387 F. Supp. 2d 283, 289, 2005 U.S. Dist. LEXIS 945, *12, 2005-1 Trade Cas. (CCH) P74,683 ......................................................................................................................... 8

Lewis v. Odell, 503 F.2d 445, 446, 1974 U.S. App. LEXIS 6744, *1 ......................................... 17

Maryland Casualty Co. v. W.R. Grace & Co., 23 F.3d 617, 619, 1993 U.S. App. LEXIS 37885, *1, 29 Fed. R. Serv. 3d (Callaghan) 129, 24 ELR 20968 ........................................................ 16

Mentor H/S, Inc. v. Medical Device Alliance, Inc., 240 F.3d 1016, 1019 (Fed. Cir. 2001) ......... 14

Michaels of ...................................................................................................................................... 11

Michaels of  Oregon, Co. v. Mil-Tech, Inc., 1995 U.S. Dist. LEXIS 20875, at **2-8, 38 U.S.P.Q.2d 1060 (D. ............................................................................................................. 11

Michaels of Oregon, Co. v. Mil-Tech, Inc., 1995 U.S. Dist. LEXIS 20875, at **2-8, 38 U.S.P.Q.2d 1060 (D.Ore. 1995)............................................................................................. 12

New Marshall Engine Co. v.  Marshall Engine Co., 223 U.S. 473, 56 L. Ed. 513, 32 S. Ct. 238 (1912)...................................................................................................................................... 9

Schwarzkopf Development Corp. v. Ti-Coating, Inc., 800 F.2d 240, 231 U.S.P.Q. (BNA) 47 (Fed. Cir. 1986)........................................................................................................................ 9

STC.UNM v. Intel Corp., 767 F.3d 1351, 1354, 2014 U.S. App. LEXIS 17831, *6-7, 112 U.S.P.Q.2D (BNA) 1294, 1297 ............................................................................................. 14

Weisner v. Nemanov, et al.  (Kings County Index #502269/2020)................................................ 1

Weisner v. Nemanov, et al., Index No. 502269/2020 ................................................... 18
Willingham v. Lawton, 555 F.2d 1340, 1345, 1977 U.S. App. LEXIS 13221, *13-14, 194
    U.S.P.Q. (BNA) 249, 253, 23 Fed. R. Serv. 2d (Callaghan) 447 ............................... 13

**Statutes**
35 U.S.C. § 154 .......................................................................................................... 12
35 U.S.C. §262 ..................................................................................................... 10, 16
CPLR §105 ................................................................................................................... 2
Fed. R. Evid. 201(b) ................................................................................................... 20

**PRELIMINARY STATEMENT**

Plaintiff submits this Memorandum of Law  in Opposition to Involuntary Party

Nemanov's Motion (ECF #s 27-30 "Nemanov" and "Nemanov's Motion").

Plaintiff also submits this Memorandum of Law  in support of Plaintiff's Cross-Motion:

a) for an Order confirming Nemanov is not a Fed. R. Civ. Pro. Rule 19 Necessary Party, need not

be named, and may be dismissed/removed from the First Amended Complaint, or alternatively,

b) that if arguendo Nemanov was a Rule 19(a) Necessary Party, he should be realigned if at all as

an Involuntary Plaintiff  because for reasons best known to him Nemanov has continually,

wrongfully, sabotaged Plaintiff's ability to practice his Patents and Art with the right to solely

bring suit for Patent Infringement.  That could be done at any stage of the litigation

In essence, Nemanov Moves to join the Plaintiff's lawsuit against Defendant Google as a

co-Plaintiff, i.e. as a "co-owner", with all the rights he waived in his Agreement with Plaintiff.

That Agreement, styled as an "Agreement between Owners of Undivided Interests in the Patent"

("Agreement") is attached hereto as Exhibit A and was filed herein at ECF #15-2.  In the

Agreement Nemanov became debarred as an owner and only retained a right to be paid.

35 U.S.C §262 and Patent Case law confirm that waiver is valid per an Agreement between

"joint-inventors".

Pursuant to the Agreement Nemanov has no right to litigate.  Because Nemanov has

effectively waived the bundle of rights that identify Patent "ownership" Nemanov is therefore

not even a Fed. R. Civ. Pro. 19(a) Necessary Party.  Plaintiff Cross-Moves for an Order that

Plaintiff may proceed without Nemanov herein.

**Procedural Background**

In Weisner v. Nemanov, et al.  (Kings County Index #502269/2020) ("State Court

Action")  after Nemanov effectively sabotaged negotiations with Google (referred to in the Complaint as a Third Party LLC), Plaintiff filed a Verified State Court Complaint ("Verified State Court Complaint") which sought Injunctive Relief, Declaratory Relief that Nemanov breached the  Agreement, an order compelling Nemanov to comply with the Agreement, and enjoin his continued breach of the Agreement.

A copy of the Verified State Court Complaint is annexed hereto as Exhibit B. Under applicable New York State Law, the Verified State Court Complaint is an Affidavit and submitted  herein as such in support of Plaintiff's Opposition and Cross-Motion. CPLR §105 (a "verified pleading" may be utilized as an affidavit whenever the latter is required).

A copy of the Agreement filed in support of the Verified State Court Complaint is annexed hereto as Exhibit C.[1]

The New York State Courts Electronic Filing ("NYSCEF") Docket for the Plaintiff's State Court Action against Nemanov et al is attached hereto as Exhibit D.

Nemanov and the other State Court Action Defendants were served and are in Default of Answer. Attached hereto as Exhibit E are the Affidavits of Service on Nemanov and the other Defendants that were filed on the NYSCEF State Court Docket. Nemanov (and the other Defendants') Default of Answer means that Nemanov and the other Defendants are deemed to have admitted *inter alia* the validity of the Agreement.  That state law admission binds a federal court because state law governs agreements of and concerning Patents.

Plaintiff commenced this action, as the sole plaintiff, on April 6, 2020, alleging infringement of the '202 Patent by Defendant Google.  Nemanov was not included in the Complaint because under Plaintiff's Agreement with Nemanov,  Plaintiff as owner of a 78%

---

[1]  Exhibits A and  C are the same Agreement.  Exhibit A is filed herein at ECF #15-2;  prior to that at ECF #1-2.

majority of an undivided interest in the Patents is the sole individual with the right to sue for infringement. Thus, Nemanov's joinder was unnecessary.

Thereafter, Plaintiff filed his First Amended Complaint on June 16, 2020. In an exercise of caution, Plaintiff included Nemanov as an Involuntary Party in order to ask the Court to realign Nemanov as an Involuntary Plaintiff by virtue of the parties' Agreement. However, Plaintiff believes that given that Agreement, Nemanov is not a Necessary Party under Rule 19.

### Plaintiff's First Amended Patent Infringement Complaint

Plaintiff's First Amended Complaint (ECF #15 states):

> 8.  Nemanov is an owner of a minority, undivided interest in certain of Plaintiff Weisner's Patents pursuant to the Exhibit B Agreement Between Owners (infra).
>
> 9.  Under that Agreement, Plaintiff Weisner, as the majority owner of the undivided interest in certain patents and patent applications including those identified hereinbelow, has exclusive rights to sue for patent infringement.
>
> 10.  Nemanov has been joined as an involuntary party in this action, pursuant to Rule 19(a) of the Federal Rules of Civil Procedure. *See* Indep. Wireless Tel. Co. v. Radio Corp. of Am., 269 U.S. 459, 468 (1926) ("If the owner of a patent, being within the jurisdiction, refuses or is unable to join an exclusive licensee as coplaintiff, the licensee may make him a party defendant by process, and [*3] he will be lined up by the court in the party character which he should assume."); AsymmetRx, Inv. v. Biocare Med., 582 F.3d 1314, 1322 (Fed. Cir. 2009)("A patentee that does not voluntarily join an action prosecuted by its exclusive licensee can be joined as a defendant ...." (citation omitted)); Int'l Rediscount Corp. v. Hartford Accident & Indem. Co., 425 F. Supp. 669, 674-75 (D. Del. 1997)("An involuntary plaintiff is a party who is obligated to assist in prosecuting an action or to permit its name to be used but refuses to do so and who is thereafter joined … If a party is subject to service, however, it is not joined as an 'involuntary plaintiff.' Rather, it is served, joined as a defendant, and then realigned by the Court in the 'character which [it] should assume.'").
>
> 11.  Demand has been made on Nemanov pursuant to the Plaintiff's Agreement with Nemanov a true copy of which is annexed hereto as Exhibit B.
>
> 12.  Nemanov has refused to join the Amended Complaint pursuant to the Exhibit B Agreement.
>
> 13.  Due to Nemanov's breach of and repudiation of the Exhibit B Agreement, Plaintiff has sued Nemanov et al in that certain State Court proceeding styled as Weisner v. Nemanov, et al. (Kings County Index #502269/2020).
>
> 14.  Nemanov is subject to service in New York because he is a resident of Kings County, New York. After Nemanov has been served with the Amended Complaint, Plaintiff will respectfully request that the Court realign Nemanov as a co-plaintiff.

Nemanov's Moving papers fully mischaracterize Nemanov, whose misconduct and breach of the parties Agreement (ECF #15-2), resulted in Weisner v. Nemanov, et al. (Kings County Index #502269/2020).

## Weisner v. Nemanov Verified State Court Complaint

As set forth in the Verified State Court Complaint (Exhibit B):

a)   Plaintiff is permitted to unilaterally conduct negotiations with the Third Party LLC (Major Player in the World and USA Economy) or others for the sale of 100% of the Patent, or for a Royalty or License Agreement from the Third Party LLC's use of the Patent without further interference by Defendant Nemanov. (¶9(d)) .

b)   Defendant NEMANOV has falsely held  himself out as a majority owner of the Patents to the Third Party LLC and others. (¶6)

c)   Defendants ITZHAK A/K/A ISAAC, KATAN, LURIA VENTURES, LLC, BSD GLOBAL EXPLORATION have acted, enabled, encouraged and assisted and acted in concert with Defendant Nemanov, to falsely hold Defendant Nemanov out to Third Party and others as a majority owner of the 11 Patents. (¶7)

9.    Defendants' Sabotage Narrative and Conduct was set forth in the Verified State Court

Complaint (Exhibit B):

---

27.    Beginning in 2007 through the Present, Plaintiff is a 78% owner of not less than 11 U.S. Patents including inter alia U.S. Patent  Application No. 16/175,876 for a Physical Location History With URL And Positioning System (collectively with the "Patent" -- "Patents").

28.    Defendant SHMUEL NEMANOV claims an interest of not more than 22% in each individual Patent.

29.    Attached hereto as Exhibit A is a true and correct copy of the Plaintiff's Agreement with Defendant NEMANOV.

30.    Based upon his Agreement (Exhibit A) with Defendant NEMANOV Plaintiff is the majority owner (78%) of an undivided interest in the Patents.

31.    Under the terms of the Agreement, Plaintiff can "force" Defendant NEMANOV to complete the sale of 100% ownership in the Patent by including the "minority owner's share in such sale", provided that

a)    the proceeds shall be divided in accordance with the owners' respective percentages in the undivided interest in the Patent,

b)    taking into consideration any agreement with other investors  for such other investor or investors to receive shares out of one or more of a particular owner's percentage

32.    Under the terms of the Agreement, Plaintiff is permitted to unilaterally – without interference by Defendant NEMANOV - conduct negotiations with Third Party or others for the sale of 100% of the Patent, or for a Royalty or License Agreement from the Third Party use of the Patent.

33.    On or about July 1, 2019 through New York and Israeli Patent Counsel, Plaintiff caused a Cease and Desist Letter to be served via public courier upon a Third Party LLC which advised of certain Third Party Practices which Plaintiff alleged to be infringing upon Plaintiff's Patent.

34.    A true and correct copy of the redacted Cease and Desist Letter is annexed hereto as Exhibit B.

35.    That Third Party LLC to whom the Cease and Desist Letter was delivered is a major player in today's World Economy and the U.S. Economy.  That Third Party LLC has not been identified herein because of a Non-Disclosure Agreement.

36.    Through Patent Counsel, Plaintiff as the owner of an undivided 78% interest in the 11 Patents, was the contact person identified for the negotiations with Third Party LLC.

---

4

37.    On or about September 19, 2019 a Non-Disclosure Agreement ("NDA") was entered into by and between Plaintiff, Third Party and Defendant SHMUEL NEMANOV ("NEMANOV").

38.    After execution of the NDA, a Claim Chart dated  October 31, 2019 of the Infringing Conduct was prepared and delivered to the Third Party LLC.

39.    Thereafter, Plaintiff through Patent Counsel began negotiations with the Third Party LLC for a Royalty or License Agreement with respect to the 11 Patents.

40.    Third Party LLC made Plaintiff an Offer of Licensing.

41.    Despite his minority 22% interest in the Patents, despite Plaintiff's 78% undivided interest in the Patents and Plaintiff's designation as contact person, in November, 2019 NEMANOV independently and wrongfully contacted Third Party LLC during the Third Party LLC negotiations and sabotaged the negotiations with Plaintiff.

42.    On or about December 9, 2019, the Luria Venture LLC Operating Agreement, as Amended and Restated ("Luria LLC and Luria OA") was entered into between Defendants Luria Venture LLC, NEMANOV and KATAN.

43.    On or about December 12, 2019 a valuation of the Infringement Damages and Royalties to address the same prepared by Plaintiff's experts totaled hundreds of millions of dollars for the 11 Patents.

44.    Thereafter, NEMANOV, aided, enabled and encouraged by the other Defendants falsely held himself out to Third Party LLC and others as a majority owner of the Patents or otherwise authorized to act as such, and exploited Plaintiff's Patent Rights for their wrongful financial gain.

45.    The Luria LLC was used by Defendants Luria LLC, NEMANOV and KATAN to interfere with Plaintiff's ownership and rights in the 11 Patents and have caused Plaintiff irreparable harm.

A copy of Plaintiff's Affirmation in support of  Plaintiff's Opposition and Cross-Motion ("Federal Court Affirmation") has been filed contemporaneously herewith and attached and incorporated fully  herein as Exhibit F.

Plaintiff's Federal Court Affirmation adopts, incorporates and annexes Plaintiff's State Court Emergency Affirmation (NYSCEF #5) and Supplemental Emergency Affirmation (NYSCEF #17) as Exhibits thereto.

Plaintiff's  State Court Affirmations identify and affirm Nemanov's Sabotage Narrative and Conduct identified in the Verified State Court Complaint(Exhibit B). Plaintiff's  State Court Affirmations  are annexed hereto as Exhibit G (NYSCEF #5)  and Exhibit H (NYSCEF #17) respectively.

Plaintiff's Verified State Court Complaint (Exhibit B) and State Court Affirmations (Exhibits G and H) identify Nemanov's successful efforts to Sabotage Plaintiff's Google negotiations.

Nemanov's repudiation of his Agreement, and his evident manipulation by the State Court Defendants renders him untrustworthy and particularly vulnerable and unfit to be a "co-Plaintiff" herein.

The Transcript of Hearing conducted on March 3, 2020 in the State Court Action is annexed hereto as <u>Exhibit I</u>.  At the State Court hearing, Nemanov's Counsel refused to make a commitment that Nemanov would not interfere in the Patent Litigation.  (Id., passim.).

### Nemanov's post State Court Hearing recalcitrance

After the March 3, 2020 hearing by letter dated May 22, 2020 Plaintiff made a demand upon Nemanov to join the federal lawsuit pursuant to their Agreement.  A copy of that May 22, 2020 Demand is annexed hereto as <u>Exhibit J</u>.  That Demand was rejected by Nemanov because he did not want to be bound by the Agreement through which Nemanov inter alia granted Plaintiff the sole right to sue to enforce Plaintiff's Patents.

Instead, Nemanov's Counsel Spirgel emailed the undersigned a "one liner" Nemanov consent to join as Plaintiff that was not grounded in the Agreement.  That was rejected by Plaintiff. Attached as <u>Exhibit K</u> is a copy of that "one liner" consent.

Nemanov's State Court Counsel Spirgel's evident long-time acquaintance, Counsel Stern current Federal Patent Counsel for Nemanov evidently tried yet again to enable Nemanov to avoid his Agreement with Plaintiff.

Attached as <u>Exhibit L</u> is the full email correspondence between Counsel Stern and Plaintiff's Counsel.  Contrary to what Attorney Green argues it was Attorney Stern who first contacted Plaintiff's Attorney on June 10, 2020  (ECF #29 Green Aff. ¶4-5).[2]

---

[2] Green Aff. ¶4 states: "On June 11, 2020, counsel for Weisner contacted Stern & Schurin to request Nemanov's participation as a co-plaintiff in the current litigation."

The Nemanov's Counsel's Stern email correspondence with Plaintiff's Counsel clearly shows Nemanov's recalcitrance and continued refusal to join the within lawsuit as per his Agreement with Plaintiff.  Exhibit L, passim.

Given Nemanov's Sabotage Narrative and Conduct "track record", Nemanov can be expected to continue to disrupt, interfere, and sabotage the prosecution of the within Google lawsuit by Plaintiff.  Given the Agreement, Nemanov is not a Rule 19(a) necessary party and Nemanov's Sabotage Narrative and Conduct, the Court should grant Plaintiff's Cross-Motion by ordering that Nemanov is not a Rule 19(a) necessary party and that Plaintiff's lawsuit against Google may proceed without Nemanov.

**Under State Law Nemanov's  default of answer has admitted the  validity of Agreement**

Nemanov's Counsel is incorrect when she states in her Affirmation:

¶9. A true and correct copy of the purported July 9, 2019 agreement as recorded in the United States Patent and Trademark Office is attached hereto as Exhibit C. This agreement is currently in dispute and being challenged in New York State Supreme Court, King County in an action entitled Weisner v. Nemanov, et al., Index No. 502269/2020. (ECF #29 Green Aff. ¶9).

Contrary to what adversary Counsel Green said in her affirmation "This agreement" is not "currently in dispute and being challenged" in Weisner v. Nemanov, et al., Index No. 502269/2020.

In point of fact Nemanov and the other named Defendants are in Default of Answer. Exhibit D (the NYSCEF State Court Docket) and Exhibit E (the Affidavits of Service of the Summons and Verified State Court Complaint on Defendants Nemanov, et al in the State Court Case leaves no doubt that Nemanov and the other Defendants failed to answer and are in default.[3]

---

[3]  Nemanov is subject to the court's jurisdiction and therefore under applicable law was not named an involuntary Plaintiff, but rather an Involuntary Party. See Independent Wireless Tel. Co. v. Radio Corp. of America, 269 U.S.

Nemanov's counsel acknowledged service on Nemanov herein. (Green Aff. ¶7. "Upon information and belief, Nemanov was served on June 25, 2020.").

Under applicable law, because Nemanov is in default of answer,  the allegations of the Complaint including the Agreement provisions under which Nemanov waived his right to litigate, etc. and gave Plaintiff the sole right to litigate herein are deemed admitted by Nemanov: "A defendant who has defaulted in answering admits all traversable allegations in the complaint, including the basic allegation of liability." Glenwood Mason Supply Co., Inc. v. Frantellizzi, 138 AD3d 925, 926 (2d Dept. 2016); "By virtue of her default, Beaton is deemed to have admitted all factual allegations in the plaintiff's complaint, leaving only the question of damages." 425 E. 26th St. Owners Corp. v Beaton, 128 A.D.3d 766, 769, 10 N.Y.S.3d 127, 130, 2015 N.Y. App. Div. LEXIS 4023, *5-6, 2015 NY Slip Op 04092, 1;   It is a "settled principle that "except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state." Erie R.R. v. Tompkins, 304 U.S. 64, 78, 82 L. Ed. 1188, 58 S. Ct. 817 (1938)  cited by Leider v. Ralfe, 387 F. Supp. 2d 283, 289, 2005 U.S. Dist. LEXIS 945, *12, 2005-1 Trade Cas. (CCH) P74,683.  Therefore, Nemanov has admitted the validity of the Agreement and perforce is bound by its provisions which are the subject of state law.

### The Parties' Agreement is governed purely by state law

The validity of the Parties Agreement itself is governed purely by state law not federal patent law:  "It may seem strange at first blush that the question of whether a patent is valid and infringed ordinarily is one for federal courts, while the question of who owns the patent rights and on what terms typically is a question exclusively for state courts. Yet that long has been the law. It is well settled that if the patentee pleads a cause of action based on rights created by a contract, or on the common law of torts, the case is not one "arising under" the patent laws. See,

459, 460, 46 S. Ct. 166, 167, 70 L. Ed. 357, 359, 1926 U.S. LEXIS 360, *1.

e.g., New Marshall Engine Co. v. Marshall Engine Co., 223 U.S. 473, 56 L. Ed. 513, 32 S. Ct. 238 (1912) (state court has jurisdiction of suit for specific performance of contract to assign patent); Geneva Furniture Mfg. Co. v. S. Karpen Bros., 238 U.S. 254, 59 L. Ed. 1295, 35 S. Ct. 788 (1915) (upholding federal jurisdiction over part of a bill charging contributory infringement; rest of bill not sustainable because based on contract); Becher v. Contoure Labs., Inc., 279 U.S. 388, 73 L. Ed. 752, 49 S. Ct. 356 (1929) (explaining why state court has jurisdiction over bill to compel assignment of a patent tortiously secured by patentee). See also Schwarzkopf Development Corp. v. Ti-Coating, Inc., 800 F.2d 240, 231 U.S.P.Q. (BNA) 47 (Fed. Cir. 1986); Beghin-Say Int'l, Inc. v. Ole-Bendt Rasmussen, 733 F.2d 1568, 221 U.S.P.Q. (BNA) 1121 (Fed. Cir. 1984). See also Christianson v. Colt Indus. Operating Corp., 822 F.2d 1544, 1552, 3 U.S.P.Q.2D (BNA) 1241, 1246-47 (Fed. Cir. 1987), vacated on jurisdictional grounds and remanded, 486 U.S. 800, 7 U.S.P.Q.2D (BNA) 1109, 100 L. Ed. 2d 811, 108 S. Ct. 2166 (1988). Jim Arnold Corp. v. Hydrotech Sys., 109 F.3d 1567, 1572, 1997 U.S. App. LEXIS 5467, *11-12, 42 U.S.P.Q.2D (BNA) 1119, 1123."

Nemanov has no right to be a "co-Plaintiff" or "co-owner" because under the 35 U.S.C. 262 Agreement, his "rights" were waived, are non-existent, and are precluded and debarred by the Agreement.   Nemanov only has a right under the Agreement to be paid.

**<u>Nemanov only has a right to be paid under the Agreement</u>**

Plaintiff's Exhibit H (Supplemental State Court Affirmation ¶28) states:

> "I had told Katan that there was certainly consideration for the Agreement and explained in detail the tremendous time – years of my life -- in my creative labor and tremendous cost that went into the 11 Patents' Development. I further explained the Nemanov had: a) negotiated and b) agreed to be bound by the Agreement, c) take a minority interest that would pay him a percentage of profits only but d) had consented and agreed to give me sole control provided he was paid.  With both our comments and input our Agreement was put in final form by our Patent Attorney.  Nemanov and I signed the Agreement, it was notarized and filed with the USPO.")

Plaintiff and Nemanov's Agreement (<u>Exhibit A</u>) provides as follows:

WHEREAS Sholem Weisner owns a majority of the undivided interest in the Patent, namely 78%;

WHEREAS Shmuel Nemanov owns less than a majority of the undivided interest in the Patent, namely 22%;

WHEREAS Sholem Weisner and Shmeul Nemanov desire to attract investors who shall make investments in exchange for interests in profits from exploitation of the Patent, which interest shall not be undivided interests, and desitre to assure such potential investors that decisionmaking in regard to exploitation of the Patent will be controlled by the majority owner of the undivided  interest in the Patent  and will not be undercut by a minority owner of an undivided interest in the Patent;

NOW IT IS HEREBY AGREED by and between Sholem Weisner and Shmuel Nemanov for good and valuable consideration that

1. Only the owner or owners of a  majority of the undivided interest in the Patent has the right, which right shall not require the consent of or be interfered with by the minority owner or owners of the undvidied interest, to (o) make, use, offer to sell, sell or import into the U.S. products or services under the Patent or to (ii) grant exclusive or nonexclusive licenses under the Patent. For any such sale or license of products or services under the Patent, the proceeds shall be divided in accordance with the owners' respective percentages in the undivided interests in the Patent, taking into consideration any agreement with other investors for such other investor or investors to received shares out of one or more of a particular owner's percentage.

2.  Only the owner or owners of a majority of the undivided interest in the Patent has the right to sue for infringement under the Patent without the consent of the minority owner or owners of the undivided interest.  If the law requires an owner or owners of the minority of the undivided interest in the Patent to participate as a plaintiff  in a lawsuit or arbitration or mediation for infringement or other enforcement of the Patent in order for such lawsuit or arbitration or mediation to proceed, then at the request of an owner or owners of the majority of the undivided interest in the Patent, the owner or owners of the minority of the undivided interest in the Patent shall so participate and shall cooperate with such lawsuit or arbitration or mediation.  (Exhibit A)

## Because of the Agreement  Nemanov is not a 35 U.S.C. 262 Patent Owner

35 U.S.C. §262  provides:

**In the absence of any agreement to the contrary**, each of the joint owners of a patent may make, use, offer to sell, or sell the patented invention within the United States, or import the patented invention into the United States, without the consent of and without accounting to the other owners. (Emphasis supplied).

Given the Exhibit A Agreement (supra), Nemanov was not a 35 U.S.C. §262 joint owner

## Plaintiff's Counsel's email puts the lie to Nemanov's "co-owner/co-plaintiff" argument

As Plaintiff's Counsel emailed Nemanov's Counsel Stern on June 15, 2020 (Exhibit L):

Your characterization that Nemanov "will participate and cooperate as a co-plaintiff and co-owner of the asserted patent rights" is the essence of the problem.  His self-defined role is not what the Agreement provides.

Under the Agreement, Mr. Nemanov is not an owner of the patent  because only the majority interest (Plaintiff) has  the following patent rights:
•to License the patent rights to one or more third-parties to collect royalties;
•to Sell the patent rights;
•to Sue a patent infringer; or
•to  Manufacture, offer for sale, sell or use a product covered by the patent without infringing the patent.

As Mr. Nemanov  has none of these rights, he is not the owner of the patent.

He made an Agreement and should stick with it. Instead he has consistently attempted to avoid that Agreement.  Now he appears to be attempting to enlarge his "rights" under the Agreement in the Federal Lawsuit.

As to the possible Stipulation respecting the State Court,  we have previously tendered a Stipulation to Mr. Nemanov's State Court Counsel (cc'd) but there was no Agreement because again Mr. Nemanov for reasons best known to him has attempted to avoid the  Agreement even with a full reservation of rights.

Where the co-owner of a patent or other entity or individual whose interest in a patent might be directly affected by litigation has specifically disclaimed all interest in pursuing litigation related to the patent in favor of the party who has brought the suit, courts have held that joinder of the co-owner or other entity or individual is not necessary. Agilent Techs., Inc. v. Micromuse, Inc., 2004 U.S. Dist. LEXIS 20723, *21, 2004 WL 2346152.

Further, a co-owner of a patent does not need to be joined when he has contractually disclaimed the ability to sue for infringement. *Agilent Techs., Inc. v. Micromuse, Inc.*, 2004 U.S. Dist. LEXIS 20723, at **17-25 (S.D.N.Y. 2004) (co-owner did not need to be joined because it had specifically transferred all rights to sue on the patent at issue); *Michaels of  Oregon, Co. v. Mil-Tech, Inc.*, 1995 U.S. Dist. LEXIS 20875, at **2-8, 38 U.S.P.Q.2d 1060 (D. Ore. 1995) (determining that an absent co-owner of certain patents was not a necessary party where that absent co-owner had entered into an agreement with the plaintiff providing that only the plaintiff might file actions for patent infringement); Co-owner of a patent does not need to be

joined when he has contractually disclaimed the ability to sue for infringement. *Agilent Techs., Inc. v. Micromuse, Inc*., 2004 U.S. Dist. LEXIS 20723, at **17-25 (S.D.N.Y. 2004)(co-owner did not need to be joined because it had specifically transferred all rights to sue on the patent at issue); *Michaels of Oregon, Co. v. Mil-Tech, Inc*., 1995 U.S. Dist. LEXIS 20875, at **2-8, 38 U.S.P.Q.2d 1060 (D.Ore. 1995) (determining that an absent co-owner of certain patents was not a necessary party where that absent co-owner had entered into an agreement with the plaintiff providing that only the plaintiff might file actions for patent infringement).

As indicated above, and under the foregoing cases, Nemanov is not a "joint owner" because under the Agreement he waived all rights except to be paid.35 USCS § 262.

Contrary to the assertions in Nemanov's Motion, passim, he is not an owner of the Patents. Under applicable law, the Agreement debarred Nemanov from ownership because he waived his "substantial rights" under the Agreement:  A patent owner holds the right to exclude others from making, using, and selling the claimed invention. (35 U.S.C. § 154). Nemanov retained none of these "substantial rights" and has no standing to be a "co-Plaintiff" as Nemanov "argues".

Thus Plaintiff – and only Plaintiff – is duty bound under the Agreement to sue third parties that infringe the Patents which are the subject of Plaintiff's First Amended Complaint against Google.

Thus, as Plaintiff's Counsel emailed Nemanov's Counsel Stern on June 15, 2020 (Exhibit L), where Nemanov entered into the Agreement, he became debarred as owner of the patent because only the majority interest (Plaintiff) has the following patent rights:

•to License the patent rights to one or more third-parties to collect royalties;
•to Sell the patent rights;
•to Sue a patent infringer; or

•to  Manufacture, offer for sale, sell or use a product covered by the patent without infringing the patent.

As Mr. Nemanov  has none of these rights, he is not the owner of the Plaintiff's Patents in Suit.  He has no right to "exclude" or "impede" Plaintiff's Patent rights. 11 USC 262.

**Nemanov has no right to participate in the lawsuit and should not be realigned or joined**

Contrary to what Nemanov has argued, he has no right to be a co-plaintiff.  A holder of an undivided fractional interest may agree by contract, however, that his co-owners may sue infringers without him. Cilco, Inc. v. Copeland Intralenses, Inc., 614 F. Supp. 431, 434, 1985 U.S. Dist. LEXIS 17415, *7, 227 U.S.P.Q. (BNA) 168, 170; "This clause allows either co-owner a unilateral right to file suit against an infringer. We interpret this clause as a waiver by both co-owners of any right to protest the adverse consequences that could enure to his or its detriment from a suit initiated by the other co-owner.  A co-owner who grants another owner a right to bring litigation in his "sole discretion" should not be allowed to argue later that such litigation should be precluded on the ground that it is detrimental to his interests in the patent. We conclude that Star, as a co-owner, waived protection of the two interests it had in preventing an infringement suit on its patent without its voluntary joinder in the action." Willingham v. Lawton, 555 F.2d 1340, 1345, 1977 U.S. App. LEXIS 13221, *13-14, 194 U.S.P.Q. (BNA) 249, 253, 23 Fed. R. Serv. 2d (Callaghan) 447;  The only statutory section dealing with joint ownership of patents, specifically allows joint owners to change the relationship among themselves by agreement. Willingham v. Lawton, 555 F.2d 1340, 1341, 1977 U.S. App. LEXIS 13221, *1, 194 U.S.P.Q. (BNA) 249, 250, 23 Fed. R. Serv. 2d (Callaghan) 447.

Because of the Agreement, now deemed admitted, Nemanov is not a Rule 19(a) necessary party at all.  The Court should confirm that with an Order so Plaintiff may amend his complaint to omit Nemanov.

**Arugendo, Nemanov may be joined as an Involuntary Plaintiff  at any time**

"Under circumstances in which a plaintiff has a contractual right to unilaterally enforce the patent, as Plaintiff has, Rule 19 unremarkably allows that plaintiff to join involuntary plaintiffs. Without agreement, no precedent has held that a co-owner may be involuntarily joined." STC.UNM v. Intel Corp., 767 F.3d 1351, 1354, 2014 U.S. App. LEXIS 17831, *6-7, 112 U.S.P.Q.2D (BNA) 1294, 1297.

If arguendo this Court finds Nemanov is a necessary party notwithstanding that it has not retained any substantial rights in the patent, he may nevertheless be joined as an involuntary Plaintiff at any time by this Court up until final judgment is entered.

According to Rule 19(a) of the Federal Rules of Civil Procedure, an absent party is "necessary" and must be joined only if, (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. Fed. R. Civ. P. 19(a).

A necessary party may be joined "at any stage of the action and on such terms as are just" and even on appeal. Fed. R. Civ. P. 21; *See also Mentor H/S, Inc. v. Medical Device Alliance, Inc.*, 240 F.3d 1016, 1019 (Fed. Cir. 2001) ("[T]he Federal Rules of Civil Procedure permit courts to drop or add parties 'at any stage of the action and on such terms as are just.' It has even been held that non-parties may be joined to an action after judgment has been entered. *See* Crude Co. v. U.S. Dept. of Energy, 189 F.R.D. 1 (D.D.C. 1999)("Fed. R. Civ. P. 19(a) and

21 contemplate post-judgment joinder so long as joinder will not unduly prejudice the opposing

party and [the] court's jurisdiction will not be adversely affected").

     If arguendo the Court finds that Nemanov is a necessary party – but he is not - the Court

may join  Nemanov at this stage of the proceedings or at any time up until the entry of judgment.

Nemanov would not be prejudiced in any way by this.

### Nemanov's Memo of Law misses the mark

     Given the foregoing, Nemanov's Memo of Law misses the mark because it does not

address the Agreement, now deemed admitted by Nemanov, et al's Default in Answer of the

Verified State Court Complaint. Even still, the Sabotage Narrative and Conduct of Nemanov

identified in the State Court Complaint, now deemed admitted due to Nemanov's default, clearly

shows a "collision of interest" which mandate Nemanov's realignment, if at all,  not as a full

Plaintiff but as an involuntary Plaintiff because he is clearly hostile to Plaintiff Weisner.

     Nemanov's Memo of Law (pp.2-3) argues that:

 "Realignment of the parties is governed by the "collision of interests" test adopted by the Second Circuit in Maryland Casualty Co. v. W.R. Grace & Co., 23 F.3d 617, 622 (2d Cir. 1993). Under this test, there must exist "an actual, substantial controversy, or a collision of interests" for parties to be aligned as adversaries in a litigation. Id. In making a determination on how to align the parties, the Court must look beyond the pleadings and realign the parties "according to their real interests so as to produce an actual collision of interests." Id., (quoting Lewis v. Odell, 503 F.2d 445, 447 (2d Cir. 1974)); see also, Indianapolis v. Chase National Bank, 314 U.S. 63, 69, 86 L. Ed. 47, 62 S. Ct. 15 (1941); Viropro, Inc. v. PricewaterhouseCoopers Advisory Servs. Sdn Bhd, 2015 U.S. Dist. LEXIS 133748, *2 (S.D.N.Y. September 30, 2015). Realignment is "a practical not a mechanical determination and is resolved by the pleadings and the nature of the dispute." Lewis, 503 F.2d at 446-47 (citation omitted). In applying the test, a court examines "the realities of the record to discover the real interests of the parties." Maryland Cas. Co., 23 F.3d at 623 (citation omitted); Indianapolis, 314 U.S. at 69.

     And "based"  thereon Nemanov concludes:   "Here, Weisner has alleged that Nemanov is

an involuntary party despite Nemanov's prior  consent to join in this infringement action

voluntarily as a co-plaintiff. "  (MOL p.3).

Nemanov's prior "consent" was a "consent" in name only that was unrelated to and contrary to his Agreement with Plaintiff.  Nemanov's  in name only "consent"  wrongfully attempts to enlarge his role to an "owner" when he waived all indicia of ownership (supra) and retained only a right to be paid.  Nemanov's in name only "consent" is just "smoke and mirrors", a subterfuge and the most recent of his continuing efforts  to avoid being bound by the Agreement.  Nemanov's in name only "consent" would serve only to open the door to further Sabotage Narrative and Conduct of Nemanov identified in the State Court Complaint.

Nemanov's in name only "consent" is a further repudiation of the Agreement which due to his State Court Default Nemanov has been deemed to admit.  Plaintiff's Counsel wrote that to Nemanov's Counsel in the email between Counsel. (Exhibit L).

Nemanov's in name only "consent" actually evidences the continued "collision of interests" between Plaintiff and Nemanov. (Exhibits A,B,G,H,I).

In light of his Sabotage and repudiation of the Agreement,  ironically the cases cited by Nemanov demonstrate there does  exist  a real, "actual, substantial controversy, or a collision of interests" for parties to be aligned as adversaries in a litigation." (Id.).

Further, none of the cases Nemanov cites involve Patents, or 35 U.S.C. §262  delimited by an Agreement as is the case herein.  Instead Nemanov's citation to and reliance upon Maryland Casualty Co. v. W.R. Grace & Co., 23 F.3d 617, 619, 1993 U.S. App. LEXIS 37885, *1, 29 Fed. R. Serv. 3d (Callaghan) 129, 24 ELR 20968, is misplaced.

Maryland Casualty did not involve Patents or an 35 U.S.C. §262 Agreement such as Plaintiff has with  Nemanov.  Rather, Maryland Casualty Co.  held "parties to this litigation should not be realigned to destroy diversity jurisdiction; and (2) insurance coverage is triggered by installation of asbestos in buildings.".  It was with respect to diversity jurisdiction that the

16

Court held "Realignment hinges on those issues that divide the parties, not on those on which they agree".  Maryland Casualty Co. v. W.R. Grace & Co., 23 F.3d 617, 623, 1993 U.S. App. LEXIS 37885, *18, 29 Fed. R. Serv. 3d (Callaghan) 129, 24 ELR 20968.

Lewis v. Odell, 503 F.2d 445, 446, 1974 U.S. App. LEXIS 6744, *1 also cited by Nemanov (Memo of Law p.3) was likewise a  case where realignment was analyzed for diversity purposes. The <u>Lewis</u> court held "A corporation should not be realigned as a plaintiff when it is hostile to the action." (Id.).  <u>Lewis</u>  actually supports not realigning Nemanov. Nemanov's now deemed admitted State Court Complaint Sabotage Narrative and Conduct, Nemanov can be expected to continue to disrupt, interfere, and sabotage the prosecution of the within Google lawsuit by Plaintiff. That.misconduct clearly shows he is hostile to Plaintiff's action.  <u>Lewis</u> is likewise irrelevant given Nemanov's waiver of rights except to be paid under the Plaintiff's Agreement.

Nemanov's citation to Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 68, 62 S. Ct. 15, 16, 86 L. Ed. 47, 49, 1941 U.S. LEXIS 1087, *1 is also inapt because Indianapolis also deals with realignment in a diversity context.  ("These familiar doctrines governing the alignment of parties for purposes of determining diversity of citizenship have consistently guided the lower federal courts and the United States Supreme Court").

Further, Nemanov's citation to Viropro, Inc. v. PricewaterhouseCoopers Advisory Servs. Sdn Bhd, 2015 U.S. Dist. LEXIS 133748, *2 is likewise misplaced. Viropro is another diversity realignment case which, like the other cases Nemanov case cites, do not address the fact that Nemanov has been debarred to litigate as a "co-Plaintif/co-Owner" of Plaintiff's Patents in Suit. Again, all Nemanov has is a right to be paid.  As indicated above, Nemanov is not a Fed. R. Civ P. Rule 19(a) Necessary Party.

The removal/diversity/realignment cases Nemanov has cited are irrelevant to Plaintiff's Patent Infringement claims which arise under federal question jurisdiction.

As indicated above,  the  Green Aff. ¶9  is completely incorrect where it states the "[A]greement"  is currently in dispute and being challenged in New York State Supreme Court, King County in an action entitled Weisner v. Nemanov, et al., Index No. 502269/2020."

In point of fact Nemanov's has disingenuously failed to disclose Nemanov is in default of Answer in Weisner v. Nemanov, et al., Index No. 502269/2020 and therefore: a) has admitted the allegations of the State Court Complaint b) admitted the validity of the Agreement, c) has admitted Nemanov's actual, continuing, hostile Sabotage Narrative and Conduct "track record", d) admitted his repudiation of the Agreement.  Clearly Nemanov is not a Rule 19(a) necessary party and because of his hostility should not be joined.

Thus, Nemanov's Memo of Law is incorrect where it argues:

"[I] is abundantly clear that Nemanov never should have been named as an Involuntary Party to begin with in this case. As is apparent from the First Amended Complaint, no claims have been made against Nemanov in this litigation and the sole claims in this litigation constitute direct and indirect patent infringement claims against Google. Moreover, based on the allegations in the First Amended Complaint, Weisner has essentially conceded that realignment of Nemanov as a co-plaintiff would be appropriate due to his co-ownership of certain patents with Weisner. *See First Amended Complaint,* ¶¶ 8, 14, D.E. 15"

Nemanov's reliance on the above cited language is misplaced.  Plaintiff has not "conceded" anything to Nemanov.

As indicated above the Agreement (Exhibit A) only Plaintiff,   a) "owns a majority of the undivided interest in the Patent, namely 78%", b) is an owner who has the right to act without, c) reference to Nemanov who d) waived his 35 U.S.C. §262 Patent Rights, and e) retained only the right to be paid  by signing the Agreement:

1. Only the owner or owners of a  majority of the undivided interest in the Patent has the right, which right shall not require the consent of or be interfered with by the minority owner or owners of the undivided interest, to (i) make, use, offer to sell, sell or import into the U.S. products or services under the

Patent or to (ii) grant exclusive or nonexclusive licenses under the Patent. For any such sale or license of products or services under the Patent, the proceeds shall be divided in accordance with the owners' respective percentages in the undivided interests in the Patent, taking into consideration any agreement with other investors for such other investor or investors to received shares out of one or more of a particular owner's percentage.

2.  Only the owner or owners of a majority of the undivided interest in the Patent has the right to sue for infringement under the Patent without the consent of the minority owner or owners of the undivided interest.  If the law requires an owner or owners of the minority of the undivided interest in the Patent to participate as a plaintiff  in a lawsuit or arbitration or mediation for infringement or other enforcement of the Patent in order for such lawsuit or arbitration or mediation to proceed, then at the request of an owner or owners of the majority of the undivided interest in the Patent, the owner or owners of the minority of the undivided interest in the Patent shall so participate and shall cooperate with such lawsuit or arbitration or mediation.   (Exhibit B)

Manifestly, the legal effect of the Agreement, which Nemanov has admitted through his State Court Default, is that Nemanov's only right is to be paid. Nemanov's spurious, disingenuous reading of the Plaintiff's Complaint should be disregarded.

As indicated above, the now admitted Agreement clearly shows that Nemanov has none of the indicia of an "owner" but rather only a right to be paid.  Nemanov has no right to sue. Given Nemanov's malfeasant "track record" and Sabotage,  and repudiation of his Agreement, if Nemanov is permitted to continue even as an Involuntary Plaintiff he can be expected to  disrupt, interfere, sabotage and prejudice,  Plaintiff 's prosecution of the within lawsuit against Google.

Nemanov is debarred from being a Patent owner.  He has waived his rights under the Agreement except to be paid. Nemanov is not a Rule 19(a) necessary party to Plaintiff's litigation against Google.  Nemanov's  misconduct, sabotage and repudiation of his Agreement means he is hostile to Plaintiff.  If Nemanov is permitted to remain on the pleading as an Involuntary Plaintiff it can be anticipated that Nemanov's  unpredictable misconduct and sabotage will continue and will inure to the benefit of Google and to Plaintiff's prejudice.

**<u>Judicial Notice Requested of State Court Docket and Submissions between the Parties</u>**

A court may take judicial notice of any fact  "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of

accurate and ready determination by resort to sources whose accuracy cannot reasonably be

questioned." Fed. R. Evid. 201(b). The rule instructs that where a party has properly requested

such notice and supplied the court with the necessary information, a court "shall take judicial

notice. Hotel Employees & Rest. Employees Local 2 v. Vista Inn Mgmt. Co., 393 F. Supp. 2d

972, 977 (N.D. Cal. 2005), citing to Fed. R. Evid. 201(d).

Plaintiff respectfully requests judicial notice be taken of the foregoing Exhibits which

were filed of record in the State Court Litigation and which are relevant as stated hereinabove to

Plaintiff's Opposition and Cross-Motions.

## **<u>CONCLUSION</u>**

The Court should grant Plaintiff's Cross-Motion and deny Nemanov's Motion.

Dated: Monsey, New York          Respectfully submitted.
August 26, 2020                 JACOB GINSBURG, ESQ. PLLC

                                     <u>/s/Jacob Ginsburg</u>
                                   By: Jacob Ginsburg, Esq.
                                   One Concord Drive
                                   Monsey, NY 10952
                                   (845) 371-1914
                                   Attorney for Plaintiff