**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHOLEM WEISNER,<br><br>     **Plaintiff,**<br><br>  **v.**<br><br>GOOGLE LLC and SHMUEL NEMANOV,<br><br>     **Defendant and**<br>     **Involuntary Party.** | Civil Action No. 20-cv-02862-AKH<br><br>ECF CASE |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW AS**
**COUNSEL FOR INVOLUNTARY PARTY SHMUEL NEMANOV**

Stern & Schurin LLP ("the Firm") respectfully submits this Memorandum of Law in

Support of its Motion for Leave to Withdraw as counsel for Involuntary Party Shmuel Nemanov

("Nemanov") in this case pursuant to Local Rule 1.4. The Firm also submits the Declaration of

Steven Stern, Esq. in support of the motion. The declaration includes the facts that are relevant

to this motion and which are incorporated herein by reference.

**ARGUMENT**

Local Civil Rule 1.4 of the United States District Courts for the Southern and Eastern

Districts of New York governs withdrawal of counsel and provides:

> An attorney who has appeared as attorney of record for a party may be relieved or
> displaced only by order of the Court and may not withdraw from a case without
> leave of the Court granted by order. Such an order may be granted only upon a
> showing by affidavit or otherwise of satisfactory reasons for withdrawal or
> displacement and the posture of the case, including its position, if any, on the
> calendar, and whether or not the attorney is asserting a retaining or charging lien.
> All applications to withdraw must be served upon the client and (unless excused
> by the Court) upon all other parties.

Local Rule 1.4.  "[I]t is well-settled that a court has considerable discretion in deciding a motion for withdrawal of counsel." *Bruce Lee Enterprises, LLC v. A.V.E.L.A., Inc.*, No. 10 Civ. 2333 (MEA), 2014 U.S. Dist. LEXIS 37574, 2014 WL 1087934, at *1 (S.D.N.Y. Mar. 19, 2014); *United States v. Estate of Wiesner,* No. CV- 051634 (DRH) (AKT), 2017 WL 1450594 at *6 (E.D.N.Y. Mar. 15, 2017), *report and recommendation adopted,* 2017 WL 1458724 (E.D.N.Y. Apr. 24, 2017).  When considering whether to grant a motion to be relieved as counsel, "district courts analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469, 2011 U.S. Dist. LEXIS 16674, 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011). "Satisfactory reasons include failure to pay legal fees, a client's lack of cooperation-including lack of communication with counsel, and the existence of an irreconcilable conflict between attorney and client." *TufAmerica, Inc. v. Codigo Music LLC*, 2017 U.S. Dist. LEXIS 128054, at *17-18 (S.D.N.Y. Aug. 11, 2017) (citing *Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc.*, No. 01 Civ. 2950 (DAB), 2005 U.S. Dist. LEXIS 17008, 2005 WL 1963945, at *1 (S.D.N.Y. Aug. 15, 2005))

In this case, the reasons for the withdrawal are based upon a conflict of interest that has arisen just days ago between Nemanov and another client of the Firm.[1]  Based on the conflict, the Firm's ability to represent Nemanov and execute a strategy and plan of action in this patent infringement case has been adversely impacted.  Thus, the Firm cannot effectively represent Nemanov in this case to deal with the allegations asserted by Weisner or the invalidity and non-infringement contentions asserted by Google.

---

[1] To preserve attorney client confidences, counsel wishes to keep the identity of the firm's other client and the factual basis of the conflict confidential.  However, if necessary, counsel is willing to disclose this information to the Court *in camera.*

The Firm's withdrawal in this patent infringement action will not significantly impact the timeline of this case.  In particular, the case against Google commenced recently on April 6, 2020, and an Amended Complaint was filed just a few months ago, on June 16, 2020.  Counsel for the Firm, Steven Stern and Penina Green, filed Notices of Appearance about a month later, on July 14, 2020.  Although two motions have since been filed – a Motion to Realign Nemanov as a Co-Plaintiff, and a Motion to Dismiss under 35 U.S.C. § 101 filed by Google – neither one has been fully briefed.  Notably, Google has already indicated that it has been willing to give its consent to Plaintiff and to Nemanov for an extension of time oppose Google's Motion to Dismiss.  Moreover, discovery has not yet commenced.  Based on the procedural posture of this case and the fact that discovery has not even commenced, the impact of the Firm's withdrawal will likely be insignificant and will not result in any undue delay to the resolution of this case.

In view of the foregoing, based upon a conflict of interest at the Firm, it is abundantly clear that there is an adequate basis for the firm to be granted leave to withdraw from this case.  Moreover, based on the procedural posture of this case, the impact of the Firm's withdrawal will not cause any undue delay.  The Firm is not seeking a lien of any kind.  The Firm has also complied with Local Rule 1.4 by serving this motion on Weisner, Google and Nemanov.  Accordingly, it is respectfully requested that the Court grant the Firm's Motion to Withdraw.

In addition to the foregoing relief requested by the Firm, counsel requests that the Court provide Nemanov with at least thirty (30) days to retain new counsel to represent his interests in this case and to oppose the motions that are now pending before the Court.

## **CONCLUSION**

For the foregoing reasons, Stern & Schurin's Motion to Withdraw as counsel to Nemanov should be granted.

**STERN & SCHURIN LLP**

By: _____

Steven Stern (SS 5203)
    sstern@sternschurin.com
Richard Schurin (RS 0199)
    rschurin@sternschurin.com
*Attorneys for Shmuel Nemanov*
595 Stewart Avenue
Suite 510
Garden City, New York 11530
Telephone: (516) 248-0300
Facsimile: (516) 283-0277

Dated: Garden City, New York
           September 3, 2020

4