UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHOLEM WEISNER,<br><br>   Plaintiff,<br><br> v.<br><br>GOOGLE LLC and SHMUEL NEMANOV<br><br>   Defendant and Involuntary Party. | Case No.: 20-cv-02862-AKH |

**GOOGLE'S MEMORANDUM OF LAW IN OPPOSITION TO SHOLEM WEISNER'S
CROSS-MOTION TO DISMISS/REMOVE SHMUEL NEMANOV**

## **TABLE OF CONTENTS**

                                                                                         **Page**

I.    PRELIMINARY STATEMENT .................................................................................................1

II.   BACKGROUND .....................................................................................................................1

III.  ARGUMENT............................................................................................................................2

IV.  CONCLUSION........................................................................................................................4

# TABLE OF AUTHORITIES

Page(s)
**Cases**
*Christie v. Standard Ins. Co.*,
  No. C 02-02520 WHA, 2002 WL 31505648 (N.D. Cal. July 19, 2002) .................................2

*Ethicon, Inc. v. U.S. Surgical Corp.*,
  135 F.3d 1456 (Fed. Cir. 1998)..........................................................................................4

*Lloyd et al v. Pendleton Land & Exploration, Inc.*,
  22 F.3d 623 (5th Cir.1994) .................................................................................................2

*Loral Fairchild Corp. v. Matsushita Elec. Indus. Co., Ltd.*,
  840 F. Supp. 211 (E.D.N.Y. 1994) ....................................................................................3

*Md. Cas. Co. v. W.R. Grace & Co.*,
  23 F.3d 617 (2d. Cir. 1993)................................................................................................2

*Ottah v. Nat'l Grid*,
  19 Civ. 08289 (PAE) (RWL), 2020 WL 2543105 (S.D.N.Y. Apr. 27, 2020) ........................3

*Schering Corp. v. Roussel-UCLAF SA*,
  104 F.3d 341 (Fed. Cir. 1997)...........................................................................................4

*STC.UNM v. Intel Corp.*,
  754 F.3d 940 (Fed. Cir. 2014)...........................................................................................2

*STC.UNM v. Intel Corp.*,
  767 F.3d 1351 (Fed. Cir. 2014).........................................................................................2

*Union Trust Nat'l Bank v. Audio Devices, Inc.*,
  295 F. Supp. 25 (S.D.N.Y. 1969) ......................................................................................3

**Other Authorities**

Rule 19(a)....................................................................................................................................2

**I.      Preliminary Statement**

Google LLC ("Google") has no role in the dispute between Nemanov and Weisner over the ownership of the patents-in-suit, but given that dispute, Google opposes Weisner's cross-motion to remove Nemanov as a party (Dkt. Nos. 36-39). Nemanov should remain party to this case. Dismissing or removing Nemanov from this case would prejudice Google by potentially subjecting it to a later claim from Nemanov even if Google achieves a resolution with Weisner. Nemanov could only be removed appropriately upon a final resolution of the state court dispute between Weisner and Nemanov regarding the allocation of rights in the asserted patents in Weisner's favor. Absent such final resolution, it would be inappropriate to have this case proceed without Nemanov.

**II.     Background**

Following Plaintiff Weisner's filing of the initial complaint in this action, counsel for Google advised Weisner's counsel that it would move to have Nemanov added as an indispensable party if Nemanov was not joined by Weisner. Decl. of Kevin X. McGann ("McGann Decl."), Ex. A at 7 (May 19, 2020 correspondence), 4-6 (May 27, 2020 correspondence), 2 (June 15, 2020 correspondence). While Google does not have all the details concerning Weisner's and Nemanov's interaction, to avoid potentially unnecessary motion practice Google agreed not to move to dismiss for failure to join an indispensable party and agreed to additional time for Plaintiff Weisner to file an amended complaint, provided Nemanov was joined. *Id.* Weisner's cross-motion, seeking to have Nemanov removed as a party, contravenes the conditions for which Google agreed to avoid unnecessary motion practice. To the extent Weisner now seeks to have Nemanov removed despite Nemanov's consent to join (Dkt. No. 30 at 1-2), Google must oppose Weisner's cross-motion to avoid the risk of prejudice to Google if this case proceeds with only Weisner while a dispute remains between Weisner and

1

Nemanov over ownership.

### III. Argument

As an initial matter, the realignment requested by Nemanov is appropriate; he is not an "involuntary" party as he both agreed to join and seeks to remain in the case. Dkt. No. 30 at 2-3 (confirming Nemanov's agreement to participate and cooperate in this case). Additionally, a patent co-owner cannot be joined involuntarily to a patent litigation. *STC.UNM v. Intel Corp.*, 767 F.3d 1351, 1355 (Fed. Cir. 2014) ("[t]he rule against involuntary joinder is well established"); *see also STC.UNM v. Intel Corp.*, 754 F.3d 940, 946 (Fed. Cir. 2014) ("To remove any doubt, this court holds that the right of a patent co-owner to impede an infringement suit brought by another co-owner is a substantive right that trumps the procedural rule for involuntary joinder under Rule 19(a)."). Realigning Nemanov as a co-plaintiff would also satisfy the "collision of interests" test used in the Second Circuit as the actual controversy in this matter is not between Nemanov and Weisner but between them and Google. *See Md. Cas. Co. v. W.R. Grace & Co.*, 23 F.3d 617, 622 (2d. Cir. 1993).[1]

Weisner opposes the requested realignment and improperly seeks Nemanov's removal from the case based on a pre-supposed resolution of the state court dispute. Dkt. Nos. 36-39. However, the dispute between Weisner and Nemanov is still live. Not only would a finally-resolved dispute (in favor of Weisner) have obviated the need for both Nemanov's and Weisner's recently-filed motions, recent correspondence further confirms that the defendants in the state court case continue to litigate. McGann Decl., Ex. B (identifying communication with

---

[1] While *Md. Cas. Co.* evaluated party realignment for diversity jurisdiction, courts have also realigned parties for other reasons. *See, e.g.*, *Lloyd et al v. Pendleton Land & Exploration, Inc.*, 22 F.3d 623, 625 (5th Cir.1994) (realigning plaintiff in one case as defendant in consolidated case); *Christie v. Standard Ins. Co.*, No. C 02-02520 WHA, 2002 WL 31505648, at *6 (N.D. Cal. July 19, 2002) (realigning party as a plaintiff because "[f]rom a practical standpoint" the party's interests were closer to those of the plaintiff).

2

Nemanov's state court counsel requesting acceptance of late answers for defendants). The correspondence suggests that Nemanov and the other defendants in the underlying state court would likely engage in further motion practice in state court, e.g. to set aside the default, should Weisner not accept their answers at this time. *See id.*

Weisner and Nemanov's ownership-related dispute is a sideshow to this litigation, which revolves allegations of infringement and invalidity of the patents, not ownership. Weisner and Nemanov have not raised their respective ownership claims before this Court. Indeed, as a court in the sister Eastern District of New York has recognized, the "proof and questions of law of the infringement and ownership issues differ greatly" and "ownership of these patents is governed by state contract law whereas infringement is governed by federal law." *Loral Fairchild Corp. v. Matsushita Elec. Indus. Co., Ltd.*, 840 F. Supp. 211, 218 (E.D.N.Y. 1994) (staying case pending resolution of ownership dispute upon request by contested patent co-owners). Because these ownership claims are not before this Court, it need not render a pre-emptive judgment nullifying Nemanov's status as a patent co-owner and should maintain Nemanov as a party.

In fact, Nemanov must remain party to this case until the ownership dispute is finally concluded so that he cannot get a second bite at the apple if Google and Weisner are able to resolve the matter. *See Ottah v. Nat'l Grid*, 19 Civ. 08289 (PAE) (RWL), 2020 WL 2543105, at *6 (S.D.N.Y. Apr. 27, 2020) ("since all co-owners have standing to sue for infringement, if all the co-owners are not joined in an infringement suit, there may be a risk that the defendant will be subject to multiple suits") (internal quotations and citations omitted); *see also Union Trust Nat'l Bank v. Audio Devices, Inc.*, 295 F. Supp. 25, 27 (S.D.N.Y. 1969) ("That all co-owners be parties to a suit is a necessary requirement if conflicting decisions about the same patent (for example, its validity) are to be avoided."). If the agreement that Weisner relies on to claim sole

3

ownership of the patents-in-suit turns out to be invalid, then even a release from Weisner would not "defeat an action by other co-owners to recover damages for past infringement." *Schering Corp. v. Roussel-UCLAF SA*, 104 F.3d 341, 345 (Fed. Cir. 1997) ("a license granted by one co-owner cannot discharge an infringer's liability to the other co-owner for past infringement"); *see also Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1467 (Fed. Cir. 1998) ("Absent agreement to the contrary, a co-owner cannot grant a release of another co-owner's right to accrued damages.").

### IV. Conclusion

Accordingly, Google respectfully requests that any relief the Court may grant with respect to Nemanov's motion for realignment and Weisner's cross-motion does not remove Nemanov from the case.

Dated:  September 10, 2020

Respectfully submitted,

FENWICK & WEST LLP

By:  */s/ Kevin X. McGann*
Kevin X. McGann (NY Bar #2842425)
Email: kmcgann@fenwick.com
Scott D. Baker (NY Bar #5690292)
Email: sbaker@fenwick.com
**FENWICK & WEST LLP**
902 Broadway, Suite 14
New York, NY  10010-6035
Telephone:     212.430.2600

Allen Wang (Calif. State Bar #278953)
*Pro hac vice* pending
Email: allen.wang@fenwick.com
**FENWICK & WEST LLP**
801 California Street
Mountain View, CA  94041
Telephone:     650.988.8500

*Attorneys for Google LLC*

4