| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** | |
| SHOLEM WEISNER,<br><br>                    Plaintiff,<br>-against-<br><br>GOOGLE LLC and SHMUEL NEMANOV,<br><br>                    Defendant and Involuntary Party | Case No.:  20-cv-02862- AKH |

**MEMORANDUM OF LAW**
**IN SUPPORT OF PLAINTIFF'S REPLY TO GOOGLE'S OPPOSITION TO**
**PLAINTIFF'S CROSS-MOTION**

JACOB GINSBURG, ESQ. PLLC
Attorney for Plaintiff
One Concord Drive
Monsey, NY 10952
(845) 371-1914

**Of Counsel:**
JACOB GINSBURG, ESQ.

## **TABLE OF CONTENTS**

**TABLE OF CONTENTS** ................................................................................ i
**TABLE OF AUTHORITIES** ......................................................................... ii
**PRELIMINARY STATEMENT** ...................................................................... 1
**Google failed to oppose arguments in Plaintiff's Cross-Motion** ............................................. 2
**Nemanov's concession to Plaintiff's cross-motion also bars Google's Opposition** ................. 3
**Google's Opposition to Plaintiff's Cross-Motion is misplaced** ................................ 5
**Nemanov's "consent" is irrelevant as not per the Agreement** ........................................... 6
**Mere existence of an Agreement triggers the 35 USC §262 statutory exception** ................... 8
**Standing is not a "sideshow" and a motion to stay would be frivolous** .................................. 9
**Google will not be prejudiced by Nemanov's elimination from the lawsuit** .......................... 14
**Nemanov has no right to participate in the lawsuit and should not be realigned or joined** 16
**Arugendo, Nemanov may be joined as an Involuntary Plaintiff  at any time** ....................... 17
**Judicial Notice Requested of State Court Docket and Submissions between the Parties** .... 17
**CONCLUSION** ................................................................................................. 18

**TABLE OF AUTHORITIES**

## Cases

Agilent Technologies, Inc. v. Micromuse, Inc., No. 04 Civ. 3090, 2004 WL 2346152, at *7 (S.D.N.Y. Oct. 19, 2004) ................................................................................ 11

Agilent Techs., Inc. v. Micromuse, Inc., 2004 U.S. Dist. LEXIS 20723, *21, 2004 WL 2346152 7

Broad v. DKP Corp., 1998 U.S. Dist. Lexis 12942, *9-10, 1998 WL 516113 ........................... 3

Chang v. Bank of China, 1998 U.S. Dist. LEXIS 2740, No. 97 Civ. 1287 (LAP), 1998 WL 106150 at *2 (S.D.N.Y. March 9, 1998) ................................................................................ 4

Cilco, Inc. v. Copeland Intralenses, Inc., 614 F. Supp. 431, 434, 1985 U.S. Dist. LEXIS 17415, *7, 227 U.S.P.Q. (BNA) 168, 170 .................................................................... 2, 16

Compression Labs, Inc. v. Acer et al. 2004 U.S. Dist. Ct. Motions LEXIS 10424 ..................... 10

Dodson v. Runyon, 957 F. Supp. 465, 468 (S.D.N.Y 1997), aff'd, 152 F.3d 917, 1998 WL 386199 (2d Cir. 1998) ......................................................................................... 4

Ethicon, Inc. v. U.S. Surgical Corp., 135 F.3d 1456, 1467 (Fed. Cir. 1998) ............................. 11

Ethicon, Inc. v. United States Surgical Corp., 135 F.3d 1456, 1458, 1998 U.S. App. LEXIS 1445, *1, 45 U.S.P.Q.2D (BNA) 1545, 1546, 48 Fed. R. Evid. Serv. (Callaghan) 1226 .................. 13

Hotel Employees & Rest. Employees Local 2 v. Vista Inn Mgmt. Co., 393 F. Supp. 2d 972, 977 (N.D. Cal. 2005) ................................................................................................. 18

Koehler v. Bank of Bermuda (New York) Ltd., 1998 U.S. Dist. LEXIS 1766, *24, No. 96 Civ. 7885 (JFK), 1998 WL 67652, at *8 (S.D.N.Y. February 19, 1998) ........................................ 3

Loral Fairchild Corp. v. Matsushita Elec. Indus. Co., Ltd., 840 F. Supp. 211, 218 (E.D.N.Y. 1994) ........................................................................................................... 10

Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 412 F.3d 215, 235, 2005 U.S. App. LEXIS 11754, *42-43, 75 U.S.P.Q.2D (BNA) 1225, 1237 ..................................................... 9

Mass. Eye & Ear Infirmary v. QLT, Inc., 495 F. Supp. 2d 188 (D. Mass. 2007), aff'd in part, vacated in part, remanded, 552 F.3d 47 (1st Cir. 2009) ................................................... 8

McLean v. City of Rome, 1998 U.S. Dist. LEXIS 8734, [*10]  *13, No. CIV A 95 CV1713 RSP/DNH, 1998 WL 312350, at *5 (N.D.N.Y. June 8, 1998) .............................................. 3

Michaels of ..................................................................................................... 7

Michaels of Oregon, Co. v. Mil-Tech, Inc., 1995 U.S. Dist. LEXIS 20875, at **2-8, 38 U.S.P.Q.2d 1060 (D. ........................................................................................ 7

Michaels of Oregon, Co. v. Mil-Tech, Inc., 1995 U.S. Dist. LEXIS 20875, at **2-8, 38 U.S.P.Q.2d 1060 (D.Ore. 1995) ............................................................................. 7

Ottah v. Nat'l Grid, 19 Civ. 08289 (PAE) (RWL), 2020 WL 2543105, at *6 (S.D.N.Y. Apr. 27, 2020) .......................................................................................................... 11

Ottah v. Nat'l Grid, 19 Civ. 08289 (PAE) (RWL), Case 1:19-cv-08289-PAE-RWL   Document 38   filed 04/27/20 ....................................................................................... 11

Parker-Hannifin Corp. v. Samuel Moore & Co., 436 F. Supp. 498, 200 U.S.P.Q. (BNA) 44, 1977 U.S. Dist. LEXIS 16463 (N.D. Ohio 1977) .................................................................... 7

Rotblut, 1997 U.S. Dist. LEXIS 242, *2, 1997 WL 16063, at *1 .......................................... 4

Schering Corp. v. Roussel-UCLAF SA, 104 F.3d 341, 345 (Fed. Cir. 1997) ...................... 11, 12

Sorrentino v. Barr Labs., Inc., 2010 U.S. Dist. LEXIS 49870, 2010 WL 2026135 ..................... 2

STC.UNM v. Intel Corp., 754 F.3d 940, 946 (Fed. Cir. 2014) ............................................. 14

STC.UNM v. Intel Corp., 767 F.3d 1351, 1354, 2014 U.S. App. LEXIS 17831, *6-7, 112 U.S.P.Q.2D (BNA) 1294, 1297 ............................................................................... 17

STC.UNM v. Intel Corp., 767 F.3d 1351, 1355 (Fed. Cir. 2014) .......................................... 14

Tele-Guia Talking Yellow Pages v. Cablevision Sys. Corp., 2007 U.S. Dist. LEXIS 80616, *11, 2007 WL 3224573 ................................................................................................ 9
Union Trust Nat'l Bank v. Audio Devices, Inc., 295 F. Supp. 25, 27 (S.D.N.Y. 1969) ............. 11
Union Trust Nat'l Bank v. Audio Devices, 295 F. Supp. 25, 26, 1969 U.S. Dist. LEXIS 13188, *1, 161 U.S.P.Q. (BNA) 714, 715 ........................................................................... 12
Weisner v. Nemanov, et al., (Kings County Index No. 502269/2020) ............................................ 6
Willingham v. Lawton, 555 F.2d 1340, 1345, 1977 U.S. App. LEXIS 13221, *13-14, 194 U.S.P.Q. (BNA) 249, 253, 23 Fed. R. Serv. 2d (Callaghan) 447 ........................................... 16

**Statutes**
35 U.S.C §262 ............................................................................................................................. 4, 5
35 USC §262 ................................................................................................................................... 8
Fed. R. Civ. P.  R.19 .................................................................................................................... 11
Fed. R. Civ. Pro. 19(a) ................................................................................................................... 5
Fed. R. Evid. 201(b) ..................................................................................................................... 17

## PRELIMINARY STATEMENT

Plaintiff submits this Memorandum of Law  in Reply to Defendant Google's Opposition (ECF #50) to Plaintiff's Cross-Motion and Opposition to Involuntary Party Nemanov's Motion (ECF #s 27-30 "Nemanov" and "Nemanov's Motion").

Google, moved pursuant to F. Rule Civ. P. Rule 12(b)(6) to Dismiss the Plaintiff's First Amended Complaint on August 24, 2020. (ECF #35).  Google has moved to dismiss the First Amended Complaint which joined Nemanov as an Involuntary Party.  Nemanov has not submitted any opposition to Google's Motion.

Google argues that it has no role in the "dispute" between Plaintiff and Nemanov as to "ownership" of the Patents in Suit.  (ECF #50 p.4). Actually, contrary to what Google would have the Court believe, there is no dispute  because Plaintiff's First Amended Complaint is based upon the July 9, 2019 Agreement which gave Plaintiff complete control inter alia over the right to sue Google for Patent Infringement.  Google has not raised any Rule 12(b)(7) "issue" in its Motion to Dismiss the First Amended Complaint.  (ECF #35).

Plaintiff's position remains that because of the Agreement Nemanov is an unnecessary party under Rule 19.  Indeed, to avoid Google Motion practice Plaintiff's First Amended Complaint named Nemanov an Involuntary Party.  Therein, Plaintiff reserved his ability to ask the Court to realign Nemanov who refused to join the Patent Lawsuit as he was required to do under the Agreement.  After Nemanov moved to be realigned, following Nemanov's Motion, Plaintiff cross-moved for a declaration from the Court that Nemanov is not a Rule 19 Necessary party, or alternatively, should remain an Involuntary Party, or Involuntary Party Plaintiff.  In that way Nemanov will be disabled from continuing his Sabotage of Plaintiff's litigation with Google.

1

## Google failed to oppose arguments in Plaintiff's Cross-Motion

Plaintiff  Cross-Motion (ECF #s 36-39) sought various relief against Nemanov: a) for an Order confirming Nemanov is not a Fed. R. Civ. Pro. Rule 19 Necessary Party, need not be named, and may be dismissed/removed from the First Amended Complaint, or alternatively, b) that if arguendo Nemanov was a Rule 19(a) Necessary Party, he should be realigned if at all as an Involuntary Plaintiff  because for reasons best known to him Nemanov has continually, wrongfully, sabotaged Plaintiff's ability to practice his Patents and Art with the right to solely bring suit for Patent Infringement.  That could be done at any stage of the litigation.

Google has essentially "cherry-picked" and chosen not to respond to certain of Plaintiff's arguments in support of his Cross-Motion.  Under applicable law, that appears to be a consent to those arguments. See Sorrentino v. Barr Labs., Inc., 2010 U.S. Dist. LEXIS 49870, 2010 WL 2026135:  [w]here [*10]  a non-movant has willfully failed to respond to a movant's properly filed and facially meritorious memorandum of law (submitted in support of its motion to dismiss), the non-movant is deemed to have "consented" to the legal arguments contained in that memorandum of law under Local Rule 7.1(b)(3). (Id.).

For example, Google does not respond to the fact that Nemanov is in default in the State Court, and regardless whether or not Default has been entered,  Nemanov must be deemed to have admitted the validity of the Agreement. (ECF #39, p.12.). Nor does Google address that under applicable law, Nemanov is not a co-owner of the Patents in Suit   (ECF #39, p.13-16). As stated therein: "A holder of an undivided fractional interest may agree by contract, however, that his co-owners may sue infringers without him."  Cilco, Inc. v. Copeland Intralenses, Inc., 614 F. Supp. 431, 434, 1985 U.S. Dist. LEXIS 17415, *7, 227 U.S.P.Q. (BNA) 168, 170.

2

Therefore, Google should be deemed to have conceded any argument Google did not oppose in Plaintiff's Cross-Motion including the aforesaid.

**Nemanov's concession to Plaintiff's cross-motion also bars Google's Opposition**

Procedurally, the Court relieved Nemanov's Counsel on September 10, 2020 and set a briefing schedule evidently to give Nemanov time to: a) secure new counsel, b) file his Opposition to Plaintiff's Cross-Motion, c) Reply to Plaintiff's Opposition to Nemanov's Motion to Realign;  by October 13, 2020.  (ECF #49).

After Nemanov's (then) Counsel Stern's departure due to a "conflict", Nemanov has not done anything further in the lawsuit.  Nemanov didn't engage Counsel. Nemanov has filed no Opposition to Plaintiff's Cross-Motion. Nemanov has filed no Reply to Plaintiff's Opposition to Nemanov's Motion.

Nemanov's failure to oppose Plaintiff's Cross-Motion is an implicit concession to the relief sought by Plaintiff, namely, that Nemanov is not a Fed. R. Civ. Pro. Rule 19 Necessary Party, need not be named, and may be dismissed/removed from the First Amended Complaint. See Koehler v. Bank of Bermuda (New York) Ltd., 1998 U.S. Dist. LEXIS 1766, *24, No. 96 Civ. 7885 (JFK), 1998 WL 67652, at *8 (S.D.N.Y. February 19, 1998) ("The Court views Plaintiff's failure to oppose as an implicit concession to the relief sought . . . ."); McLean v. City of Rome, 1998 U.S. Dist. LEXIS 8734, [*10]  *13, No. CIV A 95 CV1713 RSP/DNH, 1998 WL 312350, at *5 (N.D.N.Y. June 8, 1998) (finding that plaintiff consented to defendant's motion for summary judgment by failing to oppose it). Broad v. DKP Corp., 1998 U.S. Dist. Lexis 12942, *9-10, 1998 WL 516113.

The Broad Court stated:

Moreover, I note that Local Civil Rule 7.1 provides that:  Except as otherwise permitted by the court, all motions and all oppositions thereto shall be supported by a memorandum of law,

3

setting forth the points and authorities relied upon in support of or in opposition to the motion, and divided, under appropriate headings, into as many parts as there are points to be determined. Willful failure to comply with this rule may be deemed sufficient cause for the denial of a motion or for the granting of a motion by default. While this rule is typically used to place in default parties who fail to respond to an opposing motion in any respect, see, e.g., Chang v. Bank of China, 1998 U.S. Dist. LEXIS 2740, No. 97 Civ. 1287 (LAP), 1998 WL 106150 at *2 (S.D.N.Y. March 9, 1998); Dodson v. Runyon, 957 F. Supp. 465, 468 (S.D.N.Y 1997), aff'd, 152 F.3d 917, 1998 WL 386199 (2d Cir. 1998), it has also been applied to situations in which a party responds to a motion with papers other than an opposition memorandum of law. See, e.g., Rotblut, 1997 U.S. Dist. LEXIS 242, *2, 1997 WL 16063, at *1 (holding that submitting an affidavit, rather than a memorandum of law, in opposition to plaintiffs' motion to amend their complaint violated former version of Local Rule 7.1). By submitting a cross-motion to amend its complaint without also including a memorandum of law in response to defendant's motion to dismiss, plaintiff is in violation of Local Rule 7.1, and consequently defendant's motion could be granted by default on that ground alone. See, e.g., Laverpool v. New York City Transit Auth., 760 F. Supp. 1046, 1053 n.3 (E.D.N.Y. 1991). Broad v. DKP Corp., 1998 U.S. Dist. LEXIS 12942, *10, 1998 WL 516113 Footnote 2.

Given Nemanov's failure to Oppose Plaintiff's Cross-Motion, and Nemanov's failure to Reply to Plaintiff's Opposition to Nemanov's Motion to Realign, Plaintiff is entitled to a finding that the Agreement debars Nemanov from participating in the Lawsuit as a co-Plaintiff/Necessary Party as Google now argues. That Agreement, is styled as an "Agreement between Owners of Undivided Interests in the Patent" ("Agreement") (ECF #15-2).

In the Agreement Nemanov became debarred as an owner and only retained a right to be paid.  35 U.S.C §262 and Patent Case law confirm that waiver is valid per an Agreement between "joint-inventors". As shown below,  the "Agreement" exception to 35 U.S.C §262 requires only an "Agreement" which may be oral or written, and need not be judicially confirmed (i.e. res judicata) as Google evidently mistakenly believes.

Plaintiff's Opposition to Nemanov's Motion, to which Nemanov did not Reply, argued that pursuant to the Agreement Nemanov has no right to litigate as a co-owner:

> After the March 3, 2020 hearing by letter dated May 22, 2020 Plaintiff made a demand upon Nemanov to join the federal lawsuit pursuant to their Agreement.  A copy of that May 22, 2020 Demand is annexed hereto as Exhibit J.  That Demand was rejected by Nemanov because he did not want to be bound by the Agreement through which Nemanov inter alia granted Plaintiff the sole right to sue to enforce Plaintiff's Patents.

Instead, Nemanov's Counsel Spirgel emailed the undersigned a "one liner" Nemanov consent to join as Plaintiff that was not grounded in the Agreement.  That was rejected by Plaintiff. Attached as <u>Exhibit K</u> is a copy of that "one liner" consent.

Nemanov's State Court Counsel Spirgel's evident long-time acquaintance, Counsel Stern current Federal Patent Counsel for Nemanov evidently tried yet again to enable Nemanov to avoid his Agreement with Plaintiff.

Attached as <u>Exhibit L</u> is the full email correspondence between Counsel Stern and Plaintiff's Counsel.  Contrary to what Attorney Green argues it was Attorney Stern who first contacted Plaintiff's Attorney on June 10, 2020  (ECF #29 Greeen Aff. ¶4-5).[1]

The Nemanov's Counsel's Stern email correspondence with Plaintiff's Counsel clearly shows Nemanov's recalcitrance and continued refusal to join the within lawsuit as per his Agreement with Plaintiff.  <u>Exhibit L,</u> passim.

Given Nemanov's Sabotage Narrative and Conduct "track record", Nemanov can be expected to continue to disrupt, interfere, and sabotage the prosecution of the within Google lawsuit by Plaintiff. Given the Agreement, Nemanov is not a Rule 19(a) necessary party and Nemanov's Sabotage Narrative and Conduct, the Court should grant Plaintiff's Cross-Motion by ordering that Nemanov is not a Rule 19(a) necessary party and that Plaintiff's lawsuit against Google may proceed without Nemanov. Plaintiff's Memo of Law ECF #39 pp.10-11

35 USCS § 262 states:  "In the absence of any agreement to the contrary, each of the joint owners of a patent may make, use, offer to sell, or sell the patented invention within the United States, or import the patented invention into the United States, without the consent of and without accounting to the other owners."

Because 35 U.S.C §262 requires only an "agreement" which may be oral or written, and need <u>not</u> be confirmed judicially (i.e. res judicata),  because Nemanov has effectively waived the bundle of rights that identify Patent "ownership", contrary to what Google argues, Nemanov is therefore  not even a Fed. R. Civ. Pro. 19(a) Necessary Party.

Plaintiff has therefore Cross-Moved for an Order that Plaintiff may proceed without Nemanov herein.  Google's Opposition is misplaced and should be overruled.

## <u>Google's Opposition to Plaintiff's Cross-Motion is misplaced</u>

---

[1] Greeen Aff. ¶4 states: "On June 11, 2020, counsel for Weisner contacted Stern & Schurin to request Nemanov's participation as a co-plaintiff in the current litigation."

Google's Opposition to Plaintiff's Cross-Motion was filed on September 10, 2020. (ECF 50-52-2) before the Court's September 10, 2020 Order which fixed deadlines was filed. (ECF #49).

Google's Opposition to Plaintiff's Motion is therefore misplaced because  as indicated above Nemanov himself has implicitly conceded the validity of the Agreement in which he waived his rights.

Contrary to Google's assertion, that Agreement is uncontested and has not been contradicted by Nemanov in an affidavit in any court.

In the State Court Proceeding, Weisner v. Nemanov, et al., (Kings County Index No. 502269/2020), Plaintiff, based upon his Affirmation, Plaintiff has Moved for a Default Judgment against Nemanov and in the alternative for Summary Judgment because of the Agreement. Nemanov filed no answering affidavit in the State Court Action.

Attached hereto as Exhibit A is a true and correct copy of Plaintiff's State Court Affirmation. Attached as Exhibit B is the State Court NYSCEF Docket of which judicial notice is requested.

Contrary to what Google has argued in Opposition, Nemnaov has not contested the Agreement either in this Court or in State Court. (ECF #50 p.5, p.5 #52-2).  Google argues the defendants in the State Court case "continue to litigate", and "the dispute between Weisner and Nemanov is still live" and there is no "presupposed resolution of the case".  That is not supported by the State Court record and certainly not by any Nemanov Affidavit. (See below).

### Nemanov's "consent" is irrelevant as not per the Agreement

As indicated above, Nemanov has not opposed Plaintiff's Cross-Motion and has not Replied to Plaintiff's Opposition to Nemanov's Motion.  Plaintiff's Cross-Motion and

6

Opposition have argued that Nemanov by his State Court default – whether default had or had not been entered – had admitted the validity of Plaintiff's Agreement.  (ECF #39 pp.10-11). That Agreement has not been challenged by any Nemanov in any court and certainly not herein.

Instead, Nemanov in his Motion to Realign and now Google in Opposition to Plaintiff's Cross-Motion have  attempted to circumvent the existence of Nemanov's Agreement with Plaintiff by disingenuously tendering a one line "consent" to be a plaintiff herein but not per the Agreement. Google has evidently argued that Nemanov should be made a co-plaintiff because of that "consent". (Google Memo ECF #50 p.5).  That "consent" not per the Agreement is legally irrelevant because the Agreement satisfies the 35 USC §262 statutory exception.[2]

Given the Agreement, not only his Nemanov's on liner "consent" legally irrelevant but as Plaintiff argued in his Memo of Law, (ECF #39 pp.15-16):

> Where the co-owner of a patent or other entity or individual whose interest in a patent might be directly affected by litigation has specifically disclaimed all interest in pursuing litigation related to the patent in favor of the party who has brought the suit, courts have held that joinder of the co-owner or other entity or individual is not necessary. Agilent Techs., Inc. v. Micromuse, Inc., 2004 U.S. Dist. LEXIS 20723, *21, 2004 WL 2346152.
>
> Further, a co-owner of a patent does not need to be joined when he has contractually disclaimed the ability to sue for infringement. *Agilent Techs., Inc. v. Micromuse, Inc*., 2004 U.S. Dist. LEXIS 20723, at **17-25 (S.D.N.Y. 2004) (co-owner did not need to be joined because it had specifically transferred all rights to sue on the patent at issue); *Michaels of  Oregon, Co. v. Mil-Tech, Inc*., 1995 U.S. Dist. LEXIS 20875, at **2-8, 38 U.S.P.Q.2d 1060 (D.Ore. 1995) (determining that an absent co-owner of certain patents was not a necessary party where that absent co-owner had entered into an agreement with the plaintiff providing that only the plaintiff might file actions for patent infringement); Co-owner of a patent does not need to be joined when he has contractually disclaimed the ability to sue for infringement. *Agilent Techs., Inc. v. Micromuse, Inc*., 2004 U.S. Dist. LEXIS 20723, at **17-25 (S.D.N.Y. 2004)(co-owner did not need to be joined because it had specifically transferred all rights to sue on the patent at issue); *Michaels of Oregon, Co. v. Mil-Tech, Inc*., 1995 U.S. Dist. LEXIS 20875, at **2-8, 38 U.S.P.Q.2d 1060 (D.Ore. 1995) (determining that an absent co-owner of certain patents was not a necessary party where that absent co-owner had entered into an agreement with the plaintiff providing that only the plaintiff might file actions for patent infringement).

---

[2] Procedurally, Nemanov should have Intervened, in order to preserve his "one liner consent, and evident (then) desire to join *sans* and *ultra vires* the Agreement. ("Individual who seeks to join patent action on his own behalf as party plaintiff must proceed according to intervention procedures established in USCS Rules of Civil Procedure Rule 24".  Parker-Hannifin Corp. v. Samuel Moore & Co., 436 F. Supp. 498, 200 U.S.P.Q. (BNA) 44, 1977 U.S. Dist. LEXIS 16463 (N.D. Ohio 1977).  The fact that Nemanov didn't intervene and failed to even oppose Google's Motion to Dismiss with Prejudice after his Counsel's departure due to a "conflict"  is telling.

> As indicated above, and under the foregoing cases, Nemanov is not a "joint owner" because under the Agreement he waived all rights except to be paid.35 USCS § 262. (Id.).

As indicated above, Google has evidently not opposed this and therefore conceded it.

### **Mere existence of an Agreement triggers the 35 USC §262 statutory exception**

Google like Nemanov has argued that the Agreement has been "contested" in State Court. Again, that is incorrect.

As indicate above,  Nemanov's current default in Opposition and Reply impliedly concedes the validity of the Agreement. Nemanov's default in State Court Answer also conceded the validity of the Agreement. (ECF #39 pp. 11-12).

Google's Memo of Law (ECF #50 p.5), based upon its Counsel's Declaration's Exhibit B (ECF #50, #52-2)  argues the defendants in the state court case "continue to litigate", and "the dispute between Weisner and Nemanov is still live" and there is no "presupposed resolution of the case". Yet, had Google taken even a cursory review of the State Court Docket, it would be clear that Nemanov has not filed any affidavit contesting his default, let alone, the validity of the Agreement.   No Defendant has filed an affidavit contesting the Agreement's validity.

Contrary to Google's argument, the existence of an Agreement even if oral is by itself sufficient for the 35 USC §262 statutory exception of "any agreement to the contrary" to apply:

Hospital's unjust enrichment claim against co-inventor of drug was not preempted by 35 USCS § 262 because statutory exception to joint owner's patent rights when there was "any agreement to contrary," could refer to oral agreement; there did not have to be written, legally enforceable contract. Mass. Eye & Ear Infirmary v. QLT, Inc., 495 F. Supp. 2d 188 (D. Mass. 2007), aff'd in part, vacated in part, remanded, 552 F.3d 47 (1st Cir. 2009); 35 USCS § 262 [*235]  We recognize that the preemption issue here is close. It is true that allowing MEEI's claim to proceed would, to some extent, impinge upon QLT's rights as a co-inventor. However, the statute itself admits of an exception to those rights when there is "any agreement to the contrary." QLT suggests that this exception only applies where there is a written, legally enforceable contract. But § 262 says no such thing. Congress knew how to insist upon a contract, and even how to specify [**43]  that it must be reduced to writing. Cf. 35 U.S.C. § 261 (holding that patent rights are "assignable in law by an instrument in writing") (emphasis added). However, § 262 simply

8

speaks of "any agreement." MEEI has provided evidence of an agreement with QLT in which QLT promised to "negotiate in good faith with MEEI . . . to come to an agreement on reasonable terms and royalty rates which will be consistent with industry standards under similar circumstances." We have held, supra Part III.A.1, that this agreement was not enforceable as a contract, because the terms are too indefinite. However, if the fact-finder determines that there was such an agreement, it might still qualify as an "agreement" under § 262, and therefore form the basis for equitable relief on a theory of unjust enrichment without presenting any conflict with the allegedly preempting statute. Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 412 F.3d 215, 235, 2005 U.S. App. LEXIS 11754, *42-43, 75 U.S.P.Q.2D (BNA) 1225, 1237.

Put otherwise, "Rule 19(a) does not require that evidence that an owner lacks the ability to sue a defendant for infringement take any specific form. The district court opinions that CSC has cited applied the Rule 19 standard to the facts before them. Here, while Micron is a co-owner of the '491 Patent, it has contracted away any right it may have had to sue CSC for infringement of that patent. Similarly, Rodriguez cannot be required to disclaim an intention to sue CSC for infringement where there is no evidence that he has the right to bring such a suit." Tele-Guia Talking Yellow Pages v. Cablevision Sys. Corp., 2007 U.S. Dist. LEXIS 80616, *11, 2007 WL 3224573. Given the Agreement, Nemanov has no right to be named herein or sue Google.

Thus the mere existence of the Agreement enables Plaintiff a) to use the Agreement for Rule 19 purposes herein to have pled Nemanov as an Involuntary Party in the First Amended Complaint to avoid Google's motion practice, b) to have the Court declare that Nemanov is not a Rule 19 Necessary Party who may be eliminated from the Plaintiff's Patent Lawsuit, or c) to have Nemanov realigned as an Involuntary Party Plaintiff given Nemanov's refusal to join per the Agreement.

### Standing is not a "sideshow" and a motion to stay would be frivolous

Google's Opposition argues that:

Weisner and Nemanov's ownership-related dispute is a sideshow to this litigation, which revolves allegations of infringement and invalidity of the patents, not ownership. Weisner and Nemanov have not raised their respective ownership claims before this Court. Indeed, as a court in the sister Eastern

9

District of New York has recognized, the "proof and questions of law of the infringement and ownership issues differ greatly" and "ownership of these patents is governed by state contract law whereas infringement is governed by federal law." Loral Fairchild Corp. v. Matsushita Elec. Indus. Co., Ltd., 840 F. Supp. 211, 218 (E.D.N.Y. 1994) (staying case pending resolution of ownership dispute upon request by contested patent co-owners). Because these ownership claims are not before this Court, it need not render a pre-emptive judgment nullifying Nemanov's status as a patent co-owner and should maintain Nemanov as a party. (ECF #50 p.6)

Google is incorrect.  In another case involving Google, Google  did not call its Motion to Dismiss for Failure to Join All Co-Owners of the Patent-In-Suit and for Failure to Join An Indispensable Party Pursuant to Fed. R. Civ. P. 12(b)(7) and Fed. R. Civ. P. 12(b)(19)  a "side show".  Compression Labs, Inc. v. Acer et al. 2004 U.S. Dist. Ct. Motions LEXIS 10424.  In that case the Eastern District of Texas Court opined that what Google calls a "sideshow" is procedurally the question of "who is the proper party to bring a lawsuit."  (Id.). Procedurally, that is a standing question and not a "side show".

Google's citation to Loral Fairchild Corp. v. Matsushita Elec. Indus. Co., 840 F. Supp. 211, 213 1994 U.S. Dist. LEXIS 4319, 31 U.S.P.Q.2D (BNA) 1499 is also misplaced.

Loral Fairchild Corp involved thirty-eight defendants -- thirty-six for infringement of two patents (the "infringing defendants") while two, NSC and FSC, are involved in an ownership dispute over the two patents at issue (the "ownership defendants"):

Loral alleges that in an agreement dated August 21, 1987 (the "August 21 agreement"), FSC assigned all right, title, and interest to certain defined CCD Technical Rights to Fairchild Weston ("Weston"), a division of Schlumberger. This agreement [**7]  allegedly included the '674 and '485 patents listed on Schedule A to the August 21 agreement. FSC alleges that the copy of the agreement which it signed did not contain Schedule A; thus, it is their contention that the assignment of the two patents did not occur and that only a non-exclusive license was transferred. Thus, NSC acquired ownership of the patents through the merger. Loral Fairchild Corp. v. Matsushita Elec. Indus. Co., 840 F. Supp. 211, 214, 1994 U.S. Dist. LEXIS 4319, *6-7, 31 U.S.P.Q.2D (BNA) 1499, 1501.

While there is no motion for a stay herein, and such motion would be frivolous, without waiver, none of the factors present in Loral Fairchild Corp. are present herein.  Manifestly,

Nemanov's Motion and Plaintiff's Cross-Motion do not seek an adjudication over who owns the patents in suit, but rather who has the right to sue in Federal Court under the Agreement.

Our case presents a Fed. R. Civ. P.  R.19 Standing issue and not an ownership issue.

Google argues that:

In fact, Nemanov must remain party to this case until the ownership dispute is finally concluded so that he cannot get a second bite at the apple if Google and Weisner are able to resolve the matter. See Ottah v. Nat'l Grid, 19 Civ. 08289 (PAE) (RWL), 2020 WL 2543105, at *6 (S.D.N.Y. Apr. 27, 2020) ("since all co-owners have standing to sue for infringement, if all the co-owners are not joined in an infringement suit, there may be a risk that the defendant will be subject to multiple suits") (internal quotations and citations omitted); see also Union Trust Nat'l Bank v. Audio Devices, Inc., 295 F. Supp. 25, 27 (S.D.N.Y. 1969) ("That all co-owners be parties to a suit is a necessary requirement if conflicting decisions about the same patent (for example, its validity) are to be avoided."). If the agreement that Weisner relies on to claim sole ownership of the patents-in-suit turns out to be invalid, then even a release from Weisner would not "defeat an action by other co-owners to recover damages for past infringement." Schering Corp. v. Roussel-UCLAF SA, 104 F.3d 341, 345 (Fed. Cir. 1997) ("a license granted by one coowner cannot discharge an infringer's liability to the other co-owner for past infringement"); see also Ethicon, Inc. v. U.S. Surgical Corp., 135 F.3d 1456, 1467 (Fed. Cir. 1998) ("Absent agreement to the contrary, a co-owner cannot grant a release of another co-owner's right to accrued damages.").

Google is again incorrect. The mere existence of the Agreement is sufficient to trigger the 35 USC § 262 statutory exception of "any agreement to the contrary" to apply to permit the Court to remove Nemanov from the Plaintiff's Complaint.  As indicated below, the existence of the Agreement itself insures that Google would not be subject to a second suit by Nemanov let alone Weisner.

Ottah v. Nat'l Grid, 19 Civ. 08289 (PAE) (RWL), Case 1:19-cv-08289-PAE-RWL Document 38  filed 04/27/20, cited by Google, actually supports Plaintiff's Cross-Motion.

As the Ottah Court stated:

However, the requirement to join patent co-owners as parties is not absolute. "Since the introduction of Fed. R. Civ. P. 19 . . .  courts are less concerned with abstract characterizations of the parties and more concerned with whether the rights of the parties can be fairly adjudicated absent joinder of the patent co-owner."  Agilent Technologies, Inc. v. Micromuse, Inc., No. 04 Civ. 3090, 2004 WL 2346152, at *7 (S.D.N.Y. Oct. 19, 2004) (internal citations omitted).

11

Rather, "where the co-owner of a patent or other entity or individual whose interest in a patent might be directly affected by litigation has specifically disclaimed all interest in pursuing litigation related to the patent in favor of the party who has brought the suit, courts have held that joinder of the co-owner or other entity or individual is not necessary."  Agilent Technologies, Inc., 2004 WL 2346152 at *7 (citing Vaupel Textilmaschinen KG, 944 F.2d at 875). (Id.).

Further, Agilent Technologies was actually cited in Plaintiff's Plaintiff's Cross-Motion's Memo of Law (ECF #39 pp.15.-16) in support of Plaintiff's Cross-Motion that Nemanov be dismissed from the lawsuit because he is not a Rule 19 Necessary Party.

Union Trust Nat'l Bank v. Audio Devices, 295 F. Supp. 25, 26, 1969 U.S. Dist. LEXIS 13188, *1, 161 U.S.P.Q. (BNA) 714, 715 cited by Google, is easily distinguished because it involved an assignment of patent and laches by one of the owners. (The rule appears to be firmly established that where there has been an assignment of an interest in a patent so that there are two or more owners of the patent, all owners must be joined in the action or there is such defect of parties as to require dismissal of the action.)(Id.)

Union Trust also stands for the proposition that "If by deliberate act one co-owner of a patent may not destroy the rights of another, it would seem equally true that the laches of one co-owner would not bar another co-owner, himself not guilty of laches. Union Trust Nat'l Bank v. Audio Devices, 295 F. Supp. 25, 26, 1969 U.S. Dist. LEXIS 13188, *1, 161 U.S.P.Q. (BNA) 714, 715. Because Nemanov has refused to join as per the Agreement he is attempting to destroy Plaintiff's Patent rights something prohibited by Union Trust.

Further, Google's citation to Schering Corp. v. Roussel-UCLAF SA, 104 F.3d 341, 345 (Fed. Cir. 1997) actually supports Plaintiff's Cross-Motion.

Schering Corp. involved a patent owner and co-owner that entered into a co-owners' contract in which they agreed that each had the unilateral right to file an infringement action against a third party and that each would assist the other in any such action. However, the co-

owner licensed the licensee, with whom it had been in negotiations, just after the owner notified

the co-owner that it filed suit against the licensee. The court affirmed the judgment. The court

held that a co-owner of a patent had the right to license the patent absent an agreement to the

contrary. Schering Corp. v. Roussel-UCLAF SA, 104 F.3d 341, 342, 1997 U.S. App. LEXIS

277, *1, 41 U.S.P.Q.2D (BNA) 1359, 1360.  Schering Corp. thus supports the right of a Patent

owner to contract for unilateral right to file an infringement action against a third party and that

each would assist the other in any such action. The problem arose when the co-owner licensed

the licensee. The court held that the plain meaning of the term was that the co-owner was to

provide whatever evidence it could to the litigating owner. (Id.).

The plain meaning of Plaintiff's Agreement clearly debars the need for Nemanov to be

part of the lawsuit because only Plaintiff has the right to sue for Patent Infringement.

Googles citation to Ethicon, Inc. v. United States Surgical Corp., 135 F.3d 1456, 1458,

1998 U.S. App. LEXIS 1445, *1, 45 U.S.P.Q.2D (BNA) 1545, 1546, 48 Fed. R. Evid. Serv.

(Callaghan) 1226 is also misplaced.

Ethicon, Inc. involved Plaintiff's suit against defendant for allegedly infringing plaintiff's

patented tool used in endoscopic surgery:

 "Meanwhile, defendant had obtained a retroactive license to use the inventions of defendant-
intervenor, the co-inventor. The court here found no reason to reverse the district court's finding
that defendant-intervenor conceived part of the invention and showed entitlement to the status of
co-inventor. The court found that defendant-intervenor's corroboration evidence satisfied the rule
of reason. Defendant moved for dismissal of the infringement suit, arguing that defendant-
intervenor, as a joint owner of the two patented processes, had granted defendant a valid license
under the patents. The court here affirmed the district court's dismissal because plaintiff's
complaint lacked the participation of defendant-intervenor, a co-owner of the patents. Defendant-
intervenor did not consent to an infringement suit against defendant and could no longer consent
due to his grant of an exclusive license to defendant with its accompanying right to sue. Ethicon,
Inc. v. United States Surgical Corp., 135 F.3d 1456, 1458, 1998 U.S. App. LEXIS 1445, *1, 45
U.S.P.Q.2D (BNA) 1545, 1546, 48 Fed. R. Evid. Serv. (Callaghan) 1226

Ethicon, Inc. is easily distinguishable from our case because of the plain language of the

Agreement, the lack of any retroactive effect of a license or  any license. Ethicon, Inc. v. United

States Surgical Corp., 135 F.3d 1456, 1467, 1998 U.S. App. LEXIS 1445, *31, 45 U.S.P.Q.2D

(BNA) 1545, 1553, 48 Fed. R. Evid. Serv. (Callaghan) 1226.

### Google will not be prejudiced by Nemanov's elimination from the lawsuit

Google's Opposition states:

"As an initial matter, the realignment requested by Nemanov is appropriate; he is not an
"involuntary" party as he both agreed to join and seeks to remain in the case. Dkt. No. 30 at 2-3
(confirming Nemanov's agreement to participate and cooperate in this case). Additionally, a
patent co-owner cannot be joined involuntarily to a patent litigation." STC.UNM v. Intel Corp.,
767 F.3d 1351, 1355 (Fed. Cir. 2014) ("[t]he rule against involuntary joinder is well
established"); see also STC.UNM v. Intel Corp., 754 F.3d 940, 946 (Fed. Cir. 2014) ("To
remove any doubt, this court holds that the right of a patent co-owner to impede an infringement
suit brought by another co-owner is a substantive right that trumps the procedural rule for
involuntary joinder under Rule 19(a)."). Realigning Nemanov as a co-plaintiff would also satisfy
the "collision of interests" test used in the Second Circuit as the actual controversy in this matter
is not between Nemanov and Weisner but between them and Google. See Md. Cas. Co. v. W.R.
Grace & Co., 23 F.3d 617, 622 (2d. Cir. 1993).

Google is mistaken. There is no "right of a patent co-owner" that procedurally "trumps"

Plaintiff herein because as indicated above, there is the existence of Plaintiff's Agreement

wherein Nemanov waived his 35 U.S.C. §261 rights.

The STC.UNM Court opinion actually stated that:

In other contexts, courts have read Rule 19 as authorizing involuntary joinder of plaintiffs only if
the proposed plaintiff is substantively obligated to join. Caprio v. Wilson, for example, explained
that joinder of involuntary plaintiffs was intended for circumstances in which there was a trust
relationship between the plaintiff and involuntary co-plaintiff, obligating the involuntary co-
plaintiff to allow its name to be used in the suit. 513 F.2d 837, 839-40 (9th Cir. 1975). When that
trust or underlined contractual relationship is lacking, courts have declined to allow plaintiffs to
involuntarily join other plaintiffs. STC.UNM v. Intel Corp., 767 F.3d 1351, 1353, 2014 U.S.
App. LEXIS 17831, *4, 112 U.S.P.Q.2D (BNA) 1294, 1296.(Emphasis supplied).

As Nemanov has refused Plaintiff's demand to join the lawsuit as per the Agreement,

because of the existence of that Agreement Nemanov may not be joined other than an

Involuntary Party because of that Nemanov refusal.

Gven the existence of the Agreement, Nemanov's "consent" not per the Agreement fully justifies an Involuntary Party status for Nemanov. Google in effect asks the Court, as Nemanov has, to ignore the existence of the Agreement and provide Nemanov with rights ultra vires the Agreement to which Nemanov is not entitled to.  If Nemanov was made a "co-plaintiff" that would give him "rights" which would make a mockery of the little, if anything, he contributed to the Patent, its creation, its practice, or its funding. Nemanov has Sabotaged and continuously interfered with Plaintiff's Patent rights under the Agreement.

Further, there is no danger to Google at all of being sued upstream by Nemanov or being the subject of an inconsistent judgment.  There has been no affidavit filed in state court, or herein, by Nemanov contesting the validity of the Agreement he signed.  His lack of opposition or reply herein and his default in State Court have conceded and admitted the validity of the Agreement.

At the time this lawsuit was filed the Agreement was and remains uncontested and therefore Plaintiff has and retains the sole right based thereon to sue Google.  Nemanov has not opposed Google's motion to dismiss with prejudice. Only Plaintiff has filed opposition thereto.

While Plaintiff is confident that his opposition will result in Google's motion to dismiss being denied, hypothetically should Google's motion be granted, Google doesn't seriously believe that Plaintiff or Nemanov could sue again.  Or, should the complaint be dismissed without prejudice, and the Agreement later be shown judicially to be "invalid" a very unlikely possibility then Plaintiff and Nemanov could only sue Google if they joined together to sue Google as required by 35 U.S.C. §262.

So, there is no scenario where Google would face a second suit by Nemanov or an

15

inconsistent result from the within litigation with Plaintiff.  In the unlikely event that Google's motion to dismiss succeeds that would be res judicata.  If Plaintiff wins, that is res judice because Plaintiff has relied upon the Agreement is suing Google and could not be gainsaid to "repudiate" the Agreement upon which he has relied. Nemanov would be bound thereby.

Thus, Nemanov is not necessary to the litigation, or because he has refused to join per the Agreement, if not dismissed, he should only be realigned as an involuntary Plaintiff.

### Nemanov has no right to participate in the lawsuit and should not be realigned or joined

Contrary to what Google has argued, Nemanov has no right to be a co-plaintiff.  A holder of an undivided fractional interest may agree by contract, however, that his co-owners may sue infringers without him. Cilco, Inc. v. Copeland Intralenses, Inc., 614 F. Supp. 431, 434, 1985 U.S. Dist. LEXIS 17415, *7, 227 U.S.P.Q. (BNA) 168, 170; "This clause allows either co-owner a unilateral right to file suit against an infringer. We interpret this clause as a waiver by both co-owners of any right to protest the adverse consequences that could enure to his or its detriment from a suit initiated by the other co-owner.  A co-owner who grants another owner a right to bring litigation in his "sole discretion" should not be allowed to argue later that such litigation should be precluded on the ground that it is detrimental to his interests in the patent. We conclude that Star, as a co-owner, waived protection of the two interests it had in preventing an infringement suit on its patent without its voluntary joinder in the action." Willingham v. Lawton, 555 F.2d 1340, 1345, 1977 U.S. App. LEXIS 13221, *13-14, 194 U.S.P.Q. (BNA) 249, 253, 23 Fed. R. Serv. 2d (Callaghan) 447;  The only statutory section dealing with joint ownership of patents, specifically allows joint owners to change the relationship among themselves by agreement. Willingham v. Lawton, 555 F.2d 1340, 1341, 1977 U.S. App. LEXIS 13221, *1, 194 U.S.P.Q. (BNA) 249, 250, 23 Fed. R. Serv. 2d (Callaghan) 447.

Because of the Agreement, now deemed admitted, Nemanov is not a Rule 19(a) necessary party at all and therefore Google's opposition is misplaced.

The Court should grant Plaintiff's Cross-Motion and permit Plaintiff to amend his complaint to omit Nemanov.

### Arugendo, Nemanov may be joined as an Involuntary Plaintiff at any time

"Under circumstances in which a plaintiff has a contractual right to unilaterally enforce the patent, as Plaintiff has, Rule 19 unremarkably allows that plaintiff to join involuntary plaintiffs. Without agreement, no precedent has held that a co-owner may be involuntarily joined." STC.UNM v. Intel Corp., 767 F.3d 1351, 1354, 2014 U.S. App. LEXIS 17831, *6-7, 112 U.S.P.Q.2D (BNA) 1294, 1297.

If arguendo this Court finds Nemanov is a necessary party notwithstanding that he has not retained any substantial rights in the patent, Nemanov may nevertheless be joined as an involuntary Plaintiff at any time by this Court up until final judgment is entered.

If arguendo the Court finds that Nemanov is a necessary party – but he is not - the Court may join  Nemanov as an Involuntary Party  at this stage of the proceedings or at any time up until the entry of judgment. Google would not be prejudiced in any way by this.

### Judicial Notice Requested of State Court Docket and Submissions between the Parties

A court may take judicial notice of any fact  "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The rule instructs that where a party has properly requested such notice and supplied the court with the necessary information, a court "shall take judicial

17

notice. Hotel Employees & Rest. Employees Local 2 v. Vista Inn Mgmt. Co., 393 F. Supp. 2d

972, 977 (N.D. Cal. 2005), citing to Fed. R. Evid. 201(d).

Plaintiff respectfully requests judicial notice be taken of the foregoing State Court

NYSCEF Docket and Exhibit which were filed of record in the State Court Litigation and which

are relevant as stated hereinabove to Plaintiff's Reply to Google's Opposition.

## <u>CONCLUSION</u>

The Court should grant Plaintiff's Cross-Motion and deny Google's Opposition to

Plaintiff's Cross-Motion.

Dated: Monsey, New York                              Respectfully submitted.
November 19, 2020                                     JACOB GINSBURG, ESQ. PLLC

                                                      _/s/Jacob Ginsburg
                                                     By: Jacob Ginsburg, Esq.
                                                     One Concord Drive
                                                     Monsey, NY 10952
                                                     (845) 371-1914
                                                     Attorney for Plaintiff

18