UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
SHOLEM WEISNER and SHMUEL NEMANOV,  :
:
        Plaintiff and Involuntary Plaintiff,  :  **ORDER GRANTING IN PART**
:  **MOTION TO DISMISS**
  -against-  :  **WITHOUT PREJUDICE**
:
:  20 Civ. 2862 (AKH)
:
GOOGLE LLC.  :
:
                           Defendant.  :
------------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

      The following order treats plaintiff's claims that Google infringed. Plaintiff's claims are conclusory and insufficient and are dismissed with leave to replead. The argument tomorrow afternoon will be limited to Google's motion to dismiss on grounds of invalidity.

      In order to state a claim for patent infringement, the Complaint must "plausibly allege that the accused product practices each of the limitations found in at least one asserted claim." *e.Digital Corp. v. iBaby Labs, Inc.*, 2016 WL 4427209, at *3 (N.D. Cal. Aug. 22, 2016). Courts require "some level of specificity" beyond recitation of a patent infringement claim's elements. *Wistron Corp v. Phillip M. Adams & Associates, LLC*, No. CV–10–4458–EMC, 2011 WL 4079231, at *4 (N.D.Cal. Sept. 12, 2011). The Plaintiff must allege facts showing why it is plausible that the Defendant's products infringe on a claim. *DIFF Scale Operation Research, LLC v. MaxLinear, Inc.*, 2020 WL 2220031, at *2 (D. Del. May 7, 2020); *see also Nalco Company v. Chem-Mod, LLC*, 883 F.3d 1337, 1354 (Fed. Cir. 2018) (claim for infringement sufficiently pled where complaint contained allegations as to what aspect of the accused process it believed was equivalent to the claim method step). Paraphrasing claim limitations and making conclusory allegations that Defendant's product infringes the patent are insufficient to survive a

motion to dismiss.  *DIFF Scale Operation Research, LLC,* 2020 WL 2220031, at *2; *see also Apollo Fin., LLC v. Cisco Sys., Inc.*, 190 F. Supp. 3d 939, 943 (C.D. Cal. 2016) (Plaintiff does not state a plausible claim for patent infringement by simply identifying the allegedly infringing products and reciting the elements of a patent infringement claim in a conclusory fashion, absent any factual support.)

Here, the amended complaint contains insufficient factual allegations regarding Defendant's products and how they relate to the Plaintiff's claims. The complaint names certain Google features within Google Maps, and states that the features infringe, but doesn't provide material factual details. *See* Am. Compl. ¶ 84.  It does not describe the Google Map features in particularity that are claimed to infringe, nor does it compare those features to the features of the claims that are alleged to have been infringed. *See Nalco Company v. Chem-Mod, LLC*, 883 F.3d at 1354.  Plaintiff's allegations of infringement are conclusory and insufficient.

Additionally, Plaintiff has not shown, whatever the infringement, that Google is the infringer.  A number of actors are alleged to have been guilty of infringement, but there is no plausible, definite allegation that Google "control[led] the system and obtain[ed] benefit from it," Nor have all the infringed claim elements been sufficiently alleged. *Centillion Data Sys., LLC v. Qwest Commc'ns. Int'l, Inc.*, 631 F.3d 1279, 1286, 1288 (Fed. Cir. 2011). To satisfy the *Twombly* pleading standard for joint infringement in the case of multiple actors, the Plaintiff must plead "facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction and control' over the other's performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." *Lyda v. CBS Corp.*, 838 F.3d 1331, 1338-39 (Fed. Cir. 2016) (citing *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir.

2015)). Plaintiff's claims require multiple actors to perform the claim method steps, such as the users, the vendors, and some sort of GPS provider. Plaintiff alleges that "all the steps of [the claims] are performed by either Google, its customers, purchasers, users, and developers, or some combination thereof, *see* Am. Compl. ¶ 103, but that hardly is sufficient.

Because the complaint does not sufficiently allege direct infringement, plaintiff's claims for indirect infringement cannot be sustained. *See In re Bill of Lading*, 681 F.3d 1323, 1336 (Fed. Cir. 2012) (To support a claim for indirect infringement, a plaintiff needs to plead "facts sufficient to allow an inference that at least one direct infringer exists."). In conclusion, all plaintiff's claims of infringement are hereby dismissed, with leave to replead within 20 days.

SO ORDERED.

Dated:	January 4, 2021	            /s/ Alvin K. Hellerstein
	New York, New York	    ALVIN K. HELLERSTEIN
	                            United States District Judge