UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

SHOLEM WEISNER,

                              Plaintiff,

-against-

GOOGLE LLC and SHMUEL NEMANOV.

               Defendant and Involuntary Party.

------------------------------------------------------------------ x

**ORDER**

20 Civ. 2862 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

       The above-captioned patent infringement case is before me on remand in part from the Federal Circuit. On January 4, 2021, I granted Defendant Google's motion to dismiss the First Amended Complaint ("FAC"), noting that Plaintiff failed to describe with particularity Google's allegedly infringing features, and that Plaintiff failed to compare those features to the patent claims Google allegedly infringed. *See* ECF No. 68. Plaintiff filed a Second Amended Complaint ("SAC"), which Google again moved to dismiss (1) for failure to plead a plausible claim for infringement and (2) for claiming patent ineligible subject matter. On July 28, 2022, I issued an Order dismissing the SAC based solely on the second ground. ECF No. 102. On appeal, the Federal Circuit remanded as to two of the four patents at issue. ECF No. 107.

       On December 5, 2022, Google renewed its motion to dismiss the SAC for failure to plead a plausible claim for infringement. I find that the Second Amended Complaint (ECF No. 72) cured the deficiencies of the First Amended Complaint by providing claims charts (ECF Nos. 72-3, 72-4) describing with particularity the Google features which infringe on Plaintiff's patent claims. I therefore find that the Second Amended Complaint "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and that Plaintiff

has "plead[ed] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Plaintiff has thereby "give[n] the defendant fair notice of what the . . . claim is and the ground upon which it rests." *Twombly*, 550 U.S. at 545. Accordingly, I find that Plaintiff has plausibly alleged patent infringement with regard to the '905 and '911 patents. The Clerk of Court shall terminate the open motion (ECF No. 119).

The schedule provided by my Order of November 22, 2022 (ECF No. 110) is cancelled. The following is the procedure to be followed.

1. Defendants shall file an Answer no later than December 22, 2022.
2. No later than January 13, 2023, the parties shall meet and prepare a four-column table. At the meeting, the parties shall populate the first column with all phrases in either the '905 or the '911 patent requiring construction in the opinion of any of the parties.
3. No later than February 3, 2023, Plaintiff shall populate the second column of the table with Plaintiff's proposed construction of all phrases and produce the table to Defendants.
4. No later than February 24, 2023, Defendants shall populate the third column of the table with Defendants' proposed construction. If the Defendants differ, the defendants may propose particular versions.
5. No later than February 27, 2023. the Parties shall jointly file the table, leaving a blank column for the Court's rulings.
6. A Markman Hearing (*Markman v. Westview Instr., Inc.* 517 U.S. 370 (1998)) will be held on March 10, 2023 at 10:30 p.m., before any discovery takes place. The Court will then decide the proper construction of each phrase and, after that, discuss the discovery program for the parties, or set a

date for such discussions. Until the Claims construction order, there will be no discovery. The parties will agree to a schedule that will allow them to complete the table timely, and submit the same to be approved by the Court.

SO ORDERED.

Dated: December 8, 2022
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge