**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SHOLEM WEISNER and SHMUEL NEMANOV,

      Plaintiff and Involuntary Plaintiff,

v.

GOOGLE LLC,

      Defendant.

Case No.: 20-cv-02862-AKH

**JURY TRIAL DEMANDED**

---

### DEFENDANT GOOGLE LLC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Google LLC ("Google" or "Defendant"), by and through its undersigned counsel, hereby answers and asserts the following defenses to the Second Amended Complaint brought by Sholem Weisner ("Plaintiff") and Shmuel Nemanov ("Involuntary Plaintiff").

Each of the paragraphs below corresponds to the same-numbered paragraphs in the Second Amended Complaint. Defendant denies all allegations in the Second Amended Complaint, whether express or implied, that are not specifically admitted below. Any factual allegation below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that purportedly follow from the admitted facts. Defendant denies that either Plaintiff or Involuntary Plaintiff is entitled to the relief requested or any other relief.

The headings provided in Google's response herein that correspond to headings in the Second Amended Complaint are provided merely as a matter of convenient reference to the Second Amended Complaint and are not an admission of any facts implied by such headings.

As the Federal Circuit has affirmed that the claims of U.S. Patent Nos. 10,380,202 ("'202

1

patent") and 10,642,910 ("'910 patent") are invalid under 35 U.S.C. § 101 for claiming patent-ineligible subject matter, Google denies any and all allegations concerning those patents and believes all allegations related thereto should be stricken from the Second Amended Complaint.

Defendant, through its undersigned counsel, answers as follows:

## THE PARTIES

1.      Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore denies them.

2.      Google admits that Google LLC is a Delaware limited liability company with a principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043. Google admits that it is registered with the Department of State of New York, Divisions of Corporations as a Foreign Limited Liability Company.  Google also admits that it may be served through its registered agent Corporation Service Company at 80 State Street, Albany, New York.

3.      Google admits it has an office at 111 Eighth Avenue, New York, New York. Google denies any remaining allegations of paragraph 3.

4.      Google admits that Plaintiff joined Shmuel Nemanov as an involuntary party to this action.  *See* Dkt. 15 (Plaintiff's First Amended Complaint).   The remaining allegations in paragraph 4 of the Second Amended Complaint contain legal conclusions and case citations that require no response.  To the extent a response is required, except as expressly admitted, Google denies the remaining allegations of paragraph 4.

5.      Google admits that the Court ordered Mr. Nemanov to be realigned on January 4, 2021 as an involuntary party plaintiff under Rule 19(a) of the Federal Rules of Civil Procedures. *See* Dkt. 67.  Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5, and therefore denies them.

## JURISDICTION AND VENUE

6.      Google admits that this action invokes the United States patent laws, and that this Court has subject matter jurisdiction over patent law claims.  Google denies that the Second Amended Complaint states a cause of action for patent infringement and denies that Google has committed any acts giving rise to such a cause of action.  Google denies any remaining allegations of paragraph 6.

7.      Google admits that venue is proper in the Southern District of New York for purposes of this particular action but not convenient or in the interests of justice under 28 U.S.C. § 1404(a).

8.      Google does not contest personal jurisdiction in this District solely for the purpose of this action.  Google specifically denies that it has committed any acts of infringement, whether direct or indirect, within this District, or any other District.  Google admits that it maintains an office in this District.  The remaining allegations in paragraph 8 of the Second Amended Complaint contain legal conclusions that require no response.  To the extent a response is required, Google denies any remaining allegations of paragraph 8.

9.      Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore denies them.  Google does note, however, that Involuntary Plaintiff Nemanov contests the propriety and enforceability of any agreement with Plaintiff Weisner.  *See, e.g.,* Dkt 30 at 2.

10.      Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and therefore denies them.  Google does note, however, that Involuntary Plaintiff Nemanov contests any enforceable agreement with Plaintiff Weisner. *See, e.g.,* Dkt 30 at 2.

## INVENTION BACKGROUND AND SYSTEM DETAILS

11.     Google denies the allegations of paragraph 11.  The United States Court of Appeals for the Federal Circuit found the '202 patent and '910 patents ineligible under 35 U.S.C. § 101. *Weisner v. Google LLC*, 51 F.4th 1073, 1084 (Fed. Cir. 2022).  Specifically, the Federal Circuit found that the claims of the '202 patent and the '910 patent are directed to the abstract idea of "creating a digital travel log," while failing to disclose anything beyond "conventional, non inventive concepts."  *Id.* at 1082-84.  Google also denies that U.S. Patent Nos. 10,394,905 ("'905 patent") and 10,642,911 ("'911 patent") are directed to patent-eligible subject matter under 35 U.S.C. § 101.  The Federal Circuit found that the claims of the '905 and '911 patents are directed to an abstract idea.  *Id.* at 1084-85.[1]

12.     Google denies any allegations of paragraph 12 and incorporates its response from paragraph 11 above.

## HISTORY OF PERSONALIZED SEARCH

13.     Google admits that paragraph 13 of the Second Amended Complaint purports to contain a quote (without including or referring to referenced third-party sources) from a Wikipedia page located at  https://en.wikipedia.org/wiki/Google_Personalized_Search (last edited November 3, 2022).  Google denies that it has committed any acts of infringement, whether direct or indirect, and the quoted passage has no relevance to any claim or defense in this case.  Paragraph 13 does not appear to contain any allegations for which a response is required, but to the extent any further response is required to paragraph 13, Google denies the allegations therein.

14.     Google denies that "[b]y 2014 Google searches were customized using location

---

[1] Although the '202 and '910 patents have been held invalid by the Federal Circuit and are no longer involved in this litigation, for sake of simplicity, Google refers to those patents collectively with the '905 and '911 patents as the "patents-in-suit."

data collected via Plaintiff's described Patents-In-Suit," or that it has committed any acts of infringement, whether direct or indirect.  Google admits that paragraph 14 of the Second Amended Complaint purports to contain a quote from a third-party website https://www.portent.com/blog/seo/personalized-search-results.htm, dated August 28, 2014. Except as expressly admitted herein, Google denies any remaining allegations of paragraph 14.

## SHORT DESCRIPTION OF RELEVANT PATENT HISTORY

15.     Google denies that column 1, lines 15-35, of the '202 patent either includes the language or describes the statements made in paragraph 15 of the Second Amended Complaint. *See* Dkt. 72-1.  Google is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning any labor performed by "Plaintiff/Inventor," and therefore denies them.  Google denies the remaining allegations of paragraph 15.

16.     Google denies that column 2, lines 50-60, of the '202 patent either includes the language or describes the statements made in paragraph 16 of the Second Amended Complaint. *See* Dkt. 72-1.  Google denies the remaining allegations of paragraph 16.

17.     Google is without knowledge or information sufficient to form a belief as to the state of mind of Plaintiff, Involuntary Plaintiff, or the named inventors or their perceived obstacles, and therefore denies the allegations related thereto.  Google denies the remaining allegations in paragraph 17 of the Second Amended Complaint.

18.     Google denies that column 1, lines 5-10, of the '202 patent, or any of the other patents-in-suit, either includes the language or describes the statements made in paragraph 18 of the Second Amended Complaint.  Google also denies that the patents-in-suit, or the corresponding asserted claims and claim elements, include anything "innovative," "solve all issues," "produce something significantly more," or achieve the purported solutions or technological improvements

outlined in paragraph 18.  Google denies any remaining allegations of paragraph 18.

19.     Paragraph 19 contains conclusions unconnected to any party or the patents-in-suit and therefore requires no response.  To the extent a response is required, Google denies the allegations of paragraph 19.

20.     Paragraph 20 contains conclusions unconnected to any party or the patents-in-suit and therefore requires no response.  To the extent a response is required, Google denies the allegations of paragraph 20.

21.     Google denies that the patents-in-suit achieve any improvement over existing technology or provide the alleged benefits, solutions, or technological improvements touted in paragraph 21 of the Second Amended Complaint.  Google also denies that the patent claims recite features or elements that were not known, anticipated, or rendered obvious by existing art.

22.     Paragraph 22 contains conclusions unconnected to any party or the patents-in-suit and therefore requires no response.  To the extent a response is required, Google denies that the patents-in-suit describe a novel or unique system or method.  Google also denies that the patents-in-suit, and corresponding claims, describe a system or method that is "highly intuitive[]" or "specifically tailored."  Except as expressly admitted, Google denies the allegations of paragraph 22.

23.     Paragraph 23 contains conclusions unconnected to any party or the patents-in-suit and therefore requires no response.  To the extent a response is required, Google denies that the patents-in-suit, or corresponding claims, achieve the purported benefits touted in paragraph 23 of the Second Amended Complaint.

24.     Google denies that the patents-in-suit, corresponding claims, or the purported invention contained therein, describe any element or feature that can be deemed efficient, with

regard to time, cost, or energy, a technological improvement, or a "revolutionary" improvement, as asserted in paragraph 24 of the Second Amended Complaint. The Federal Circuit found that the claims of the '202 and '910 patents "do not recite significantly more than the abstract idea of digitizing a travel lot using conventional components." *Weisner*, 51 F.4th at 1084. The Federal Circuit also found that the claims of the '905 and '911 patents are directed to an abstract idea. *Id.* at 1084-85. Google denies that the '905 and '911 patents add significantly more to the abstract idea identified by the Federal Circuit. Google also denies that column 7, line 10 of the '202 patent, describes the purported improvement described in paragraph 24 of the Second Amended Complaint.

25.     Google denies the allegations of paragraph 25 of the Second Amended Complaint and specifically denies that it has committed any acts of infringement, whether direct or indirect. Specifically, Google denies that it uses, or previously used, any method or system recited in the asserted claims. Google denies that it derives, or previously derived, any benefit, monetarily or otherwise, from any method or system recited in the patents-in-suit.

26.     Paragraph 26 of the Second Amended Complaint contains arguments to which no response is required. To the extent that a response is required, Google denies the allegations of paragraph 26.

27.     Paragraph 27 of the Second Amended Complaint contains arguments to which no response is required. To the extent that a response is required, Google denies the allegations of paragraph 27 and specifically denies that it has committed any acts of infringement, whether direct or indirect.

28.     Google admits that Plaintiff did not invent "'local history' entries," as Plaintiff acknowledged in paragraph 28 of the Second Amended Complaint. Google further admits there

are ways to provide location history that do not infringe the patents-in-suit.  Google is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 28, and therefore denies them.

29.      Google denies the allegations of paragraph 29 of the Second Amended Complaint. Google is unable to access the content paragraph 29 references as https://drive.google.com/file/d/1wbZVJhsFusMXjpRsnRPYsjhthNJ5Sp-N and therefore denies any allegations related thereto.

30.      Google denies the allegations of paragraph 30, except that it admits the patents are directed to the same system.  Specifically, Google denies that the claims recited in the patents-in-suit are directed to "significantly more" than an abstract idea.  Google also denies that the patents-in-suit, or the claims therein, recite any features that are "inventive," "unique," "revolutionary" or constitute a "technological improvement."  The Federal Circuit found that the claims of the '202 and '910 patents are directed to the abstract idea of "creating a digital travel log," while only disclosing "components and features [that] are conventional, non inventive concepts."  *Weisner*, 51 F.4th at 1082-84.  The Federal Circuit also found that the representative claims of the '905 and '911 patents are directed to the abstract idea of "creating and using travel histories to improve computerized search results."  *Id.* at 1084-85.

## ALLEGED INFRINGEMENT

### United States Patent No. 10,380,202

31.      As paragraphs 31-36 of the Second Amended Complaint purport to assert a claim for infringement of the '202 patent, which the Federal Circuit confirmed is invalid, Google does not believe any response thereto is required.  To the extent a response is required, Google admits that what appears to be a copy of the '202 patent is attached to the Second Amended Complaint as

Exhibit A and that, on its face, the '202 patent is titled "Physical Location History With URL and Positioning System" and issued on August 13, 2019.  Google denies that the '202 patent was duly and legally issued.

32.     Google admits that claims 1 and 14 are exemplary claims of the '202 patent. Google admits that paragraph 32 of the Second Amended Complaint purports to recite claim 1 of the '202 patent.

33.     Google admits that paragraph 33 of the Second Amended Complaint purports to recite claim 14 of the '202 patent.

34.     Google denies that the claims recited in the '202 patent are directed to "significantly more" than an abstract idea or claim patent-eligible subject matter.  Google also denies that the '202 patent, or the claims therein, recite any features that are "revolutionary" or constitute a "technical improvement."  The Federal Circuit found the '202 patent invalid for being directed to the abstract idea of "creating a digital travel log," while only disclosing "components and features [that] are conventional, non inventive concepts."  *Weisner*, 51 F.4th at 1082-84.  Google denies the remaining allegations in paragraph 34 of the Second Amended Complaint.

35.     Google admits that Sholem Weisner and Shmuel Nemanov are named as inventors on the face of the '202 patent.  Google admits that Exhibit B of the Second Amended Complaint is titled "Agreement Between Owners of Undivided Interests In The Patent," and was recorded with the United States Patent and Trademark Office ("USPTO") on September 4, 2019 at Reel/Frame 050259/0564.  *See* Second Am. Compl., Ex. B at frame 0565.  Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 35, and therefore denies them.  Google does note, however, that Involuntary Plaintiff Nemanov contests any enforceable agreement with Plaintiff Weisner.

36.     Google denies that the '202 patent is "in full force and effect" and that "there are no known prior adjudications of invalidity of any of the claims of the '202 Patent." The Federal Circuit invalidated the claims of the '202 patent as ineligible under 35 U.S.C. § 101. *Weisner*, 51 F.4th at 1084.

**United States Patent No. 10,394,905**

37.     Google admits that what appears to be a copy of the '905 patent is attached to the Second Amended Complaint as Exhibit C and that, on its face, the '905 patent is titled "Method and Apparatus For A Digital Leg History" and issued on August 27, 2019. Google denies that the '905 patent was duly and legally issued.

38.     Google admits that claims 1 and 11 are exemplary claims of the '905 patent. Google admits that paragraph 38 of the Second Amended Complaint purports to recite claim 1 of the '905 patent.

39.     Google admits that paragraph 39 of the Second Amended Complaint purports to recite claim 11 of the '905 patent.

40.     Google denies that the claims recited in the '905 patent are directed to "significantly more" than an abstract idea or claim patent-eligible subject matter. Google also denies that the '905 patent, or the claims therein, recite any features that are "revolutionary" or constitute a "technical improvement." The Federal Circuit held that the '905 patent is directed to the abstract idea of "creating and using travel histories to improve computerized search results." *Weisner*, 51 F.4th at 1084-85. Google denies the remaining allegations in paragraph 40 of the Second Amended Complaint.

41.     Google admits that Sholem Weisner and Shmuel Nemanov are named as inventors on the face of the '905 patent. Google admits that Exhibit B of the Second Amended Complaint

is titled "Agreement Between Owners of Undivided Interests In The Patent," and was recorded

with the USPTO on September 4, 2019 at Reel/Frame 050259/0564.  *See* Second Am. Compl., Ex.

B at frame 0565.  Google is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations of paragraph 41, and therefore denies them.  Google does note,

however, that Involuntary Plaintiff Nemanov contests any enforceable agreement with Plaintiff

Weisner.

42.     Google admits that the USPTO does not identify the '905 patent as having expired,

but Google notes that the '905 patent claims priority to previously abandoned applications

11/729,798 and 11/811,165.  Google lacks knowledge or information sufficient to form a belief as

to what is "known" to Plaintiff and on that basis denies the allegations related thereto.  Google

denies the remaining allegations in paragraph 42 of the Second Amended Complaint.

**United States Patent No. 10,642,911**

43.     Google admits that what appears to be a copy of the '911 patent is attached to the

Second Amended Complaint as Exhibit D and that, on its face the '911 patent is titled "Enhancing

Digital Search Results For A Business In A Target Geographic Area Using URLs Of Location

Histories" and issued on May 5, 2020.  Google denies that the '911 patent was duly and legally

issued.

44.     Google admits that claims 1 and 12 are exemplary claims of the '911 patent.

Google admits that paragraph 44 of the Second Amended Complaint purports to recite claim 1 of

the '911 patent.

45.     Google admits that paragraph 45 of the Second Amended Complaint purports to

recite claim 12 of the '911 patent.

46.     Google denies that the claims recited in the '911 patent are directed to "significantly

more" than an abstract idea or claim patent-eligible subject matter.  Google also denies that the '911 patent, or the claims therein, recite any features that are "revolutionary" or constitute a "technical improvement."  The Federal Circuit held that the '911 patent is directed to the abstract idea of "creating and using travel histories to improve computerized search results." *Weisner*, 51 F.4th at 1084.  Google denies the remaining allegations in paragraph 46 of the Second Amended Complaint.

47.     Google admits that Sholem Weisner and Shmuel Nemanov are named as inventors on the face of the '911 patent.  Google admits that Exhibit B of the Second Amended Complaint is titled "Agreement Between Owners of Undivided Interests In The Patent," and was recorded with the USPTO on September 4, 2019 at Reel/Frame 050259/0564.  *See* Second Am. Compl., Ex. B at frame 0565.  Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 47, and therefore denies them.  Google does note, however, that Involuntary Plaintiff Nemanov contests any enforceable agreement with Plaintiff Weisner.

48.     Google admits that the USPTO does not identify the '911 patent as having expired, but Google notes that the '911 patent claims priority to previously abandoned applications 11/729,798 and 11/811,165.  Google lacks knowledge or information sufficient to form a belief as to what is "known" to Plaintiff and on that basis denies the allegations related thereto.  Google denies the remaining allegations in paragraph 48 of the Second Amended Complaint.

**United States Patent No. 10,642,910**

49.     As paragraphs 49-54 of the Second Amended Complaint purport to assert a claim for infringement of the '910 patent, which the Federal Circuit confirmed is invalid, Google does not believe any response thereto is required.  To the extent a response is required, Google admits

that what appears to be a copy of the '910 patent is attached to the Second Amended Complaint as Exhibit E and that, on its face the '910 patent is titled "Accumulation Of Location History Based On Digital Member Entries From Multiple Devices Of A Mobile Web" and issued on May 5, 2020. Google denies that the '910 patent was duly and legally issued.

50.     Google admits that claims 1, 12, and 23 are exemplary claims of the '910 patent. Google admits that paragraph 50 of the Second Amended Complaint purports to recite claim 1 of the '910 patent.

51.     Google admits that paragraph 51 of the Second Amended Complaint purports to recite claim 12 of the '910 patent.

52.     Google denies that the claims recited in the '910 patent are directed to "significantly more" than an abstract idea or claim patent-eligible subject matter.  Google also denies that the '910 patent, or the claims therein, recite any features that are "revolutionary" or constitute a "technical improvement."  The Federal Circuit found the '910 patent invalid and held that the '910 patent is directed to the abstract idea of "creating a digital travel log," while only disclosing "components and features [that] are conventional, non inventive concepts."  *Weisner*, 51 F.4th at 1082-84.  Google denies the remaining allegations in paragraph 52 of the Second Amended Complaint.

53.     Google admits that Sholem Weisner and Shmuel Nemanov are named inventors on the face of '910 patent.  Google admits that Exhibit B of the Second Amended Complaint is titled "Agreement Between Owners of Undivided Interests In The Patent," and was recorded with the USPTO on September 4, 2019 at Reel/Frame 050259/0564.  *See* Second Am Compl., Ex. B at frame 0565.  Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 53, and therefore denies them.  Google does note,

however, that Involuntary Plaintiff Nemanov contests any enforceable agreement with Plaintiff Weisner.

54.     Google denies that the '910 patent is "in full force and effect" and that "there are no known prior adjudications of invalidity of any of the claims of the '910 Patent." The Federal Circuit invalidated the claims of the '910 patent as ineligible under 35 U.S.C. § 101. *Weisner*, 51 F.4th at 1084.

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 10,380,202

55.     Google denies the allegations in paragraph 55 of Plaintiff's Second Amended Complaint. Google has not nor can it infringe any claim of the invalid '202 patent.

56.     Google denies that the '202 patent is valid, enforceable, or capable of being infringed by Google. The Federal Circuit has held the claims of the '202 patent ineligible under 35 U.S.C. § 101. *Weisner*, 51 F.4th at 1084. Google denies the allegations in paragraph 56 of Plaintiff's Second Amended Complaint, and specifically denies that it has committed or will commit any acts of infringement under any theory. Google admits that Exhibit A-1 purports to be a claim chart for the '202 patent, with Exhibits A-H attached, but denies that these charts "demonstrate and evidence Defendant Google's infringement of the '202 Patent."

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 10,394,905

57.     Google denies the allegations in paragraph 57 of Plaintiff's Second Amended Complaint, and specifically denies that it has or will infringe any claim of the '905 patent.

58.     Google denies that the '905 patent is either valid or enforceable. Google denies the allegations in paragraph 58 of Plaintiff's Second Amended Complaint, and specifically denies that it has committed or will commit any acts of infringement under any theory or that it is liable for infringement of any valid and enforceable claim of the '905 patent. Google admits that Exhibit C-

1 purports to be a claim chart for the '905 patent, with Exhibits A-C attached, but denies that these charts "demonstrate and evidence Defendant Google's infringement of the '905 Patent."

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 10,642,911

59.    Google denies the allegations in paragraph 59 of Plaintiff's Second Amended Complaint, and specifically denies that it has or will infringe any claim of the '911 patent.

60.    Google denies that the '911 patent is either valid or enforceable.  Google denies the allegations of paragraph 60 of Plaintiff's Second Amended Complaint, and specifically denies that it has committed or will commit any acts of infringement under any theory or that it is liable for infringement of any valid and enforceable claim of the '911 patent.  Google admits that Exhibit D-1 purports to be a claim chart for the '905 patent, with Exhibits A-G attached, but denies that these charts "demonstrate and evidence Defendant Google's infringement of the '911 Patent."

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 10,642,910

61.    Google denies the allegations in paragraph 61 of Plaintiff's Second Amended Complaint.  Google has not nor can it infringe any claim of the invalid '910 patent.

62.    Google denies that the '910 patent is valid, enforceable, or capable of being infringed by Google.  The Federal Circuit has held that the claims of the '910 patent are ineligible under 35 U.S.C. § 101.  *Weisner*, 51 F.4th at 1084.  Google denies the allegations of paragraph 62 of Plaintiff's Second Amended Complaint, and specifically denies that it has committed or will commit any acts of infringement under any theory.  Google admits that Exhibit E-1 purports to be a claim chart for the '911 patent, with Exhibits A-C attached, but denies that these charts "demonstrate and evidence Defendant Google's infringement of the '911 Patent."

## WEISNER'S NOTICE OF ALLEGED INFRINGEMENT TO GOOGLE

63.    Google denies the allegations in paragraph 63 of the Second Amended Complaint

except as otherwise expressly set forth in this paragraph, and denies that the '202 patent is valid, enforceable, or capable of being infringed or willfully infringed by Google.  The Federal Circuit has held that the claims of the '202 patent are invalid for claiming patent-ineligible subject matter under 35 U.S.C. § 101.  *Weisner*, 51 F.4th at 1084.  Nevertheless, Google denies that it has committed any acts of infringement under any theory.  Google further denies that Plaintiff "gave notice to Google of its infringement of the '202 Patent on or about July 1, 2019."  The '202 Patent had not issued as of July 1, 2019.  Google admits that it received a letter dated July 1, 2019 from Plaintiff's counsel regarding alleged infringement of U.S. Patent Application No. 16/175,876 (the "'876 application").  Google admits that it signed a non-disclosure agreement with the named inventors of the '202 patent and that the parties had some communications covered by a non-disclosure agreement.  Google denies the remaining allegations in paragraph 63 of the Second Amended Complaint, and specifically denies that Google has committed any acts of infringement or that it willfully, wantonly, or deliberately infringes any claim of the patents-in-suit and denies that Plaintiff is entitled to attorneys' fees and costs incurred under 35 U.S.C. § 285.

64.     Google denies the allegations in paragraph 64 of the Second Amended Complaint except as otherwise expressly set forth in this paragraph and denies that the '905, '910, and '911 patents are valid, enforceable, infringed or willfully infringed by Google.  The Federal Circuit has held that the claims of the '910 patent are ineligible under 35 U.S.C. § 101.  *Weisner*, 51 F.4th at 1084.  Nevertheless, Google denies that it has committed any acts of infringement under any theory for the patents-in-suit.  Google admits that it received a letter dated February 23, 2020 from Plaintiff's counsel regarding U.S. Patent Application No. 16/580,041 (the "'041 application") and the '905 patent.  Google denies that Plaintiff "gave written notice to Google of its infringement of the '905 Patent and of the '911 patent . . . on or about February 23, 2020."  The '911 patent had

not issued as of February 23, 2020.  Google also admits that it received a letter dated March 29, 2020 from Plaintiff's counsel regarding U.S. Patent Application No. 16/563,977 (the "'977 application").  Google denies that Plaintiff "gave written notice to Google of its infringement of the '910 Patent on or about March 29, 2020."  The '910 patent had not issued as of March 29, 2020.  Google denies that the alleged "written notice" identifies features that infringe the '905, '911, and '910 patents, or the pending claims of the '041 and '977 applications.  Google denies that it infringed the '041 application or the '977 application, much less willfully, or that Plaintiff provided notice of the '910 or '911 patents, as at the time of the February 23, 2020, and March 29, 2020, letters neither application had been issued as a patent.  Google denies the remaining allegations in paragraph 64 of the Second Amended Complaint, and specifically denies that Google has committed any acts of infringement or that it willfully, wantonly, or deliberately infringes any claim of the patents-in-suit and denies that Plaintiff is entitled to attorneys' fees and costs incurred under 35 U.S.C. § 285.

65.     Google denies the allegations of paragraph 65 of the Second Amended Complaint.

66.     Google denies the allegations of paragraph 66 of the Second Amended Complaint.

67.     Google denies the allegations of paragraph 67 of the Second Amended Complaint.

68.     Google denies the allegations of paragraph 68 of the Second Amended Complaint.

69.     Google denies the allegations of paragraph 69 of the Second Amended Complaint.

70.     Google denies the allegations of paragraph 70 of the Second Amended Complaint.

71.     Google denies the allegations of paragraph 71 of the Second Amended Complaint.

72.     Google denies the allegations of paragraph 72 of the Second Amended Complaint.

73.     Google denies the allegations of paragraph 73 of the Second Amended Complaint.

74.     Google denies the allegations of paragraph 74 of the Second Amended Complaint.

75.    Google denies the allegations of paragraph 75 of the Second Amended Complaint.

76.    Google denies the allegations of paragraph 76 of the Second Amended Complaint.

77.    Google denies the allegations of paragraph 77 of the Second Amended Complaint.

78.    Google denies the allegations of paragraph 78 of the Second Amended Complaint.

79.    Google denies the allegations of paragraph 79 of the Second Amended Complaint.

80.    Google denies the allegations of paragraph 80 of the Second Amended Complaint.

## GOOGLE'S KNOWLEDGE OF THE '202 PATENT AND ALLEGED WILLFUL PATENT INFRINGEMENT

81.    Google denies the allegations in paragraph 81 of the Second Amended Complaint except as otherwise expressly set forth in this paragraph.  Google admits that it received a letter dated July 1, 2019, from Plaintiff's counsel regarding the '876 application.  The '876 application was issued on August 11, 2019, as the '202 patent.

82.     Google denies the allegations of paragraph 82 of the Second Amended Complaint except as otherwise set forth expressly in this paragraph.  Google admits that Plaintiff sent a letter dated July 1, 2019, to Google, but denies that that letter supports a conclusion that "Google would infringe the then-allowed claims of the '202 Patent" or that Google Maps "literally infringe[s]" pending claims 1 and 14 of the patent application, as well as "at least several dependent claims." Google denies the remaining allegations of paragraph 82 and specifically denies that it infringes any claim of the '202 patent.

83.    Paragraph 83 of the Second Amended Complaint asserts in part certain legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations in paragraph 83 except as expressly set forth in this paragraph, and specifically denies infringement of the '202 patent.  Nonetheless, Google admits that paragraph 83 of the Second Amended Complaint purports to quote from Plaintiff's letter dated July 1, 2019.  Google

18

denies that paragraph 83 of the Second Amended Complaint accurately quotes Plaintiff's letter dated July 1, 2019.

84.     Google denies the allegations of paragraph 84 except as expressly set forth in this paragraph.  Google admits that Google's counsel acknowledged receipt of Plaintiff's letter dated July 1, 2019, on July 12, 2019.

85.     Google denies the allegations in paragraph 85 of the Second Amended Complaint.

86.     Google denies the allegations in paragraph 86 of the Second Amended Complaint.

87.     Google denies the allegations in paragraph 87 of the Second Amended Complaint

88.     Google denies the allegations in paragraph 88 of the Second Amended Complaint.

## GOOGLE'S KNOWLEDGE OF THE '905 PATENT AND ALLEGED WILLFUL PATENT INFRINGEMENT

89.     Google denies the allegations in paragraph 89 of the Second Amended Complaint except as otherwise expressly set forth in this paragraph.  Google admits that it received a letter dated February 23, 2020 from Plaintiff's counsel regarding U.S. Patent No. 10,394,905.

90.     Google denies the allegations in paragraph 90 of the Second Amended Complaint except as otherwise expressly set forth in this paragraph.  Google admits that Plaintiff sent a letter dated February 23, 2020, to Google, but denies that that letter supports a conclusion that "Google would infringe the claims of the '905 Patent" or that Google Maps "literally infringe[s]" claims 1, 11, and 14, as well as "at least several dependent claims."  Google denies the remaining allegations of paragraph 90 and specifically denies that it infringes any claim of the '905 patent.

91.     Paragraph 91 of the Second Amended Complaint asserts in part certain legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations in paragraph 91 except as expressly set forth in this paragraph, and specifically denies that it infringes any claim of the '905 patent.  Google admits that paragraph 91 of the Second

Case 1:20-cv-02862-AKH   Document 131   Filed 12/22/22   Page 20 of 29

Amended Complaint purports to quote from Plaintiff's letter dated February 23, 2020.  Google

denies that paragraph 91 accurately quotes Plaintiff's letter dated February 23, 2020.

92.     Google admits that Google's counsel acknowledged receipt of Plaintiff's letter

dated February 23, 2020, on March 5, 2020.

93.     Google denies the allegations in paragraph 93 of the Second Amended Complaint.

94.     Google denies the allegations in paragraph 94 of the Second Amended Complaint.

95.     Google denies the allegations in paragraph 95 of the Second Amended Complaint.

96.     Google denies the allegations in paragraph 96 of the Second Amended Complaint.

## GOOGLE'S KNOWLEDGE OF THE '911 PATENT AND ALLEGED WILLFUL PATENT INFRINGEMENT

97.     Google denies the allegations in paragraph 97 of the Second Amended Complaint

except as otherwise expressly set forth in this paragraph.  Google admits that it received a letter

dated February 23, 2020 from Plaintiff's counsel regarding the '041 application that issued on May

5, 2020 as the '911 Patent.

98.     Google denies the allegations in paragraph 98 of the Second Amended Complaint

except as otherwise expressly set forth in this paragraph.  Google admits that Plaintiff sent a letter

dated February 23, 2020, to Google, but denies that that letter supports a conclusion that "Google

would infringe the then-allowed claims" of the '041 application or that Google Maps "literally

infringe[s]" pending claims 1, 11, and 14 of the '041 application, as well as "at least several

dependent claims."  Google denies the remaining allegations of paragraph 98 and specifically

denies that it infringes any claim of the '911 patent.

99.     Paragraph 99 of the Second Amended Complaint asserts in part certain legal

conclusions to which no response is required.  To the extent a response is required, Google denies

the allegations in paragraph 99 except as expressly set forth in this paragraph, and specifically

denies that it infringes any claim of the '911 patent.  Google admits that paragraph 99 of the Second

Amended Complaint purports to quote from Plaintiff's letter dated February 23, 2020.  Google

denies that paragraph 99 accurately quotes Plaintiff's letter dated February 23, 2020.

100.    Google admits that Google's counsel acknowledged receipt of Plaintiff's letter

dated February 23, 2020, on March 5, 2020.

101.    Google denies that it had any knowledge of the '911 patent prior to February 23,

2020, which only issued on May 5, 2020.

102.    Google denies the allegations in paragraph 102 of the Second Amended Complaint.

103.    Google denies the allegations in paragraph 103 of the Second Amended Complaint.

104.    Google denies the allegations in paragraph 104 of the Second Amended Complaint.

## GOOGLE'S KNOWLEDGE OF THE '910 PATENT AND ALLEGED WILLFUL PATENT INFRINGEMENT

105.    Google denies the allegations in paragraph 105 of the Second Amended Complaint

except as otherwise expressly set forth in this paragraph.  Google admits that it received a letter

dated March 29, 2020 from Plaintiff's counsel regarding the '977 application that issued on May

5, 2020 as the '910 Patent.

106.    Google denies the allegations in paragraph 106 of the Second Amended Complaint

except as otherwise expressly set forth in this paragraph.  Google admits that Plaintiff sent a letter

dated March 29, 2020 to Google, but denies that that letter supports a conclusion that "Google

would infringe the then-allowed claims" of the '977 application or that Google Maps "literally

infringe[s]" pending claims 1, 12, and 23 of the patent application, as well as "at least several

dependent claims."  Google denies the remaining allegations of paragraph 106 and specifically

denies that it infringes any claim of the '910 patent.

107.    Paragraph 107 of the Second Amended Complaint asserts in part certain legal

conclusions to which no response is required.  To the extent a response is required, Google denies the allegations in paragraph 107 except as expressly set forth in this paragraph, and specifically denies infringement of the '910 patent.  Google admits that paragraph 107 of the Second Amended Complaint purports to quote from Plaintiff's letter dated March 20, 2020.  Google denies that paragraph 107 accurately quotes Plaintiff's letter dated March 20, 2020.

108.    Google admits that Google's counsel acknowledged receipt of Plaintiff's letter dated March 29, 2020, on March 30, 2020.

109.    Google denies that it had any knowledge of the '910 patent prior to March 29, 2020, which only issued on May 5, 2020.

110.    Google denies the allegations in paragraph 110 of the Second Amended Complaint.

111.    Google denies the allegations in paragraph 111 of the Second Amended Complaint.

112.    Google denies the allegations in paragraph 112 of the Second Amended Complaint.

## COUNT ONE – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 10,380,202

113.    Google incorporates by reference its responses to the allegations of paragraphs 1-112 above as its response to paragraph 113 of Plaintiff's Second Amended Complaint.

114.    Google denies the allegations of paragraph 114 of the Second Amended Complaint.

115.    Google denies the allegations of paragraph 115 of the Second Amended Complaint.

## COUNT TWO – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 10,394,905

116.    Google incorporates by reference its responses to the allegations of paragraphs 1-115 above as its response to paragraph 116 of Plaintiff's Second Amended Complaint.

117.    Google denies the allegations of paragraph 117 of the Second Amended Complaint.

118.    Google denies the allegations of paragraph 118 of the Second Amended Complaint.

## COUNT THREE – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 10,64,911

119.    Google incorporates by reference its responses to the allegations of paragraphs 1-118 above as its response to paragraph 119 of Plaintiff's Second Amended Complaint.

120.    Google denies the allegations of paragraph 120 of the Second Amended Complaint.

121.    Google denies the allegations of paragraph 121 of the Second Amended Complaint.

## COUNT FOUR – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 10,642,910

122.    Google incorporates by reference its responses to the allegations of paragraphs 1-121 above as its response to paragraph 122 of Plaintiff's Second Amended Complaint.

123.    Google denies the allegations of paragraph 113 of the Second Amended Complaint.

124.    Google denies the allegations of paragraph 113 of the Second Amended Complaint.

### RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

These paragraphs in the Second Amended Complaint set forth the statement of relief requested by Plaintiff to which no response is required.  Google denies that Plaintiff is entitled to any of the requested relief and denies any allegations that it has or will infringe any claim of the '202, '905, '911, or '910 patent.

### RESPONSE TO PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff's demand for a trial by jury for all issues triable to a jury does not state any allegation, and Google is not required to respond.  To the extent that any allegations are included in the demand, Google denies these allegations.  Google likewise demands a trial by jury on all issues so triable raised by Plaintiff's Second Amended Complaint and Google's Affirmative Defenses.

### DEFENSES/AFFIRMATIVE DEFENSES

Subject to the responses above, Google alleges and asserts the following defenses in

23

response to the allegations in Plaintiff's Second Amended Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the affirmative defenses described below, subject to its responses above, Google specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

### First Defense – Failure to State a Claim

1.    Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted, including, but not limited to, failure of Plaintiff's Second Amended Complaint to meet the standard for pleading set by the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

### Second Defense – No Patent Infringement

2.    Google does not infringe and has not infringed (directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of the patents-in suit.

### Third Defense – Patent Invalidity

3.    The claims of the patents-in-suit are invalid for failure to satisfy one or more provisions of Title 35 of the United States Code.  The claims of the patents-in-suit are invalid and unenforceable under 35 U.S.C. § 101.  For example, the Federal Circuit found that the claims of the '202 and '910 patents are invalid and that the claims of all the patents-in-suit are directed to abstract ideas.  The claims of the '905 and '911 patents also fail to provide significantly more to render them non-abstract.

4.    The claims of the patents-in-suit are invalid and unenforceable under 35 U.S.C. § 102 because the claims lack novelty, and are taught and suggested by the prior art.

5.      The claims of the patents-in-suit are invalid and unenforceable under 35 U.S.C. § 103 because the claims are obvious in view of the prior art.

6.      The claims of the patents-in-suit are invalid and unenforceable for failure to satisfy the conditions set forth in 35 U.S.C. § 112, including failure of written description, lack of enablement, and claim indefiniteness.

### Fourth Defense – Limitation on Patent Damages

7.      Plaintiff's claims for damages, if any, against Google for alleged infringement of the patents-in-suit are limited by 35 U.S.C. §§ 286, 287, and/or 288.

### Fifth Defense – Substantial Non-Infringing Uses

8.      To the extent Plaintiff asserts a claim for contributory infringement or induced infringement, any and all products or actions accused of infringement have substantial uses that do not infringe and do not induce or contribute to the alleged infringement of the claims of the patents-in-suit.

### Sixth Defense - Unenforceability

9.      Plaintiff's claims of infringement against Google regarding the patents-in-suit are barred, and the patents-in-suit are unenforceable against Google, due to equitable doctrines, including the doctrines of waiver, acquiescence, laches, equitable estoppel, unclean hands, and/or patent misuse. Google is investigating the facts relating to the unenforceability of the patents-in-suit and the assertion of infringement against it, and will continue to do so throughout the discovery process.  To the extent that this investigation reveals any facts or circumstances relevant to unenforceability, Google reserves the right to seek leave to amend to assert such allegations and/or defenses based thereon that may be appropriate.

### Seventh Defense – No Equitable Relief

10.     Plaintiff is not entitled to equitable relief as it has an adequate remedy at law and cannot show that it has suffered or will suffer any immediate or irreparable harm from Google's actions.

### Eighth Defense – No Exceptional Case for Plaintiff

11.     Google has not engaged in any conduct that would make this an exceptional case that would entitle Plaintiff to an award of attorneys' fees or enhanced damages.

### Other Defenses Reserved

12.     Google specifically reserves the right to assert additional affirmative defenses and other defenses permitted under the Federal Rules of Civil Procedure, the patent laws of the United States, or at law or in equity as they may now exist, be discovered, or otherwise become available based on discovery and further investigation in this case.

## EXCEPTIONAL CASE

13.     On information and belief, this is an exceptional case entitling Google to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of, inter alia, Plaintiff's assertion of the patents-in-suit against Google with the knowledge that Google does not infringe any valid or enforceable claim of the patents-in-suit and/or that the patents-in-suit are invalid and/or unenforceable, and Plaintiff's unfounded allegations of willful infringement.

## PRAYER FOR RELIEF

WHEREFORE, Google prays for judgment as follows:

a.     A judgment dismissing Plaintiff's Second Amended Complaint against Google with prejudice;

b.      A judgment that Google has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid and enforceable claim of the patents-in-suit;

c.      A judgment that the patents-in-suit are invalid and unenforceable;

d.      A judgment that this case is exceptional and an award to Google of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

e.      A judgment limiting or barring Plaintiff's and Involuntary Plaintiff's ability to enforce the patents-in-suit in equity;

f.      Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Google demands a trial by jury on all issues so triable.

Dated:  December 22, 2022                    Respectfully Submitted,

FENWICK & WEST LLP

BY: /s/ Kevin X. McGann
Kevin X. McGann (NY Bar #2842425)
Email: kmcgann@fenwick.com
Daniel Rabinowitz (NY Bar #5549209)
Email: drabinowitz@fenwcik.com
Olivia L. Wheeling (NY Bar #5881784)
*Admitted pro hac vice*
Email: owheeling@fenwick.com
**FENWICK & WEST LLP**
902 Broadway, Suite 14
New York, NY  10010-6035
Telephone:212.430.2600

Allen Wang (Calif. State Bar #278953)
*Admitted pro hac vice*
Email: allen.wang@fenwick.com

27

**FENWICK & WEST LLP**
801 California Street
Mountain View, CA  94041
Telephone:650.988.8500

Rina Plotkin (Calif. State Bar #335766)
*Admitted pro hac vice*
Email: rplotkin@fenwick.com
**FENWICK & WEST LLP**
555 California Street, Floor 12
San Francisco, CA 94104
Telephone:415.875.2300

*Attorneys for Google LLC*

28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 22, 2022, I caused a copy of

**DEFENDANT GOOGLE LLC'S ANSWER TO PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR PATENT INFRINGEMENT**

to be served upon the following in the manner indicated:

| | |
|---|---|
| **Jacob Ginsburg**<br>Jacob Ginsburg, Esq. PLLC<br>One Concord Drive<br>Monsey, NY 10952<br>Tel: 845-371-1914<br>Email: jg@jacobginburglaw.com | *VIA ECF* |
| **Shmuel Nemanov**<br>1361 St. John's Place<br>Apt. 1-B<br>Brooklyn, NY 11213<br>Email: snemanov@gmail.com | *VIA MAIL AND ELECTRONIC MAIL* |

*/s/ Kevin X. McGann*
Kevin X. McGann (NY Bar  #2842425)