UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
SHOLEM WEISNER,

                         Plaintiff,

  -against-

GOOGLE LLC and SHMUEL NEMANOV.

          Defendant and Involuntary Party.

------------------------------------------------------------- x

**OPINION DENYING GOOGLE'S MOTION FOR SUMMARY JUDGMENT**

20 Civ. 2862 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

    The Court assumes familiarity with the background of the case. On May 30, 2024, Google moved for summary judgment on the plaintiffs' claims of patent infringement, arguing first that it has not infringed upon the '905 and '911 patents, and second that the '905 and '911 patents are legally insufficient, and, thus, invalid. The motion is denied.

## I. Standard

    To succeed on a summary judgment motion, the movant must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When deciding a motion for summary judgment, a court must consider all evidence in the light most favorable to the non-moving party. *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008).

1

## II. Discussion

### A. Lack of Infringement

Google first argues that it has not infringed upon '905 and '911 patents because, based on the Court's claim construction, Google's relevant systems do not contain all the claim limitations recited in the patents. In support of this argument, Google repeatedly states that its technology does not transmit "key data" based on "physical encounters," which it argues are at the heart of each claim for both of the at-issue patents. *See, e.g.*, ECF No. 199 at 14, 17, 20. Google describes its system functioning as collected raw data signals about a user's location, automatically generated from user devices periodically, which are then fed into a complex machine learning algorithm to track what locations a user has been to and to build those data points into the user's Google Timeline. *See* ECF No. 199 at 2, 10-13. The wording is different, but at this stage, I cannot say that a jury could not find infringement. Accordingly, the motion for summary judgment cannot be granted.

### B. Patent Invalidity

Second, Google argues that the patents are invalid for lack of written description. Under the Patent Act, all patents are required to provide "a written description of the invention and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same." 35 U.S.C. § 112(a). Google argues that the '905 and '911 patent descriptions do not discuss with particularity how an individual user's information can be shared on a database or a centralized system, only how information can be exchanged on the local level from user to vendor directly. Thus, it states, plaintiffs' present explanation of the patents' data exchange functions "overreaches" the parameters of the written description. ECF No. 199 at 38.

2

This argument unfairly narrows the scope of the patents in contravention of the language of the written descriptions themselves. The text of the descriptions both state that

> "key data 15 is not tied to any particular network device 22 and is not automatically transmitted to the network device 22 of the accountholder. Hence, signing up does not trigger key data 15 being transmitted to any network device 22. Software 89 in device 22 is such that entry of authentication data into device 22 causes device 22 to communicate with the appropriate account database 100 and "know" that particular key data 15 is associated with the accountholder that was authenticated."

('905 at 9:63-10:6; '911 at 10:3-13).

This excerpt of the descriptions tells the public that the patents' function is not limited to direct device-to-device exchange, triggered by a physical member-member encounter, but rather that data can be transmitted to an account database. Members may sign up and opt to store the data locally, but this does not eliminate transmitting and storing the data in a central database as well.

The Court's construction of the patents' claims does not preclude this possibility, either. I previously held that the phrase "key data" in Claims 1, 11, and 14 of the '905 patent meant "the information which a member has selected to receive from or transmit to the network database or other members." ECF No. 141 at 5. This definition is expansive enough to include the construction of the '905 patent which uses a database to store information. Similarly, I previously interpreted the phrase "searching [by the search engine] the database for URLs of stationary vendor members in the location history" in the '911 patent as "the search engine searches a database containing the searching individua; member's accumulated 'physical location history' entries for URLs of stationary members." ECF No. 141 at 13. This, too, is broad enough to support the plaintiffs' description of the patent as covering not just direct member-member exchanges, but also information sent to a program-run database.

## III. Conclusion

Both of Google's arguments fail to demonstrate the absence of a material fact to be tried. Accordingly, the motion for summary judgment is denied. The Clerk shall terminate ECF No. 198. The status conference set for September 10, 2024, is adjourned to September 25, 2024, at 2:30 p.m.

SO ORDERED.

Dated: August 22, 2024
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

4