UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHOLEM WEISNER and SHMUEL NEMANOV, <br><br> Plaintiff and Involuntary Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No.: 20-cv-02862-AKH |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GOOGLE LLC'S MOTION FOR RECONSIDERATION UNDER LOCAL CIVIL RULE 6.3**

**TABLE OF CONTENTS**

**Page**

I.   THE COURT OVERLOOKED THAT WEISNER'S ONLY EVIDENCE FOR A LIMITATION PRESENT IN EACH OF THE '905 PATENT CLAIMS CONCERNED A FEATURE THAT WAS REMOVED YEARS BEFORE THE PATENT ISSUED ................................................................................................................. 2

II.  THE COURT OVERLOOKED THAT THE CLAIMS AS CONSTRUED REQUIRE THE TRANSMISSION OR ACCUMULATION OF THE VENDOR MEMBER'S KEY DATA BY THE INDIVIDUAL MEMBER'S DEVICE UPON A PHYSICAL ENCOUNTER ................................................................................................. 3

III. CONCLUSION ........................................................................................................... 6

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Boykins v. Lopez*,
 No. 21-CV-02831 (KMK), 2022 U.S. Dist. LEXIS 209062 (S.D.N.Y. Nov. 17, 2022)...........1

*Celotex Corp. v. Catrett*,
 477 U.S. 317 (1986)...............................................................................................................3

*DeMarini Sports, Inc. v. Worth, Inc.*,
 239 F.3d 1314 (Fed. Cir. 2001)..............................................................................................2

*Exigent Tech., Inc. v. Atrana Sols., Inc.*,
 442 F.3d 1301 (Fed. Cir. 2006)..............................................................................................3

*Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*,
 897 F.2d 508 (Fed. Cir. 1990)................................................................................................3

*Kahn v. Gen. Motors Corp.*,
 135 F.3d 1472 (Fed. Cir. 1998)..............................................................................................2

*Medisim Ltd. v. BestMed LLC*,
 No. 10 Civ. 2463 (SAS), 2012 WL1450420 (S.D.N.Y. Apr. 23, 2012)....................................1

*Schoolcraft v. City of New York*,
 133 F. Supp. 3d 563 (S.D.N.Y. 2015).....................................................................................1

*TechSearch, LLC v. Intel Corp.*,
 286 F.3d 1360 (Fed. Cir. 2002)..............................................................................................2

**STATUTES AND RULES**

35 U.S.C. § 271...........................................................................................................................3

Southern District of New York Local Rule 6.3 ...........................................................................1

Google respectfully requests that the Court reconsider its denial (Dkt. 238) of Google's summary judgment motion. It overlooked at least two matters, each of which "might reasonably be expected to alter the conclusion reached by the court." *Schoolcraft v. City of New York*, 133 F. Supp. 3d 563, 567-68 (S.D.N.Y. 2015) (reinstating claim upon reconsideration because the court had overlooked evidence in defendant's counterclaims) (citations omitted); *see also Boykins v. Lopez*, No. 21-CV-02831 (KMK), 2022 U.S. Dist. LEXIS 209062, at *1 (S.D.N.Y. Nov. 17, 2022) (motion for reconsideration should be granted when "the Court overlooked . . . factual matters that were put before it on the underlying motion" leading to a "need to correct a clear error or prevent manifest injustice") (internal quotation marks omitted).

First, the Court's decision overlooked Plaintiff Weisner's failure of proof for the "ranking" limitation in the '905 patent claims. *See, e.g.,* Dkt. 224 at 2, 31-32;[1] Dkt. 235 at 1, 4-5. Second, the decision refers to "key data" generally (such as a member's own key data) (Dkt. 238 at 2 & 3), but the claims require the individual member's device to transmit or accumulate key data of a **<u>different</u>** member (the **<u>vendor member</u>**)[2] to create location histories. Dkt. 141 at 4, 11. The Court should grant reconsideration to correct these clear errors and prevent manifest injustice. *See Medisim Ltd. v. BestMed LLC*, No. 10 Civ. 2463 (SAS), 2012 WL 1450420, at *1, *2 (S.D.N.Y. Apr. 23, 2012) (granting reconsideration in part based on evidence which the Court found it had not adequately considered when ruling on the original motion); Local Rule 6.3.

---

[1] Google cites to the sealed versions of the parties' briefing instead of the redacted public versions of the same briefs (e.g., it cites to Dkt. 224 instead of Dkt. 199 for Google's Opening Brief). Further, all citations to docket entries herein are to the internal page numbers of the cited document.
[2] The '905 patent claims require the device to transmit the key data; the '911 patent claims require the device to accumulate location histories comprising the key data. Dkt. 141 at 4, 11.

1

I.  **The Court Overlooked that Weisner's Only Evidence for a Limitation Present in Each of the '905 Patent Claims Concerned a Feature That Was Removed Years Before the Patent Issued**

The Court should reconsider its ruling on Google's motion for summary judgment with respect to non-infringement of the '905 patent because the Court's decision (Dkt. 238 at 1) overlooked Weisner's complete failure of proof for the limitation in each of the '905 patent claims requiring "ranking a first stationary member based on the physical location relationship." *See, e.g.*, Dkt. 224 at 2, 31-32; Dkt. 235 at 1, 4-5.  As Google explained in its motion, to show infringement, Weisner must prove that Google's product meets every limitation of the asserted claims.  *See, e.g.*, Dkt. 224 at 13-14 (citing *DeMarini Sports, Inc. v. Worth, Inc.*, 239 F.3d 1314, 1331 (Fed. Cir. 2001) (citations omitted); *Kahn v. Gen. Motors Corp.*, 135 F.3d 1472, 1477-78 (Fed. Cir. 1998).  Accordingly, to defeat Google's motion for summary judgment, Weisner must show a triable issue of fact as to the presence of every limitation in Google's product. *TechSearch, LLC v. Intel Corp.*, 286 F.3d 1360, 1370, 1371-72 (Fed. Cir. 2002) (to survive summary judgment a non-movant must show a genuine dispute of material fact as to "[w]hether the accused device contains an element corresponding to *each* claim limitation," and conclusory or unsupported allegations are insufficient) (emphasis added).  But the only evidence Weisner cited to allegedly satisfy this limitation was a 2015 blog describing Google's "popular with other diners" feature.  It is undisputed that Google deleted the code for that feature in 2017, **two years before the '905 patent issued**.  Dkt. 236 (Combined SOF-Response-Reply)[3] ¶¶ 124-127, 164; Dkt. 202 (Nett Decl.) ¶¶ 2-6; Dkt. 225 (Denning Decl.) ¶¶ 82-83; Dkt. 224 (Google Opening Brief) at 2, 31-32; Dkt. 235 (Google Reply Brief) at 1, 4-5.  It was clear error to overlook this undisputed fact, because

---

[3] For the Court's convenience, when referring to statements of fact, Google cites to Google's Rule 56.1 Reply Statement because it contains Google's original undisputed facts, Plaintiff Weisner's responses thereto, and Google's reply.

2

there can be no infringement outside the term of a patent. Dkt. 224 at 31-32 (citing *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 510 (Fed. Cir. 1990) ("a party cannot be held liable for 'infringement' … of a nonexistent patent"); *see also* 35 U.S.C. §271 (listing acts that if performed "during the term of the patent" constitute infringement)); Dkt. 235 at 4-5.

Reconsideration of Google's motion and a grant of summary judgment of non-infringement for the '905 patent is proper based on Plaintiff Weisner's lack of evidence alone. *See Exigent Tech., Inc. v. Atrana Sols., Inc.*, 442 F.3d 1301, 1308 (Fed. Cir. 2006) (defendant moving for summary judgment meets its burden "by 'showing'— that is, pointing out to the district court— that there is an absence of evidence to support the nonmoving party's case") (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

## II. The Court Overlooked That the Claims as Construed Require the Transmission or Accumulation of the Vendor Member's Key Data by the Individual Member's Device upon a Physical Encounter

The second clear error was overlooking that the claims and the Court's constructions require an **individual member's device** to (1) transmit a **vendor member's key data** to the processing system ('905) or (2) accumulate that same key data on the processing system ('911), as shown below.

| **Claim Phrase** (emphasis in original) | **Court's Constructions** (emphasis added) |
|---|---|
| '905 patent claims 1, 11 and 14<br><br>**"upon a physical encounter between the individual member and a stationary vendor member** of a plurality of stationary vendor members of the member network **[at a physical premises of the stationary vendor member], to transmit key data of the stationary vendor member and of the individual member to the processing system automatically as a result of the physical encounter"** | When an individual who is a member of the network enters the physical business location of a stationary vendor which is also part of the network, that causes an application on the **individual member's device to automatically transmit** to the processing system **the "key data" of the stationary vendor member** and of the individual member. |

3

| **Claim Phrase** (emphasis in original) | **Court's Constructions** (emphasis added) |
|---|---|
| '911 patent claims 1 and 12<br><br>**"accumulate a location history** on a database maintained by the at least one processing system **from physical encounters by the individual member at multiple stationary vendor members upon the mobile communication device being set to enter instances of a physical encounter between the individual member carrying the mobile communication device and the stationary vendor member at a physical premises of the stationary vendor member"** | The device is configured to allow the user to set the **individual member's device to make successive entries automatically to an individual member's log that include key data of a business**, and time, place, and URL, when an individual member physically interacts with a business and at the business's physical location. |

*See* Dkt. 141 at 4, 11; *see also* Dkt. 224 at 6, 7-8, 17-18, 22-23; Dkt. 235 at 5-6, 14-15.  The claims show why one member needs to receive another member's key data during a physical encounter, as reflected in the Court's constructions of "key data" and the location determination terms.  Dkt. 141 at 5, 11-12.  As construed, the individual member's device must send the vendor member's key data to the processing system to create a location history entry for their encounter.  To do so, the device must first receive the vendor member's key data.[4]  The patents describe no other way for an individual member's device to have the vendor member's key data used to create the location history entry.[5]  Dkt. 224 at 2-5, 34-37, 39; Dkt. 235 at 2, 7-8, 26-27; Dkt. 236 (Reply SOF) at ¶¶

---

[4] In denying Google's motion with respect to written description, the Court partially quoted a passage concerning how an individual member might access and know its **own** key data, not the key data of another member.  Dkt. 238 at 3 (citing '905 at 9:63-10:6; '911 at 10:3-13).  The cited passage omits the very next sentence, which explains that a member's device can access the member's account to "know" its **own** key data, and then must "transmit that key data **to another member at short range for entry into the leg history of the recipient individual**."  Dkt. 235 at 26 (citing '905 at 10:6-12; '911 at 10:13-19) (emphasis added).

[5] The Court's construction of the "searching" term of the '911 patent cited in its order (Dkt. 238 at 3) also reinforces Google's point because it refers to searching "a database containing the searching **individual member's** accumulated 'physical location history'" for the URL of the **vendor member**, which only gets accumulated in the individual member's location history by its transmission **from the individual member's device**.  Dkt. 141 at 13 (emphasis added).  Yet the patent only describes the individual member's device having this URL because it was sent from

8, 19-21, 24-25, 59-64, 68-71; Dkt. 225 (Denning Decl.) ¶¶ 35, 37-43, 111-117.  Receiving key data from the vendor member is also required before the positioning system determines the location of the individual member's device under the Court's constructions.  Dkt. 141 at 5, 12; Dkt. 224 at 6-7, 8, 25-27; Dkt. 235 at 8-10, 16; Dkt. 236 (Reply SOF) at ¶¶ 52-56; Dkt. 225 (Denning Decl.) at ¶¶ 94-95, 107-08.

The Court's infringement analysis does not account for these claim requirements and hence misses the key issue: it is undisputed that Google users' devices do not ever receive any vendor member's key data, and therefore Google users' devices can never transmit such vendor data as required by the claims.  Dkt. 235 at 6-8, 14-15; Dkt. 224 at 10-12, 18-24; Dkt. 236 at ¶¶ 92-96, 105-06, 141, 151-52, 154; Dkt. 225 at ¶¶ 86-88, 93, 95 103-05, 108.  The Court's order overlooked this point.  None of the signals referenced in the passages the Court cited (Dkt. 238 at 2) are the **vendor member's** key data.  Dkt. 235 at 6-8, 14-15; Dkt. 224 at 10-12, 18-24; Dkt. 236 at ¶¶ 92-96, 105-06, 141, 151-52, 154; Dkt. 225 at ¶¶ 86-88, 93, 95 103-05, 108.  Without conceding that the signals Google users' devices collect and transmit are anyone's key data, they certainly are not the **vendor member's** key data.  Dkt. 235 at 6-8, 14-15; Dkt. 224 at 10-12, 18-24; Dkt. 236 at ¶¶ 92-96, 105-06, 141, 151-152, 154; Dkt. 225 at ¶¶ 86-88, 93, 95 103-05, 108.  This is far more than a difference in wording.  Dkt. 238 at 2.  No reasonable fact finder could conclude that any of these signals sent from an individual Google user's device to Google could in any way be "information which [**the vendor**] member has selected to receive from or transmit to the network database or other members."  Dkt. 141 at 5 ("key data" construction as applied to a vendor member's key data in the claims).

---

the vendor to the individual member's device (as part of the key data).  Dkt. 224 at 8, 29; Dkt. 235 at 19; Dkt. 225 at ¶ 110.

5

Reconsideration and summary judgment of non-infringement are proper in light of this overlooked point.

## III. Conclusion

Accordingly, Google respectfully requests that the Court reconsider its denial of Google's motion for summary judgment, grant the motion for the reasons above, and dismiss Weisner's Complaint with prejudice.

Dated:  September 5, 2024                                     Respectfully submitted,

FENWICK & WEST LLP


BY: _____
Kevin X. McGann (NY Bar #2842425)
Email: kmcgann@fenwick.com
Daniel Rabinowitz (NY Bar #5549209)
Email: drabinowitz@fenwick.com
Ryan A. Haddad (NY Bar #5850490)
Email: rhaddad@fenwick.com
**FENWICK & WEST LLP**
902 Broadway, Floor 18
New York, NY  10010-6035
Telephone: 212.430.2600

Allen Wang (CA Bar #278953)
*Admitted pro hac vice*
Email: allen.wang@fenwick.com
**FENWICK & WEST LLP**
801 California Street
Mountain View, CA  94041
Telephone: 650.988.8500

*Attorneys for Google LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2024, copies of

**NOTICE OF DEFENDANT GOOGLE LLC'S MOTION FOR RECONSIDERATION UNDER LOCAL CIVIL RULE 6.3; and**

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GOOGLE LLC'S MOTION FOR RECONSIDERATION UNDER LOCAL CIVIL RULE 6.3.**

were served upon the following in the manner indicated:

| | |
|---|---|
| **Jacob Ginsburg**<br>Jacob Ginsburg, Esq. PLLC<br>One Concord Drive<br>Monsey, NY 10952<br>Tel: 845-371-1914<br>Email: jg@jacobginsburglaw.com | *VIA ECF* |
| **Aaron W. Davis** (admitted *Pro Hac Vice*)<br>VALHALLA LEGAL, PLLC<br>P.O. Box 735<br>Custer, SD 57730-0735<br>Tel: 763-957-2397<br>Email: davis@valhallalegal.com | *VIA ECF* |
| **Shmuel Nemanov**<br>1361 St. John's Place<br>Apt. 1-B<br>Brooklyn, NY 11213<br>Email: snemanov@gmail.com | *VIA MAIL AND ELECTRONIC MAIL* |

Kevin X. McGann (NYSB No. 2842425)

7