UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
:
SHOLEM WEISNER and : **ORDER DENYING**
SHMUEL NEMANOV, : **PLAINTIFF SHOLEM**
: **WEISNER'S MOTION FOR**
Plaintiff and Involuntary Plaintiff, : **RECONSIDERATION**
:
-against- :
:
: 20 Civ. 2862 (AKH) (VF)
GOOGLE LLC, :
:
Defendant. :
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

    I deny Plaintiff Sholem Weisner's motion for reconsideration of my prior decision of July 29, 2025, denying his motion to compel discovery (ECF No. 336).

    "A motion for reconsideration is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved." *In re Facebook Inc., IPO Sec. & Derivative Litig.*, 43 F. Supp. 3d 369, 374 (S.D.N.Y. 2014). Moreover, "the standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 41 (2d Cir. 2012).

    Here, Weisner has failed to meet these strictures. Instead, he argues issues raised—and rejected—in his previous motion to compel. The alleged infringements concern only Google's Timeline feature, yet Weisner now seeks new information beyond the scope of his prior motion to compel. Discovery has now closed, and Weisner has shown no good cause for reopening it. As I held in my prior order denying Weisner's original motion to compel (ECF No. 336), granting Weisner's 173 requests for additional discovery would unnecessarily delay the trial set to begin February 2, 2026, and would cause undue expense. Accordingly, I deny Weisner's motion for

1

reconsideration.

    The Clerk of Court shall close ECF No. 361.

    SO ORDERED.

Dated:    September 2, 2025
New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge

2