**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| SHOLEM WEISNER and SHMUEL NEMANOV | ) | |
| | ) | Case No.: 20-cv-02862-AKH |
| Plaintiff and Involuntary Plaintiff | ) | ("*Weisner I*") |
| | ) | Case No.: 23-cv-08186-AKH |
| v. | ) | ("*Weisner II*") |
| | ) | |
| GOOGLE LLC | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| | ) | |

---

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF**
**EMERGENCY MOTION TO VACATE BENCH TRIAL WITH MAGISTRATE JUDGE,**
**OR ALTERNATIVELY, TO STAY THE BENCH TRIAL**

---

Comes the Plaintiff, SHOLEM WEISNER, by and through counsel, and provides the following Memorandum in support of his Emergency Motion to Vacate Bench Trial with Magistrate Judge, or Alternatively, to Stay the Bench Trial.

1

## **TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES……………………………………………………………...ii-iv

INTRODUCTION…………………………………………………………...…..1-2

FACTUAL BACKGROUND…………...…………………………………………….2-6

ARGUMENT………………………………………………………………...…6-16

   I.   It would be Constitutional and Statutory Violations for a Magistrate Judge to hold a bench trial without Plaintiff's consent……………………………………….6-14

   II.   Having a Magistrate Judge be the finder of fact in a trial without Plaintiff's consent would also be a violation of the Seventh Amendment………………………15-16

CONCLUSION……………………………………..………………………………..16-17

## TABLE OF AUTHORITIES

**Cases:**                                                                                              **Page(s)**

*Argo Turboserve Corp. v. Aero Excel Components, LLC,*
    No. 18CIV489GBDGWG, 2018 WL 6521592 (S.D.N.Y. Dec. 12, 2018)………………..11

*Avocent Redmond Corp. v. Raritan Americas, Inc.,*
    921 F. Supp. 2d 229 (S.D.N.Y. 2013)……………………………………………………..15

*Azzarmi v. 55 Fulton Mkt.,*
    No. 20CIV6835GBDBCM, 2023 WL 5148253 (S.D.N.Y. Aug. 10, 2023)………………11

*Bankers Life & Cas. Co. v. Holland,*
    346 U.S. 379 (1953)……………………………………………………………………...16

*Beacon Theatres, Inc. v. Westover,*
    359 U.S. 500 (1959)……………………………………………………………....……16

*Brown v. Duchesne,*
    19 How. 183 (1856)……………………………………………………………...……13

*Cage v. Harper,*
    No. 17-CV-7621, 2020 WL 1248685 (N.D. Ill. Mar. 16, 2020)………………...…10, 13

*Commodity Futures Trading Comm'n v. Schor,*
    478 U.S. 833 (1986)………………………………………………………………….9

*Consolidated Fruit–Jar Co. v. Wright,*
    94 U.S. 92 (1876)…………………………………………………………….……13

*Fla. Prepaid Postsecondary Educ. Expense Bd. v. Coll. Sav. Bank,*
    527 U.S. 627 (1999)…………………………………………………………...……13

*Flex-Rest, LLC v. Steelcase, Inc.,*
    455 F.3d 1351 (Fed. Cir. 2006)……………………………………………...……15

*Gomez v. United States,*
    490 U.S. 858 (1989)…………………………………………………………8, 9, 10, 14

*Gonzalez v. United States,*
    553 U.S. 242 (2008)……………………………………………………7, 8, 9, 14

*Holder v. Holder,*
    392 F.3d 1009 (9th Cir. 2004)……………………………………………...…..11

*Kingsdown Med. Consultants, Ltd. v. Hollister, Inc.*,
    863 F.2d 867 (Fed.Cir.1988)……………………………………………………..15

*La Buy v. Howes Leather Co.*,
    352 U.S. 249 (1957)……………………………………………………..……16

*McGinnis v. Crissell*,
    No. 913CV1538LEKDJS, 2018 WL 3970668 (N.D.N.Y. Aug. 20, 2018)………………11

*Modine Mfg. Co. v. Allen Group, Inc.*,
    917 F.2d 538 (Fed.Cir.1990)……………………………………………………….6

*Mullane v. Central Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950)…………………………………………………………….....11

*Northern Pipeline Const. Co. v. Marathon Pipe Line Co.*,
    458 U.S. 50 (1982)……………………………………………………………12, 16

*Pacemaker Diagnostic Clinic of Am., Inc. v. Instromedix, Inc.*,
    712 F.2d 1305 (9th Cir.)……………………………………………………..13

*Pacemaker Diagnostic Clinic of Am., Inc. v. Instromedix, Inc.*,
    725 F.2d 537 (9th Cir. 1984)…………………………………………..……10, 13

*Peretz v. United States*,
    501 U.S. 923 (1991)………………………………………………...…..8, 9

*United States v. Raddatz*,
    447 U.S. 667 (1980)………………………………………………..……11, 12

*Roche v. Evaporated Milk Ass'n*,
    319 U.S. 21 (1943)…………………………………………………….……16

*Schlagenhauf v. Holder*,
    379 U.S. 104 (1964)…………………………………………………...……16

*Telcor, Inc. v. Recoton Corp.*,
    No. 89 CIV. 6032 (LLS), 1991 WL 275498 (S.D.N.Y. Dec. 18, 1991)……………..…7, 15

*Velasquez v. Metro Fuel Oil Corp.*,
    12 F. Supp. 3d 387 (E.D.N.Y. 2014)………………………………………….…9

*Wellness Int'l Network, Ltd. v. Sharif*,
    575 U.S. 665 (2015)……………………………………………………...…..9

*Yates v. United States*,
    574 U.S. 528 (2015)……………………………………………………………………..10

**Rules:**                                                                                    **Page(s)**

Fed.R.Civ.P. 39(c)(1)……………………………………………………………..……15

Fed.R.Civ.P. 72…………………………………………………………..……*passim*

Fed.R.Civ.P. 73…………………………………………………………...……9, 12

**Statutes:**                                                                                 **Page(s)**

28 U.S.C. § 636………………………………………………………………..*passim*

42 USC § 1997e(a)…………………………………………………………...…..11

**<u>INTRODUCTION</u>**

This Emergency Motion is filed to protect two fundamental Constitutional (Seventh Amendment and Article III) <u>and</u> statutory rights: that a magistrate judge, without the consent of all parties, may not conduct a bench trial on the merits of affirmative defenses that are dispositive of Plaintiff's claims—specifically, Google's equitable defenses of inequitable conduct and prosecution laches (collectively, "Google' Affirmative Defenses"). The governing law, including 28 U.S.C. § 636 and the Supreme Court's consistent jurisprudence interpreting Article III of the Constitution, makes clear that magistrate judges may not conduct civil trials—bench or jury—without the express consent of all parties. Plaintiff has not consented.

Plaintiff never waived his right to a jury to *any judge* other than Judge Hellerstein – and certainly not a magistrate judge – to conduct a bench trial and decide the issues of fact related to Google's Affirmative Defenses, in which Google attempts to deprive Plaintiffs' patent property rights by discriminating against Plaintiff's sensitive medical conditions. Plaintiff was willing to have Judge Hellerstein, who is intimately familiar with the history of this case and the parties involved, adjudicate these sensitive medical issues—which are protected under the American with Disabilities Act—in a bench trial, should one be necessary. But in the absence of Judge Hellerstein presiding, Plaintiff invokes his Seventh Amendment right to have a jury determine all issues of fact—especially those involving such personal subject matter—with equitable determinations to follow thereafter by the District Judge in a post-trial opinion. To proceed otherwise would not only violate Plaintiff's statutory and constitutional rights but would impose substantial and irreparable prejudice.

Despite these objections, and without explanation as to the legal authority permitting it, the Magistrate Judge now proposes to proceed with what has been repeatedly recognized as a "bench

trial," while deferring issuance of her Report and Recommendation until *after* conducting that proceeding. Such a course of action disregards both the statutory limits of 28 U.S.C. § 636 and well-settled precedent requiring consent before a magistrate judge may conduct a civil trial on the merits. That proposed procedure impermissibly removes a dispute over private rights—here, patent-based property rights and their alleged misuse—from the adjudication of an Article III judge, in clear violation of law.

Accordingly, Plaintiff respectfully requests that the bench trial scheduled by the Magistrate Judge be vacated, that any factual issues be determined either by Judge Hellerstein or a jury, and that Plaintiff's statutory and constitutional rights be preserved. Anything less would violate fundamental principles of due process and Article III, and would massively prejudice Plaintiff in the most personal and impermissible ways.

## FACTUAL BACKGROUND

On July 15, 2025, this Court entered a scheduling order that set the briefing schedule for motion for summary judgment as to Google's affirmative defenses of inequitable conduct and prosecution.  ECF 318.  In that same Order, the Court also set September 11, 2025 for a bench trial "on factual issues pertaining to this motion, if necessary."  *Id*.

On August 26, 2025, the Court designated the magistrate judge to provide a "Report & Recommendations" on the cross-motions, and hand-wrote "evidentiary hearing if appropriate." ECF 393 (emphasis added). On that same day, the Court issued another prepared order, included the wording, "and any ***bench trial*** that may be appropriate." ECF 392 (emphasis added).

On August 27, 2025, the parties participated in a teleconference with Magistrate Judge Figueredo.  During that call, the Magistrate Judge stated that if she issued a Report and Recommendation that there were issues of fact precluding summary judgment for either party, that

she did not believe that she could hold a bench trial without the parties' consent.  She also stated that she would issue her R&R before the trial.  Google contended during the call that the Magistrate Judge ***could*** conduct the trial without the parties' consent but the Magistrate Judge disagreed, stating that she had checked with colleagues and she could not hold a bench trial without the parties' consent.  Therefore, in advance of issuing her R&R, she asked the parties to inform her whether they would both consent to a bench trial with her.  One day after the call, <u>Plaintiff respectfully informed the Magistrate Judge that he did not consent</u>. Ex. 1 at 3/8.  Plaintiff therefore believed that matter was resolved: that no bench trial would be held by the Magistrate Judge because she did not have the parties' necessary consent to proceed.

But Google thereafter emailed an unsolicited and erroneous analysis to the Magistrate Judge, contending that the Magistrate Judge could hold an "evidentiary hearing" without consent. Ex. 1 at 2.  Plaintiff objected to that unsolicited submission, stating that Google was incorrect but if the Magistrate Judge wanted briefing or further submissions on the issue, Plaintiff was ready to supply them.  Ex. 1 at 1.  No such submissions were requested.

Weeks later, on September 16, 2025, without addressing or explaining how the Magistrate Judge could proceed without Plaintiff's consent, Plaintiff was contacted by the Magistrate Judge's chambers about scheduling a bench trial in October or November 2025 with the Magistrate Judge. Ex. 2.  Plaintiff reiterated his decision to not consent to a bench trial with the Magistrate Judge. On September 16, 2025, the Magistrate Judge set "[a] conference in this matter to discuss the bench trial to be held on October 21-23, 2025."  ECF 408.  Two days later, on September 18, 2025, Plaintiff promptly contacted Google to schedule a meet and confer on the issues raised in this Emergency Motion.  Ex. 3 at 3-4/4.  And Plaintiff has worked to propose a solution that make a joint letter undisputed.  (Ex. 4 at 1/6.)  Google has rejected Plaintiff's attempt to resolve this issue

with further Court intervention, why ever giving a reason why it does not want Plaintiff to have his Constitutional and statutory rights respected.  But this is really not an issue with Google.  It is about Plaintiff having his Constitutional and statutory rights infringed upon.

Furthermore, Plaintiff has been prejudiced by the Magistrate Judge acting against her own ruling that she could not hold a bench trial without consent.  Within hours of finding out that the Magistrate Judge started hinting at the possibility that she may be acting against her own prior ruling that she couldn't hold the bench trial, Plaintiff has acted diligently.

To that end, on September 22, 2025, the first day Google was available, the parties met and conferred to discuss the bench trial being set in front of the Magistrate Judge.  During the call, Professor Dershowitz asked Google to provide a reason why it was objecting to Plaintiff's request to have Judge Hellerstein conduct the bench trial.  Plaintiff has not received any reason from Google or any Court why his right to a bench trial with an Article III Judge should be denied.  Professor Dershowitz followed up, asking if the District Court agreed that any bench trial should be conducted by him, would Google object.  In other words, without any real objection from Google, why couldn't this be a joint request to have Judge Hellerstein handle the bench trial?  Google would not answer the question, only stating that it would consider it after receiving Plaintiff's portion of a joint-letter.  Plaintiff also noted that he had a constitutional right to a trial from an Article III Judge, and that Judge Hellerstein was familiar with the parties, including Mr. Weisner and Mr. Nemanov, and the full and lengthy proceedings in this case.  <u>But the most critical issue is that Plaintiff has a Constitutional right to a bench trial with the District Judge</u>.  (See Declaration of Aaron W. Davis ("Davis Decl."), ¶ 7.)

During the conference call on September 25, 2025 on the bench trial (ECF 408), the Magistrate Judge stated that she believes there were "factual issues" on the summary-judgment

motions, but now that she would not issue her Report and Recommendation until *after* the bench trial. Plaintiff objected to that procedure, as such a procedure exceeds the authority of a magistrate judge as it turns a summary-judgment R&R into a bench trial ruling. It also deprives Plaintiff of the opportunity to show in his objections to a pre-trial Report and Recommendation that Plaintiff should in fact prevail on his summary-judgment motion and no bench trial is needed at all. (Davis Decl., ¶ 8.)

When Professor Dershowitz asked again during the conference call about whether Google would object if the District Court agreed that the bench trial should proceed with him, Google refused to answer the question unless directed to by the Magistrate Judge. Professor Dershowitz asked the Magistrate Judge to ask Google to respond to his question, as it would help narrow the dispute. But the Magistrate Judge stated she didn't want to get into it. Plaintiff again raised his objections to a magistrate judge trying the case again during the conference call, with the Magistrate Judge confirming that these were serious issues but that she was not the one who could make that decision, without explaining why she was going against her first ruling that she could only proceed with the parties' consent. She then directed the parties to file a submission with the District Court by no later than September 29, 2025. Plaintiff also noted for the record that, respectfully, he intended to appeal the matter further if his right to a trial by the District Court was not recognized. During the hearing, the Magistrate Judge informed the parties that she would tell Judge Hellerstein that this issue would be submitted to him today (on 9/29). (Davis Decl., ¶ 9.)

Nonetheless, the day after the hearing, one business day ago, on September 26, 2025, the Magistrate Judge issued an Order (ECF 409) setting a bench trial on Google's Affirmative Defenses, for October 21-23, 2025. Because of that issuance, which Plaintiff understood would not issue (if at all) until after Judge Hellerstein addressed these issues, Plaintiff had no choice but

to start the process of filing a petition for writ of mandamus to address these issues with the appropriate appellate court   Plaintiff hopes that this Court will remedy these issues before the filing of such petition is necessary.

Critically, based on the nature of the pending summary-judgment motions and the claims, there is both a statutory and a constitutional basis for finding that <u>it is not appropriate</u> for a magistrate judge to conduct anything that resembles a bench trial (either by its form or its practical effect).  Therefore, any bench trial on Google's Affirmative Defenses should be, as a matter of right, heard by Judge Hellerstein. If Judge Hellerstein's calendar will not permit that to occur before the February 2, 2026, jury trial, then the factual issues should be decided by the jury, with the equitable determinations made by Judge Hellerstein post-trial.  But under no circumstances is it Constitutionally or statutorily proper for a magistrate judgment to conduct a bench trial on Google's Affirmative Defenses without Plaintiff's consent.   Accordingly, Plaintiff files this Emergency Motion to seek vindication of his fundamental rights.

<u>**ARGUMENT**</u>

I.     **It would be Constitutional and Statutory Violations for a Magistrate Judge to hold a bench trial without Plaintiff's consent.**

As a matter of federal law, the ultimate issues presented by the instant cross-motions (on Google's affirmative defenses of inequitable conduct and prosecution laches (collectively, "Google's Affirmative Defenses")) require the District Court to decide the equitable issues for final disposition. *See Modine Mfg. Co. v. Allen Group, Inc.*, 917 F.2d 538, 541 (Fed.Cir.1990), cert. denied, 500 U.S. 918, 111 S.Ct. 2017, 114 L.Ed.2d 103 (1991) ("The ultimate question of inequitable conduct is committed to the discretion of the district court"). During the status conference before the Court on July 15, 2025, the parties and the Court were in agreement that Google's affirmative defenses present equitable issues for "***a bench trial*** … rather than a jury

6

issue." *Weisner II*, ECF 140, at 9:8-11:7 (emphasis added). The Court expressed the need to "get it resolved before the trial because there should not be any evidence of this nature before the jury deciding the patent trial." *Id.*, 9:23-25.[1] The Court's Order Regulating Proceedings (dated July 15, 2025) reflected that oral arguments were originally scheduled to be heard on the cross-motions on August 27, with "[a] ***bench trial*** on factual issues" to follow, "if necessary." ECF 318 (emphasis added). <u>Therefore, the record clearly establishes that, should any further evidence be required in</u> <u>order to determine these issues, the parties and the Court all consider the same to constitute "***a***</u> <u>***bench trial***" on issues not triable to the jury</u>.

A magistrate judge is not authorized pursuant to 28 USC § 636(b)(1)(B) or Rule 72(b)(1) to conduct a bench trial without consent of the parties. There is no statutory authority for the district judge to refer the matter to the magistrate judge, under § 636(b), without the consent of the parties, to conduct a bench trial on the merits of the affirmative defenses, even if the district judge retains the obligation to accept or reject her report and recommendations. The only authority for such a referral is specifically in reference to "***pretrial***" matters (even if those may be "dispositive").

In *Gonzalez v. United States*, 553 U.S. 242 (2008), the Supreme Court succinctly listed the only statutorily permissible functions of a magistrate judge. These include, when designated by the district judge: (1) To hear and determine "any ***pretrial matter*** pending before the district court, with the exception of certain specified motions;[2] (2) To "conduct hearings and propose

---

[1] Judge Hellerstein did not provide a legal basis for not wanting "evidence of this nature" to be presented during the jury trial. Indeed, courts often allow the presentation of all the facts in a jury trial, while reserving judgment on the equitable issues for post-trial determination (based on specific factual determinations made by the jury). See, e.g., *Telcor, Inc. v. Recoton Corp.*, No. 89 CIV. 6032 (LLS), 1991 WL 275498 (S.D.N.Y. Dec. 18, 1991) (Jury found that alleged infringer had failed to prove by clear and convincing evidence that patentee did not read the patent applications before signing them, or failed to disclose material prior art, or intended to deceive the patent examiner by withholding prior art references; therefore, the court dismissed the affirmative defense following trial).

[2] The *Gonzalez* Court did not specifically reference § (b)(1)(A) of the statute with this sentence, but this portion of the decision quotes that subdivision.

recommendations for ***those motions***, applications for post-trial criminal relief, and conditions of confinement petitions" (with reference to 28 U.S.C. § 636(b)(1));[3] and, (3) "<u>If the parties consent</u>, they may conduct misdemeanor criminal trials and ***civil trials***" (with reference to § 636(a)(3)). *Id*., at 245 (emphasis added). Accordingly, the magistrate's statutory authority to "conduct hearings and propose recommendations" under § (b)(1)(B) of the statute is expressly limited to "***those motions***" specifically excepted in § (b)(1)(A) of the statute.[4] Beyond those specified statutory functions, § 636(b)(3) states, "A magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." The Court in *Gonzalez* clearly cautioned that, "The general, nonspecific terms of [§ 636(b)(3)], preceded by text that sets out permissible duties in more precise terms, constitute a residual or general category that must not be interpreted in terms so expansive that the paragraph overshadows all that goes before." *Id*., at 245. Plaintiff submits that any proposed "bench trial" conducted by the magistrate judge in this matter would constitute such an impermissible "expansion" of § 636 authority.

The balance of the *Gonzalez* decision, with specific references to the Court's prior opinions in *Gomez v. United States*, 490 U.S. 858 (1989) and *Peretz v. United States*, 501 U.S. 923 (1991), clearly refers to any function other than those specified in §§ (b)(1)(A) and (B) as "the magistrate judge's ***expanded jurisdiction***." *Gonzalez*, 553 U.S. at 245 (emphasis added). Considering the delegated task of selecting a trial jury, the Court began its analysis by noting that "a critical limitation on [such] expanded jurisdiction <u>is consent</u>." *Id*. (emphasis added). With reference to

---

[3] While the Court referenced § (b)(1) of the statute for this function, the Court actually quoted the specific language found in §(b)(1)(B).

[4] These excepted motions include "a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." 28 U.S.C. § 636(b)(1)(A).

*Gomez* and *Peretz*, the Court later enunciated that, "The entitlement to an Article III adjudicator is a 'personal right' and thus ordinarily 'subject to waiver.'" *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 678 (2015) (*quoting its opinion in Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833 at 848 (1986).

As Google asserted in an email (Ex. 1 at 2-3/8), both the statute and the corresponding rule authorize the magistrate judge to conduct "evidentiary hearings" before issuing a report and recommendations related to dispositive motions. But as delineated with purpose in *Gonzalez*, both 28 USC § 636(b)(1) and Rule 72(b)(1)[5] authorize such designation <u>only</u> with respect to "any ***pretrial*** matter." 553 U.S. at 245. Indeed, every case relied upon by Google involved only such pretrial or other matters specifically excepted in § (b)(1)(A) of the statute–not the conduct of a bench trial as to ultimate issues of fact and law (even though they may "dispose of" the entire case). 28 USC § 636 only authorizes magistrate judges to conduct "***trials***" without consent when appropriate under 18 USC § 3401 (dealing with misdemeanor criminal offenses and certain probation violations). 28 USC § 636(a)(3). In contrast with 28 USC § 636(b)(1(B) and Rule 72(b)(1), "consent of the parties is required for proceedings under § 636(c) and Rule 73, which authorize a magistrate judge to ***preside over entire civil actions, including <u>conducting trial</u>*** and ordering the entry of judgment in a case." *Velasquez v. Metro Fuel Oil Corp*., 12 F. Supp. 3d 387, 398–99 (E.D.N.Y. 2014) (emphasis added).  But to preside over a civil trial, consent of all parties must be obtained first, which it has <u>not</u> in this case.

The fact that Congress specifically chose to delineate between the magistrate judge's authority to "hear and determine ***pretrial matters***," to "conduct ***trials***," and to "conduct ***any or all***

---

[5] The Advisory Committee Notes to Rule 72 specifically note that subdivision (b) of the rule "governs court-ordered referrals of dispositive pretrial matters and prisoner petitions challenging conditions of confinement, pursuant to statutory authorization in 28 U.S.C. § 636(b)(1)(B)."

*proceedings* in a jury or nonjury civil matter" in the various subdivisions of 28 U.S.C. § 636 cannot be said to have been accidental, as "it is a "fundamental principle of statutory construction … that the meaning of a word cannot be determined in isolation, but must be drawn from the context in which it is used." *Yates v. United States*, 574 U.S. 528, 537 (2015). Indeed, interpreting this very statute, the Supreme Court has held that, "It is our settled policy to avoid an interpretation of a federal statute that engenders constitutional issues if a reasonable alternative interpretation poses no constitutional question." *Gomez*, 490 U.S. at 864.

Congress "gave explicit consideration to the issue of constitutionality" in the drafting of the statute. *Pacemaker Diagnostic Clinic of Am., Inc. v. Instromedix, Inc.*, 725 F.2d 537, 542 (9th Cir. 1984) (Holding that only **consent by the parties** cures a constitutional defect in the exercise of authority by a magistrate judge). As explained in a lengthy analysis concerning a magistrate judge's authority, the Northern District of Illinois quoted from the testimony of Judge Charles M. Metzner[6] at a 1976 hearing before the Committee on the Judiciary for the United States Senate on July 16, 1976.[7] Judge Metzner explained to Congress that the magistrate judge's authority was intentionally constrained in 28 USC § 636 "to avoid the possible constitutional objection that only an article III judge may ultimately determine the litigation." *Cage v. Harper*, No. 17-CV-7621, 2020 WL 1248685, at *3–4 (N.D. Ill. Mar. 16, 2020).

Tellingly, none of the cases relied upon by Google hold that a magistrate judge may be designated, without consent of the parties, to conduct a trial on the merits of a claim. Rather, every authority Google cites, and every authority Plaintiff can locate, is limited to the function of hearing

---

[6] United States District Court for the Southern District of New York, and chairman of the Judicial Conference Committee on the Administration of the Federal Magistrate System.

[7] *Cage v. Harper*, No. 17-CV-7621, 2020 WL 1248685, at *3–4 (N.D. Ill. Mar. 16, 2020) (quoting Jurisdiction of United States Magistrates, Subcomm. on Improvements in Judicial Machinery of the Comm. on the Judiciary, 6 (July 16, 1975)).

and determining those ***pretrial*** and other matters specifically excepted in § 636(b)(1)A) of the statute (even if it involves the conduct of an evidentiary hearing).[8]

*United States v. Raddatz*, 447 U.S. 667 (1980) involved a ruling on a ***pretrial*** suppression motion in a criminal prosecution, one of the specific "pretrial matter[s]" excepted for complete referral to a magistrate by § 636(b)(1)(B). *Id*., at 669. Answering a due process based constitutional challenge to the statute, the Court pointed out that Raddatz was still free to present evidence at a subsequent trial (in an attempt to persuade the jury that his confession was not, in fact, voluntary), and that the evidentiary rules in a suppression hearing were more lenient than at trial, finally concluding that, "the process due at a suppression hearing may be less demanding and elaborate than the protections accorded the defendant at the trial itself." *Id*., at 679. Therefore, an implicit distinguishing factor between *Raddatz* and the case at bar is that Raddatz would still be given a trial on the merits under an Article III judge following the function delegated to the magistrate judge. Having noted that "the interests underlying" a suppression hearing versus those implicated in a subsequent trial on "guilt or innocence" were different, the *Raddatz* Court saw fit to repeat that the guarantees of due process call for a "hearing appropriate to the nature of the case." *Id*., at 677 (*quoting Mullane v. Central Hanover Bank & Trust Co*., 339 U.S. 306, 313 (1950).

---

[8] *Argo Turboserve Corp. v. Aero Excel Components, LLC*, No. 18CIV489GBDGWG, 2018 WL 6521592 (S.D.N.Y. Dec. 12, 2018) involved an inquest on damages following entry of default judgment by the Court (noting the determination on damages can even be made without a hearing). *Id*., at *2. *Holder v. Holder*, 392 F.3d 1009 (9th Cir. 2004) involved an evidentiary hearing on a child custody petition filed under the Hague Convention (to determine the "threshold issue" of whether the children had been wrongfully removed from Germany to the U.S.). *Id*., at 1013. In *Azzarmi v. 55 Fulton Mkt*., No. 20CIV6835GBDBCM, 2023 WL 5148253 (S.D.N.Y. Aug. 10, 2023), the Article III judge only directed the magistrate judge to take testimony from undeposed declarants of unsworn affidavits to "determine whether [those] witnesses … [are] available for trial and can provide testimony at trial that is consistent with their unsworn declarations." *Id*., at *6. In *McGinnis v. Crissell*, No. 913CV1538LEKDJS, 2018 WL 3970668 (N.D.N.Y. Aug. 20, 2018), the Article III judge referred a magistrate judge to conduct an evidentiary hearing to determine whether the inmate/plaintiff had exhausted his administrative remedies. *Id*., at *3. However, under the PLRA (42 USC § 1997e(a)), exhaustion of administrative remedies is a jurisdictional requirement. *Id*., at *7.

11

If the Magistrate Judge in this matter conducts any evidentiary hearing and subsequently renders a report and recommendation as to Google's Affirmative Defenses, neither § 636(b)(1) nor Rule 72 requires a *de novo* evidentiary hearing before the district judge. To the contrary, the Court is authorized to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," and "***may*** also receive further evidence" in its discretion. 28 U.S.C.A. § 636(b)(1) (emphasis added). Google argues that *Raddatz* permits the Magistrate Judge to do so in this case "so long as the ultimate decision is made by the district court." *Quoting Raddatz*, 447 U.S. at 683. Yet, as later specifically delineated by the Supreme Court in declaring the Bankruptcy Act of 1978 unconstitutional, *Raddatz* was decided on the basis that "the ultimate decision-making authority respecting all ***pretrial motions*** clearly remained with the district court." *Northern Pipeline Const. Co. v. Marathon Pipe Line Co*., 458 U.S. 50, 79 (1982) (emphasis added). Neither the Supreme Court nor any other federal court has ever held that *Raddatz* stands for the proposition that a trial ***on the merits*** may be conducted by a magistrate judge, without the consent of the parties. Plaintiff submits this has never happened because the only authority for doing so is found within § 636(c)[9] and its corollary in Rule 73.[10]

The reason no court has ever deprived a litigant of a trial on the merits by a magistrate judge, without consent, is rooted in Article III of the Constitution. The Supreme Court has consistently held that matters involving "private rights" may not "be removed from Art. III courts" because they "lie at the core of the historically recognized judicial power." *Northern Pipeline*, 458

---

[9] Notwithstanding any provision of law to the contrary--(1) Upon the consent of the parties, a full-time United States magistrate judge or a part-time United States magistrate judge who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves. 28 U.S.C.A. § 636(c).

[10] When authorized under 28 U.S.C. § 636(c), a magistrate judge may, if all parties consent, conduct a civil action or proceeding, including a jury or nonjury trial. Fed. R. Civ. P. 73(a).

U.S. at 70. Patents have long been considered a species of property. *See Brown v. Duchesne*, 19 How. 183, 197, 15 L.Ed. 595 (1856) ("For, by the laws of the United States, the rights of a party under a patent are his private property"); *cf., Consolidated Fruit–Jar Co. v. Wright,* 94 U.S. 92, 96, 24 L.Ed. 68 (1876) ("A patent for an invention is as much property as a patent for land"). As such, they are surely included within the "property" of which no person may be deprived by a State without due process of law. *Fla. Prepaid Postsecondary Educ. Expense Bd. v. Coll. Sav. Bank*, 527 U.S. 627, 642, 119 S. Ct. 2199, 2208, 144 L. Ed. 2d 575 (1999). Then sitting as a judge on the Ninth Circuit, Judge Kennedy held that the rights involved in that patent case inarguably fell within those requiring determination by Article III judges. *Pacemaker Diagnostic*, 725 F.2d at 541.[11] Plaintiff has a constitutional right to have his property rights decided by the Article III Judge, not a magistrate judge.

This is consistent with Judge Metzner's explanation to Congress, as referenced in *Cage v. Harper* (*supra*), the explicit limiting language of 28 U.S.C. § 636, and the fact that the Supreme Court has only approved of magistrate judges conducting evidentiary hearings (and issuing a report and recommendations) in those enunciated ***pretrial matters*** specifically excluded in § 636(b)(1)(A). For the Magistrate Judge in this matter to conduct any evidentiary hearings or bench trials related to the cross-motions on Google's Affirmative Defenses would be tantamount to ultimately determining the litigation because the District Judge would not be ***required*** to conduct its own hearing or trial before making a *de novo* determination whether to accept or reject the Magistrate Judge's recommendation. Such would both exceed the statutory authority of a

---

[11] Although *Pacemaker Diagnostic* reviewed a trial on the merits of patent claims by a magistrate judge with consent of the parties, the constitutional implications were of such importance that a previous panel of the Ninth Circuit raised the issue *sua sponte* in *Pacemaker Diagnostic Clinic of Am., Inc. v. Instromedix, Inc.*, 712 F.2d 1305 (9th Cir.). Later, writing for the majority of the Ninth Circuit sitting *en banc*, Judge Kennedy found the magistrate's conduct of a trial constitutional <u>solely because the parties had consented</u>. 725 F.2d at 547.

magistrate judge, and would grossly offend Article III by impermissibly removing a matter involving private rights from an Article III judge.

It matters not that the District Court would ultimately retain the duty and authority to enter any final judgment, because the procedure authorizing that scheme is specifically limited to "***those pretrial matters***." *Gonzalez*, 553 U.S. at 245. According to the "settled policy" of the Supreme Court, this Court must interpret and apply § 636 so as to avoid "engender[ing] constitutional issues if a reasonable alternative interpretation poses no constitutional question." *Gomez*, 490 U.S. at 864. For all of the reasons stated hereinabove, a plain reading of the cases that Plaintiff's "interpretation" – which fundamentally differs from Google's – is the one the Court must adopt and apply, specifically to avoid any constitutional injury.

The record is clear that the parties and the Court considered that if any additional evidence was needed on these issues, the taking of that evidence would constitute a "***bench trial***" on issues not triable to the jury. Without the consent of the parties, the Magistrate Judge may not be designated to conduct any "trial" on Google's Affirmative Defenses (even if it is called an "evidentiary hearing"). There is no statutory authority for doing so because § 636(b)(1)(B) only pertains to those ***pretrial matters*** excepted in (b)(1)(A). A bench trial on issues not triable to the jury is <u>not</u> a pretrial matter, even if currently framed in the context of cross-motions for summary judgment, and even though the Court may desire that the issue be decided <u>before</u> the jury trial commences. The statutory powers enumerated in the various sections of § 636 are intentionally segregated so as not to deprive Plaintiff his constitutional right to have private matters such as this one determined by an Article III judge. Without his consent, if these issues are to be decided other than on the pleadings, Plaintiff, respectfully, has a right for the issues to be decided in a trial conducted by an Article III judge, which the Magistrate Judge is not.

14

## II.     Having a Magistrate Judge be the finder of fact in a trial without Plaintiff's consent would also be a violation of the Seventh Amendment.

The Seventh Amendment of the Constitution also requires that in suits at common law, the right to trial by jury "shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any court of the United States." When read together with Article III of the Constitution, it is clear that the framers of the Constitution solely authorized Article III Courts to conduct trials, absent the consent of the parties.

As noted above, there is no legal basis for a trial on these affirmative defenses to be conducted before a jury trial on all other issues. Some courts conduct a bench trial on these issues before any jury trial, if the issues cannot be resolved on the summary judgment pleadings, as was done (for example) in *Avocent Redmond Corp. v. Raritan Americas, Inc.*, 921 F. Supp. 2d 229, 231 (S.D.N.Y. 2013) (With the Court issuing both findings of fact and conclusions of law). Still, some elect to present all the evidence to a jury, seeking jury determinations on fact questions underlying the equitable issues, and rendering judgment on the equitable issues post-trial, as was done (for example) in *Telcor, Inc. v. Recoton Corp.*, No. 89 CIV 6032 (LLS), 1991 WL 275498 (S.D.N.Y. Dec. 18, 1991) (Jury found that alleged infringer had failed to prove by clear and convincing evidence the facts underlying inequitable conduct; therefore, the court dismissed the affirmative defense following trial).

Thus, while it is clear that "inequitable conduct is an equitable issue committed to the discretion of the trial court (*see Kingsdown Med. Consultants, Ltd. v. Hollister, Inc.*, 863 F.2d 867, 876 (Fed.Cir.1988)), the Federal Circuit has specifically approved of trying the entire matter to a jury, with the Court determining equitable conduct afterwards. *See Flex-Rest, LLC v. Steelcase, Inc.*, 455 F.3d 1351 (Fed. Cir. 2006). Fed.R.Civ.P. 39(c)(1) also specifically allows the Court to "try any issue with an advisory jury," and it has long been held that, "under the Federal Rules the

same court may try both legal and equitable causes in the same action." *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 508 (1959). What matters most, and cannot be ignored, in a case involving both legal and equitable causes, is the fundamental right of a party to have the legal claims tried to a jury. *Beacon Theatres*, 359 U.S. at 504.

Matters of private rights simply may not be removed from Article III courts, because they "lie at the core of the historically recognized judicial power." *Northern Pipeline Const. Co. v. Marathon Pipe Line Co*., 458 U.S. 50, 70 (1982). For an Article III judge to delegate authority to hear a matter properly before it amounts to "an abdication of the judicial function depriving the parties of a trial before the court on the basic issues involved in the litigation." *La Buy v. Howes Leather Co*., 352 U.S. 249, 256 (1957). Employing a rule of procedure in a manner inconsistent with the power granted thereunder can also cause a trial court to "exceed[] the court's Congressional mandate under the Rules Enabling Act." *Schlagenhauf v. Holder*, 379 U.S. 104, 109 (1964). In either event, review of such an order on a petition for mandamus is appropriate in order to "confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953) (*quoting Roche v. Evaporated Milk Ass'n*, 319 U.S. 21 at 26 (1943)).

## <u>CONCLUSION</u>

Plaintiff never waived his right to a jury to *any judge* other than Judge Hellerstein – and certainly not a magistrate judge – to conduct a bench trial and decide the issues of fact related to Google's Affirmative Defenses, in which Google attempts to deprive Plaintiffs' patent property rights by discriminating against Plaintiff's sensitive medical conditions.  Plaintiff was willing to have <u>Judge Hellerstein only</u> decide the factual issues related to Google's Affirmative Defenses due to the Court's familiarity with the parties, and because of the sensitive nature of the medical

conditions at issue.  But Plaintiff never consented to having a magistrate judge or any other judge decide those issues.  Therefore, if Judge Hellerstein is not going to decide the factual issues, Plaintiff demands his Seventh Amendment right for the factual issues to be decided by a jury along with the other case issues, with Judge Hellerstein making the equitable determinations in an opinion post-trial.  To deprive Plaintiff of his Constitutional and statutory rights is extremely prejudicial to Plaintiff, which cannot stand.

Therefore, Plaintiff respectfully requests that:

(1) the Magistrate Judge's Order (ECF 409) setting a bench trial on Google's Affirmative Defenses be vacated, or alternatively that the bench trial be stayed;

(2) the Magistrate Judge's Report and Recommendation be promptly issued so that the parties can proceed with filing their objections and responses, pursuant to Fed. R. Civ. P. 72(b);

(3) Plaintiff be granted his right to a jury trial on all issues of fact, including those related to Google's Affiramtive Defenses, during the February 2, 2026 trial ("Jury Trial"), with the jury finding the facts and Judge Hellerstein making the equitable determinations on Google's Affirmative Defenses in a post-trial opinion, thus mooting the need for any separate bench trial; **or**

(4) if Plaintiff's request for the bench trial with the Magistrate Judge to be vacated is denied, the Court stay all proceedings related to the bench trial only pending the outcome of that appeal process, as Plaintiff intends to file a writ of prohibition on these important Constitutional- and statutory-right issues to the appropriate appellate court.  The jury trial set to begin February 2, 2026 would proceed as scheduled.

To be totally transparent, Plaintiff respectfully notes that he is presently working on a writ of prohibition on these issues, and will file it yet this week if the infringement of his Constitutional and statutory rights is not remedied by the Court.

Dated: September 29, 2025        Respectfully Submitted,

*/s/ Aaron W. Davis*     .
Aaron W. Davis, Esq. (admitted *Pro Hac Vice*)
VALHALLA LEGAL, PLLC
P.O. Box 735
Custer, SD 57730-0735
Phone: (763) 957-2397
Email: davis@valhallalegal.com

Jacob Ginsburg, Esq.
JACOB GINSBURG, ESQ. PLLC
One Concord Drive
Monsey, NY 10952
Phone: (845) 371-1914
Email: jg@jacobginsburglaw.com

Of Counsel on Legal Issues:
Alan M. Dershowitz, Esq. (admitted *Pro Hac Vice*)
1500 Ocean Drive
Miami Beach, FL 33139
Email: alandersh@gmail.com

*Attorneys for Plaintiff Sholem Weisner*

18

**CERTIFICATE OF SERVICE:**

This will certify that a true and accurate copy of the foregoing was filed and served electronically on all counsel of record via the Court's CM/ECF system, on this the 29th day of September, 2025.

/s/ Aaron W. Davis_____.
*Attorney for Plaintiff, Sholem Weisner*