UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
SHOLEM WEISNER and
SHMUEL NEMANOV,

      Plaintiff and Involuntary Plaintiff,

-against-

GOOGLE LLC,

                               Defendant.
------------------------------------------------------------ x

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO VACATE REFERRAL TO MAGISTRATE JUDGE**

20 Civ. 2862 (AKH) (VF)

ALVIN K. HELLERSTEIN, U.S.D.J.:

    Plaintiff Sholem Weisner moves, on an "emergency" basis, to vacate my referral of the parties' cross-motions for summary judgment on Defendant Google's affirmative defenses to U.S. Magistrate Judge Valerie Figueredo.[1] Specifically, Google seeks judgment on the equitable defenses of prosecution laches and inequitable conduct, and Weisner seeks to strike them from Google's Answer. Since my referral is permissible under the statute and the United States Constitution, I deny Weisner's motion in its entirety.

## BACKGROUND

    In this patent infringement action, both parties have cross-moved for summary judgment on Google's affirmative defenses of inequitable conduct and prosecution laches. *See* ECF Nos. 339, 342. At the status conference of July 15, 2025, in declaring their intent to cross-move for summary judgment, the parties represented that the motions could be resolved on the papers, as a matter of law, without the need to determine issues of material fact, and agreed that if factual

---

[1] Plaintiff contends that during a teleconference on August 27, 2025, Magistrate Judge Figueredo "rul[ed] that she could not hold a bench trial without consent." ECF No. 411 at 9. I understand that this is a misrepresentation, and that Magistrate Judge Figueredo made no such ruling. All she stated was that she could not issue an opinion and order without the parties' consent.

1

disputes existed as to Google's equitable defenses, they should be resolved by a bench trial, rather than through a jury trial. *See* Tr. of July 15, 2025 Stat. Conf. at 4-5, 9, 11; *see also Modine Mfg. Co. v. Allen Grp., Inc.*, 917 F.2d 538, 541 (Fed. Cir. 1990) ("The ultimate question of whether inequitable conduct occurred is equitable in nature, committed to the discretion of the trial court"). Indeed, in the patent context, courts routinely resolve motions for summary judgment on equitable affirmative defenses, including prosecution laches and inequitable conduct, through bench trials. *See, e.g., Cancer Research Tech. Ltd. v. Barr Labs., Inc.*, 625 F.3d 724, 727 (Fed. Cir. 2010); *Agfa Corp. v. Creo Prods.*, 451 F.3d 1366, 1375 (Fed. Cir. 2006); *Regeneron Pharms., Inc. v. Merus N.V.*, 864 F.3d 1343, 1346-47 (Fed. Cir. 2017); *see also* Tr. of July 15, 2025 Stat. Conf. at 9 (Mr. Davis (counsel for Weisner): "[T]here is federal circuit case law that inequitable conduct is an issue for a bench trial. It's an equitable decision rather than a jury issue.").

## DISCUSSION

On August 26, 2025, I referred the summary judgment motions, including any related bench trial of the issues in the motions, if appropriate, to Magistrate Judge Figueredo for her report and recommendation. ECF Nos. 392-93. I did so pursuant to 28 U.S.C. § 636(b)(1)(B)-(C).

This referral comports with the statute governing the jurisdiction of magistrate judges. The statute provides that a district judge may refer dispositive motions to a magistrate judge for a report and recommendation, subject to *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(B)-(C). To this end, the magistrate judge may "conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of contested issues raised at such proceedings. 28 U.S.C. § 636(b)(1)(B).

2

"A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense." Fed. R. Civ. P. 72(b)(1); *see also Argo Turboserve Corp. v. Aero Excel Components, LLC,* 18 Civ. 489, 2018 U.S. Dist. LEXIS 209675, at *4 (S.D.N.Y. Dec. 12, 2018) ("A magistrate judge need not obtain the consent of both parties to decide a matter."). Courts routinely refer dispositive motions for summary judgment to magistrate judges for report and recommendations, including with the directive to hold hearings and take testimony from witnesses, and doing so here does not violate federal law. *See, e.g., Azzarmi v. 55 Fulton Mkt.*, 20 Civ. 6835, 2023 U.S. Dist. LEXIS 139341, at *10-14 (S.D.N.Y. Aug. 10, 2023) (recommitting referral of summary judgment motions to magistrate judge "to hold an evidentiary hearing at which Plaintiffs witnesses . . . are to appear and give sworn testimony under oath."); *McGinnis v. Crissell,* 13 Civ. 1538, 2018 U.S. Dist. LEXIS 140559, at *7 (N.D.N.Y. Aug. 20, 2018) (referring motion for summary judgment to magistrate judge to "conduct an evidentiary hearing").

Contrary to Weisner's contentions, my referral does not violate Article III of the United States Constitution. *See United States v. Raddatz,* 447 U.S. 667, 683-84 (1980). In *Raddatz,* the Supreme Court held that a district judge may constitutionally refer dispositive motions—including any related evidentiary hearings—to a magistrate judge, subject to *de novo* review by the presiding district judge. *Id.* In so holding, the Court rejected "the contention that the judge is required to rehear the contested testimony in order to carry out the statutory command to make the required 'determination'" since it is "clear that on these dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing." *Id.* at 674. Such "delegation does not violate Art. III so long as the ultimate decision is made by the district court" in its *de novo* review. *Id.* at 683.

3

Finally, since the parties' motions concern equitable defenses, Weisner's Seventh Amendment right to a jury trial is not infringed by a determination of these issues via bench trial. *See, e.g., Agfa Corp.*, 451 F.3d at 1375 ("This court has consistently treated inequitable conduct as an equitable defense that may be adjudicated by the trial court without a jury."); *Granfinanciera v. Nordberg*, 492 U.S. 33, 41-42 (1989) (the Seventh Amendment does not provide a right to a jury trial on equitable claims).

## CONCLUSION

Based on the foregoing, I deny Weisner's motion to vacate my referral of the parties' summary judgment motions to Magistrate Figueredo. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), I shall conduct a *de novo* review of Magistrate Judge Figueredo's report and recommendation.

The Clerk of Court shall terminate ECF No. 410.

SO ORDERED.

Dated: October __/__, 2025
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge