Case 1:20-cv-02862-AKH-VF  Document 183  Filed 10/15/2025  Page 1 of 4
Case: 26-120   Document: 10   Page: 1   Filed: 10/15/2025

1:20-cv-02862-AKH-VF

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Oct 15, 2025

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**In Re SHOLEM WEISNER,**
*Petitioner*

2026-100

On Petition for Writ of Mandamus to the United States District Court for the Southern District of New York in No. 1:20-cv-02862-AKH-VF, Judge Alvin K. Hellerstein.

## ON PETITION AND MOTION

Before DYK, LINN, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

### O R D E R

Sholem Weisner petitions for a writ of mandamus seeking to set aside a district court order referring certain issues to a magistrate judge, who has scheduled proceedings to begin October 21, 2025. Google LLC opposes. We deny the petition.[1]

---

[1] Mr. Weisner also moves to stay the proceedings pending resolution of this petition, which we deny as moot.

In the underlying patent infringement case, Mr. Weisner and Google cross-moved for summary judgment on Google's affirmative defenses of inequitable conduct and prosecution laches. Without the consent of the parties, the district court referred those "motions, and any bench trial that may be appropriate, to [a magistrate judge], for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B)–(C)." Dkt. No. 392 at 1; *see* Dkt. No. 414 at 2 (noting the court "referred the summary judgment motions, including any related bench trial of the issues in the motions," to the magistrate judge). The magistrate judge has scheduled proceedings for October 21–23, 2025, which she has referred to as a "bench trial." Dkt. No. 408 at 1. Mr. Weisner petitions this court to set aside the referral, arguing the magistrate judge lacks authority to hold a trial on the merits of Google's affirmative defenses.

A petitioner seeking the extraordinary remedy of mandamus must show: (1) "no other adequate means to attain the relief he desires," (2) a "clear and indisputable" right to relief, and (3) the writ is "appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (cleaned up). To begin, Mr. Weisner has failed to demonstrate the inadequacy of an appeal (if necessary) following final judgment, *see Bankers Life & Cas. Co. v. Holland,* 346 U.S. 379, 383 (1953), and while mandamus may be available in rare circumstances when immediate intervention is necessary to assure proper judicial administration, the petition fails to identify any "basic, unsettled, recurring legal issues over which there is considerable litigation producing disparate results," *In re Micron Tech., Inc.,* 875 F.3d 1091, 1095 (Fed. Cir. 2017).[2]

---

[2] Indeed, Mr. Weisner concedes he has not identified any other case where this issue has arisen.

Nor has Mr. Weisner shown a clear and indisputable right to relief. To be sure, some courts have concluded that magistrate judges typically lack "the authority to perform fact-finding on the merits of [a] case because that function is the essence of a trial, and magistrate judges cannot conduct trials without the parties' consent." *Beazer E., Inc. v. Mead Corp.*, 412 F.3d 429, 439 (3d Cir. 2005) (citing *Banks v. United States*, 614 F.2d 95, 97 (6th Cir. 1980)).[3] But here it is far from clear and indisputable that the magistrate judge will conduct the upcoming proceedings, regarding cross-motions for summary judgment, in a manner that would exceed her statutory authority. *See* § 636(b)(1)(B) (permitting magistrate judges "to conduct hearings" regarding motions for summary judgment); *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 511–12 & n.17 (11th Cir. 1990).

Accordingly,

---

[3]  *See also* 12 Wright & Miller's Federal Practice and Procedure § 3068.1 (3d ed. 2025) ("[A]bsent consent of the parties, the magistrate judge cannot conduct a trial." (citing Fed. R. Civ. P. 72)); *but cf. Ford v. Estelle,* 740 F.2d 374, 380 (5th Cir. 1984).

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied, and the motion for a stay is denied as moot.

FOR THE COURT

October 15, 2025
Date

Jarrett B. Perlow
Clerk of Court

cc: United States District Court for the Southern District of New York