**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHOLEM WEISNER, <br><br>            Plaintiff, <br><br>      v. <br><br> GOOGLE LLC and SHMUEL NEMANOV, <br><br>            Defendants. | Civil Action No. 20-cv-02862-AKH <br> ("*Weisner I*") <br> Civil Action No. 23-cv-08186-AKH <br> ("*Weisner II*") |

**GOOGLE'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO VACATE**
**TRIAL DEADLINES AND SHORTEN BRIEFING SCHEDULE**

*Motion Denied.*
*Trial Dates are not changed.*

*12-9-25*

*[signature]*

On October 21, 2025, the parties conducted an evidentiary hearing on Google's summary judgment Motions. Dkt. 448. Following the hearing, on November 21, 2025, Magistrate Judge Figueredo issued a Report and Recommendation ("R&R") recommending that Plaintiff's suit be dismissed with prejudice for multiple independent reasons.[1] Dkt. 450. In view of that case-dispositive recommendation, Google respectfully requests that the Court vacate the quickly approaching February 2, 2026 trial date and associated January 27, 2026 pre-trial conference date, so that the Court and parties can avoid unnecessary burdens and expenses.

To avoid unnecessary expenses, courts have vacated pending deadlines after a potentially dispositive R&R. *See, e.g.,* Ex. A, *Cook v. Creany et al.,* Case No. 13-cv-01792, Dkt. 42 (D. Col. Aug. 7, 2014). The power to do so lies well within the Court's inherent authority, as well as under Fed. R. Civ. P. 16(b)(4). *See, e.g., Muench Photography, Inc. v. Houghton Mifflin Harcourt Pub. Co.,* No. 09 CIV. 2669 LAP, 2015 WL 4757601, at *3 (S.D.N.Y. Aug. 12, 2015).

Here, if the deadlines are not vacated, Google would need to spend considerable resources continuing to draft, and promptly filing, summary judgment and *Daubert* motions so that they would be fully briefed and resolved before the February 2, 2025 trial date. Google would similarly need to make arrangements for fact witnesses, experts, jury consultants, travel, and graphics support, which would result in considerable burden and expense. Plaintiff would no doubt incur its own considerable burden and expense. That is why Google asked Plaintiff nearly two weeks ago if he would agree to vacate the trial date "to avoid the Parties incurring additional fees and

---

[1] Judge Figueredo recommended finding that the Asserted Patents are "unenforceable under the inequitable conduct doctrine" due to: 1) "Weisner's . . . intent to deceive the PTO"; and 2) "Dr. Friedman's intent to deceive the PTO." Dkt. 450 at 84. Judge Figueredo further recommended 3) dismissing the case with prejudice under Fed. R. Civ. P. 41(b) because Mr. Weisner's failed to comply with an order to appear at the evidentiary hearing and acted in bad faith. *Id.* at 101.

2

costs." Almost two weeks later, and after repeated follow-ups from Google, Plaintiff confirmed it opposed this motion.

Finally, to the extent the Court believes any briefing on this request is necessary, in the interest of resolving this issue promptly, Google respectfully asks that Plaintiff's deadline to respond be shortened to three days.

For the foregoing reasons, Google respectfully requests the Court vacate the January 27, 2026 pretrial conference and February 2, 2026 jury trial dates and shorten Plaintiff's deadline to respond to this request to three days.

Dated: December 8, 2025

Respectfully submitted,

**DESMARAIS LLP**

By: */s/ Michael R. Rhodes*
    Karim Z. Oussayef (NY Bar #4681334)
    Email: koussayef@desmaraisllp.com
    Jamie L. Kringstein (NY Bar #5318928)
    Email: jkringstein@desmaraisllp.com
    Ashley DaBiere (NY Bar #6117766)
    Email: adabiere@desmaraisllp.com
    **DESMARAIS LLP**
    230 Park Avenue, 26th Floor
    New York, NY 10169
    Tel: (212) 351-3400
    Fax: (212) 351-3401

    Michael R. Rhodes (NY Bar #5379961)
    Email: mrhodes@desmaraisllp.com
    Kevin J. Gu (admitted *pro hac vice*)
    Email: kgu@desmaraisllp.com
    **DESMARAIS LLP**
    101 California Street, Suite 3000
    San Francisco, CA 94111
    Tel: (415) 573-1900
    Fax: (415) 573-1901

    *Attorneys for Google LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was filed electronically on December 8, 2025. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system.

/s/ Michael R. Rhodes
Michael R. Rhodes